RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER, YOO
   & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: RB@LNBYG.com; JPF@LNBYG.com;

Attorneys for Subchapter V Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re:<br><br>HOLOGENIX, LLC,<br><br>       Debtor and Debtor in Possession. | Case No.: 2:20-bk-13849-BR<br><br>Subchapter V of Chapter 11<br><br>**Application of Hologenix, LLC to Employ Windes, Inc. as Tax Accountant Under 11 U.S.C. §§ 327(a), 330, & 331; Declaration of Douglas Beaver in Support Thereof**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |
|---|---|

      Hologenix, LLC (the "**Debtor**"), the Subchapter V debtor and debtor in possession in the above-captioned bankruptcy case, submits this application (the "**Application**") for approval of its employment of **Windes, Inc.** as its tax accountant,[1] with such employment effective as of March 3, 2025, upon the terms and conditions described below.

      In support of this Application, the Debtor respectfully represents as follows:

**A.**    **General Background**

    1.    The Debtor commenced its bankruptcy case by filing a voluntary petition under

---

[1] The Debtor initially engaged The Colony Group, LLC as its accountant and later employed M&G Partners, LLP in place of The Colony Group.  The Colony Group's employment was approved by order entered on October 2, 2020. (DE 344)  M&G Partners' employment was approved by order entered on March 23, 2022.  (DE 549.)  The Debtor is no longer using M&G as its accountant.

Subchapter V of Chapter 11 of the Bankruptcy Code (11 U.S.C. §§ 101-1532) on April 22, 2020, (the "**Petition Date**"). The Debtor is a small business debtor as defined by 11 U.S.C. § 1182(1).

2. The United States Trustee (the "**UST**") appointed Gregory Jones as the subchapter V trustee (the "**Trustee**") pursuant to 11 U.S.C. § 1183(a).

3. The Debtor continues to manage its financial affairs, operate its business, and administer its bankruptcy estate as a debtor in possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code.

4. The Debtor was formed as a Delaware limited liability company in 2002.

5. The Debtor is a Los Angeles based company with its main office in Los Angeles, California, and has approximately 23 employees and independent contractors.

6. The Debtor's business is the scientific development and manufacture of a product for use in various consumer products, including, but not limited to, athletic wear, athleisure wear, and bedding. The Debtor's primary product is "Celliant," which is a thermo-reactive ceramic mineral compound that when applied or embedded into textiles generates Infrared radiation (IR) to improve the health and wellness of the user. The Debtor holds several registered patents in the United States Patent and Trademark Office ("**USPTO**") for Celliant and the Debtor's other products.

7. The Debtor has multiple major commercial clients that purchase Celliant and other products to use in their athletic wear and other products, which are then sold through various regular channels of commerce to the consumer public.

**B.    The Debtor's 2022 Plan of Reorganization**

8. On June 2, 2020, the Debtor filed its Subchapter V plan (the "**2020 Plan**"). (ECF 83.) On October 6, 2020, the Court held a hearing and confirmed the Debtor's 2020 Plan, and on October 28, 2020, the Court signed and entered the order confirming the 2020 Plan (DE 248). On November 2, 2020, MET filed a notice of appeal of the 2020 Plan confirmation order (DE 254). On September 27, 2021, the District Court vacated the order confirming the

2

2020 Plan and remanded for further proceedings. (DE 420 and 421 (DE 62 (20-CV-10109 FMO)).)

9. The Debtor timely filed its new Subchapter V reorganization plan on January 4, 2022 (the "**2022 Plan**"). (DE 452.) The Debtor filed a modified plan (the "**Modified Plan**") on June 21, 2022 and after a 2-day evidentiary hearing on August 9 and 10, 2022, obtained an amended order confirming the Modified Plan on December 6, 2022. (DE 848.)

10. MET filed a notice of appeal from the original confirmation order on October 13, 2022. (DE 765.) On March 29, 2024, the District Court reversed the amended confirmation order and remanded for further proceedings. (DE 97 & 98 (2:22-CV-07510-FMO); DE 946 & 947.)

11. The Debtor filed a notice of appeal from the District Court's reversal of the Modified Plan confirmation order to the Ninth Circuit (DE 99 (2:22-CV-07510-FMO); DE 957) on April 30, 2024. On June 6, 2024, the Debtor filed a contested motion for permission to appeal from the District Court appellate ruling to the extent it might be interlocutory (DE 105). On May 31 2024, the Ninth Circuit ordered briefing on whether the appeal was from a final judgment and stayed all other briefing. (DE 5 (24-02881).). On March 6, 2025, the Ninth Circuit issued an order for briefing on the appeal to go forward. The District Court denied without prejudice the Debtor's motion for permission to appeal from an interlocutory order (DE 109 ((2:22-CV-07510-FMO)) on the grounds that the pending appeal before the Ninth Circuit had divested the District Court of jurisdiction.

**C.    Employment and Compensation of Tax Accountant**

12. The Debtor seeks to employ Windes as its tax accountant pursuant to 11 U.S.C. § 327(a) at the expense of the Debtor's bankruptcy estate. The Debtor seeks to employ Windes to prepare the Debtor's informational tax returns and any related extensions, beginning with the 2024 tax year, and advising the Debtor on tax matters which may arise in connection with the Debtor's business and bankruptcy case.

13. Subsection 327(a) provides in pertinent part that a debtor in possession "may

3

employ… accountants… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in carrying out the [debtor in possession's] duties under this title." 11 U.S.C. § 327(a).

14. Windes is an accounting firm that provides tax planning, consulting, and compliance (including tax credit studies) services as well as business advisory, audit, assurance, employee benefits services, estate and trust planning, cybersecurity, client accounting services (fractional CFO, Controller, bookkeeping), business value acceleration and exit planning, executive recruiting, human resources consulting, and merger and acquisition strategies services. Windes will provide accounting and bookkeeping services only to the extent necessary to prepare the informational income tax returns and upon prior approval of the Debtor.

15. Windes has 24 partners and more than 200 professionals in offices located in Long Beach, Irvine, and Los Angeles in California and Dayton, Ohio (and a back-office operation in the Philippines). Douglas Beaver is a partner in Windes' Irvine office and the professional primarily responsible for this engagement. Mr. Beaver is a certified public accountant in Windes' tax department and is licensed to practice in the State of California. His experience ranges from tax planning for publicly traded companies to compliance for small family-owned business and corporations, including S corporations, partnerships, and LLCs. Other Windes professionals that the Debtor and Windes expect to work on the engagement are Sean Long, Jonathon Peterson, and Emma Mehus, all of whom are qualified to assist in the preparation of the Debtor's informational tax returns.

16. Windes charges for its services at hourly rates measured in increments of tenths of an hour. The schedule of Windes' hourly rates to prepare the informational tax returns is as follows:

```
Partner/Director ...................................... $450 - $550
Manager/Senior Manager ...................... $225 - $425
Senior Accountant ................................. $155 - $205
Staff Accountant ................................... $135 - $160
```

17. Windes will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by Windes during the previous month.

4

18. The Application will govern the Debtor's retention of Windes for this engagement.

19. Windes understands the provisions of 11 U.S.C. §§ 327, 330, and 331 which require, among other things, Court approval of the Debtor's employment of Windes as tax accountant and of all fees and reimbursement of expenses that Windes will receive from the Debtor or the Debtor's estate. Windes seeks to be employed pursuant to 11 U.S.C. § 327(a) with its compensation to be governed by 11 U.S.C. § 330. In accordance with 11 U.S.C. §§ 330, 331, Windes will seek Court approval of its fees and expenses.

20. The Debtor and Windes believe and assert that the employment of Windes is in the best interest of the estate. Furthermore, the Debtor and Windes believe and assert that Windes is disinterested and does not represent or hold any interest adverse to the Debtor or to the estate.

21. Windes has no prepetition claim against the Debtor.

22. Windes has not received any lien or other interest in property of the Debtor or of a third party to secure payment of Windes' fees or expenses for this engagement.

23. Windes has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its partners and employees.

24. Windes is not an equity security holder or an insider of the Debtor.

25. Neither Windes nor any member of Windes is, nor was, within two years before the Petition Date, a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor.

26. To the best of Windes' knowledge, Windes does not hold or represent any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

27. To the best of Windes' knowledge, other than as set forth in this Application, Windes has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States

Trustee, or any person employed by the United States Trustee.

28. Windes has been employed by the Debtor's CEO, Seth Casden, to prepare his federal and state income tax returns. Windes prepared Mr. Casden's 2023 tax returns and will prepare his 2024 tax returns.

29. Mr. Casden is a prepetition creditor of the Debtor as a holder of convertible notes issued by the Debtor, a postpetition creditor of the Debtor as its CEO and counterparty to his employment agreement with the Debtor, and an equity security holder of the Debtor as one of its members. Windes has not provided and will not provide any advice or services to Mr. Casden with respect to any claims Mr. Casden has or may have against the Debtor, whether as a creditor, contract counterparty, member, or otherwise.

30. Mr. Casden commenced his own reorganization case under Chapter 11 on October 23, 2023, entitled *In re Seth Casden*, Case No. 2:23-bk-16904-BR (the "**Casden Reorganization Case**"). In the Casden Reorganization Case, Mr. Casden did not schedule or otherwise list any claims by the Debtor against him nor has the Debtor filed or asserted any claims against Mr. Casden or his Chapter 11 estate. Windes has not and will not be providing any advice or services to the Debtor with respect to any claims it might have against Mr. Casden or his Chapter 11 estate.

31. Neither the Debtor nor Windes believe that its tax services for Mr. Casden are a conflict of interest prohibiting its employment by the Debtor to prepare its informational tax returns.

32. If Windes performs a service that is required by both the Debtor and Mr. Casden, as between Windes and each of the Debtor and Mr. Casden and so that the time is billed only once, Windes will (a) bill its time to the Debtor and not to Mr. Casden or (b) split the charge equally between the two, as is customary for the type of service at issue in the good-faith judgment of Windes. Notwithstanding the foregoing sentence and any billing decision by Windes, as between the Debtor and Mr. Casden, the ultimate responsibility for those fees and costs, if any, will remain subject to allocation between the two parties and their bankruptcy estates as appropriate. Windes will not be involved in any such allocation (other than to identify

6

any service that is required by both the Debtor and Mr. Casden).

33. The Debtor believes that its employment of Windes upon the terms and conditions set forth herein is in the best interest of the Debtor's estate.

**WHEREFORE**, the Debtor respectfully requests that the Court approve the Debtor's employment of Windes as its tax accountant, effective as of March 3, 2025 upon the terms and conditions set forth above.

Dated: June 2, 2025

HOLOGENIX, LLC

By: *Seth Casden*

Seth Casden
It Chief Executive Officer

Respectfully submitted by:

By: */s/ John-Patrick M. Fritz*
    Ron Bender
    John-Patrick M. Fritz
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
Attorneys for Subchapter V Debtor and Debtor in Possession

# **Declaration of Douglas Beaver**

I, Douglas Beaver, declare:

1. If called as a witness, I would and could competently testify to all facts within my personal knowledge except where stated upon information or belief. Capitalized terms not otherwise defined in this declaration have the same meaning ascribed to those terms in the application to which this declaration is attached (the "**Application**").

2. I am a partner at Windes, Inc. ("**Windes**") in its tax department. I am a certified public accountant licensed to practice in the State of California.

3. Windes is an accounting firm that provides tax planning, consulting, and compliance (including tax credit studies) services as well as business advisory, audit, assurance, employee benefits services, estate and trust planning, cybersecurity, client accounting services (fractional CFO, Controller, bookkeeping), business value acceleration and exit planning, executive recruiting, human resources consulting, and merger and acquisition strategies services. Windes will provide accounting and bookkeeping services only to the extent necessary to prepare the informational income tax returns and upon prior approval of the Debtor.

4. Windes has 24 partners and more than 200 professionals in offices located in Long Beach, Irvine, and Los Angeles in California and Dayton, Ohio (and a back-office operation in the Philippines). I am the professional primarily responsible for this engagement. My experience ranges from tax planning for publicly traded companies to compliance for small family-owned business and corporations, including S corporations, partnerships, and LLCs. More information about myself and Windes can be located at: https://windes.com/about/windes-leadership/douglas-beaver-cpa-mbt/

5. The Debtor has employed Windes (subject to Court approval) to prepare the Debtor's informational tax returns and any related extensions, beginning with the 2024 tax year, and advising the Debtor on tax matters which may arise in connection with the Debtor's business and bankruptcy case. The Debtor must file informational tax returns under both federal and California law.

6. Windes charges for its services at hourly rates measured in increments of tenths of

an hour. The schedule of Windes' hourly rates to prepare the informational tax returns is as follows:

```
Partner/Director ..................................... $450 - $550
Manager/Senior Manager ....................... $225 - $425
Senior Accountant ................................. $155 - $205
Staff Accountant ................................... $135 - $160
```

7. Windes will provide monthly billing statements to the Debtor that will set forth the amount of fees incurred and expenses advanced by Windes during the previous month.

8. The Application will govern the Debtor's retention of Windes for this engagement.

9. Windes understands the provisions of 11 U.S.C. §§ 327, 330, and 331 which require, among other things, Court approval of the Debtor's employment of Windes as tax accountant and of all fees and reimbursement of expenses that Windes will receive from the Debtor or the Debtor's estate. Windes seeks to be employed pursuant to 11 U.S.C. § 327(a) with its compensation to be governed by 11 U.S.C. § 330. In accordance with 11 U.S.C. §§ 330, 331, Windes will seek Court approval of its fees and expenses.

10. I believe and assert that the Debtor's employment of Windes is in the best interest of the estate.

11. I believe and assert that Windes is disinterested as that term is defined in 11 U.S.C. § 101(14) and does not represent or hold any interest adverse to the Debtor or to the estate. Windes investigated disinterestedness by reviewing its database and records for prior connections with the Debtor, creditors, and other relevant parties on a list that was provided by the Debtor's bankruptcy counsel.

12. Windes has no prepetition claim against the Debtor.

13. Windes has not received any lien or other interest in property of the Debtor or of a third party to secure payment of Windes' fees or expenses for this engagement.

14. Windes has not shared or agreed to share its compensation for representing the Debtor with any other person or entity, except among its partners and employees.

15. Windes is not an equity security holder or an insider of the Debtor.

9

16. Neither Windes nor any member of Windes is, nor was, within two years before the Petition Date, a director, officer, or employee of the Debtor or of any investment banker for any security of the Debtor.

17. To the best of my knowledge, Windes does not hold or represent any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

18. To the best of my knowledge, other than as set forth in this Application, Windes has no prior connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case, or their respective attorneys or accountants, the United States Trustee, or any person employed by the United States Trustee.

19. Windes has been employed by the Debtor's CEO, Seth Casden, to prepare his federal and state income tax returns. Windes prepared Mr. Casden's 2023 tax returns and will prepare his 2024 tax returns.

20. I have been informed that Mr. Casden is a prepetition creditor of the Debtor as a holder of convertible notes issued by the Debtor, a postpetition creditor of the Debtor as its CEO and counterparty to his employment agreement with the Debtor, and an equity security holder of the Debtor as one of its members. Windes has not provided and will not provide any advice or services to Mr. Casden with respect to any claim or interest Mr. Casden has or may have against the Debtor or its estate, whether as a creditor, contract counterparty, member, or otherwise.

21. I understand that Mr. Casden commenced his own Chapter 11 reorganization case on October 23, 2023, entitled *In re Seth Casden*, Case No. 2:23-bk-16904-BR (the "**Casden Reorganization Case**"). I have been informed that in the Casden Reorganization Case, Mr. Casden did not schedule or otherwise list any claims by the Debtor against him nor has the Debtor filed or asserted any claims against Mr. Casden or his Chapter 11 estate. Windes has not provided and will not be providing any advice or services to the Debtor with respect to any claim or interest it might have against Mr. Casden or his Chapter 11 estate.

22. I believe and assert that Windes' tax services for Mr. Casden are not a conflict of

interest prohibiting Windes' employment by the Debtor to prepare the Debtor's informational tax returns.

23. If Windes performs a service that is required by both the Debtor and Mr. Casden, as between Windes and each of the Debtor and Mr. Casden and so that the time is billed only once, Windes will (a) bill its time to the Debtor and not to Mr. Casden or (b) split the charge equally between the two, as is customary for the type of service at issue in the good-faith judgment of Windes. I understand that notwithstanding the foregoing sentence or billing decision by Windes, as between the Debtor and Mr. Casden, the ultimate responsibility for those fees and costs, if any, will remain subject to allocation between the two parties and their bankruptcy estates as appropriate. Windes will not be involved in any such allocation (other than to identify any service that is required by both the Debtor and Mr. Casden).

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on June 2, 2025, at Irvine, California.

_____
DOUGLAS BEAVER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Application of Hologenix, LLC to Employ Windes, Inc. as Tax Accountant Under 11 U.S.C. §§ 327(a), 330, & 331; Declaration of Douglas Beaver in Support Thereof** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 2, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold    tma@lnbyg.com
- Ron Bender    rb@lnbyg.com
- Thomas E Butler    butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Theodore W Frank    frank@psmlawyers.com, knarfdet@gmail.com;navarro@parkermillsllp.com
- John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
- Brian T Harvey    bharvey@buchalter.com, docket@buchalter.com;dbodkin@buchalter.com
- Gregory Kent Jones (TR)    gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Raffi Khatchadourian    raffi@hemar-rousso.com
- Tinho Mang    tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- Ron Maroko    ron.maroko@usdoj.gov
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
- Carmela Pagay    ctp@lnbyg.com
- Yvonne Ramirez-Browning    yvonne@browninglawgroup.com, veronica@browninglawgroup.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- James R Selth    jselth@yahoo.com, jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- Zev Shechtman    Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Heidi J Sorvino    sorvinoh@whiteandwilliams.com, millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whiteandwilliams.com;butlert@whiteandwilliams.com
- Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com
- Annie Y Stoops    annie.stoops@afslaw.com, yvonne.li@afslaw.com;mia.ferguson@afslaw.com
- Nicole Sullivan    sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com

1

- Derrick Talerico   dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov
- Larry D Webb   Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- David Wood   dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**2. SERVED BY UNITED STATES MAIL**:
On July 2, 2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 2, 2025  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 2, 2025 | Rebecka Merritt | /s/ Rebecka Merritt |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

2