| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RON BENDER (State Bar No. 143364)<br>JOHN-PATRICK M. FRITZ (State Bar No. 245240)<br>ROBERT M. CARRASCO (State Bar No. 334642)<br>LEVENE, NEALE, BENDER, YOO<br>  & GOLUBCHIK L.L.P.<br>2818 La Cienega Avenue<br>Los Angeles, California 90034<br>Telephone:  (310) 229-1234; Facsimile:   (310) 229-1244<br>Email: RB@LNBYG.com; JPF@LNBYG.com;<br>RMC@LNBYG.COM<br><br>☐  *Movant(s) appearing without an attorney*<br>☒  *Attorney for Movant(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>HOLOGENIX, LLC | CASE NO.: 2:20-bk-13849-BR<br>CHAPTER: 11 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 12/11/2025    Movant(s) filed a motion or application (Motion) entitled: Debtor's Motion to Approve Compromise Under Rule 9019 [Dkt. No. 1118]

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 12/11/2025    Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17   days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 12/29/2025          /s/ Robert M. Carrasco
                          Signature


                          Robert Carrasco
                          Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2          **F 9013-1.2.NO.REQUEST.HEARING.DEC**

RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
ROBERT M. CARRASCO (State Bar No. 334642)
LEVENE, NEALE, BENDER, YOO
  & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: RB@LNBYG.com; JPF@LNBYG.com; RMC@LNBYG.COM

Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:20-bk-13849-BR |
| HOLOGENIX, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | Subchapter V |
| | **DEBTOR'S MOTION TO APPROVE COMPROMISE UNDER RULE 9019** |
| | [Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9013-1(o)(1)] |
| | [No Hearing Required] |

Hologenix, LLC, Subchapter V debtor and debtor in possession herein (the "Debtor"), hereby moves the Court (the "Motion") for an order in the form attached hereto as **Exhibit 1**: Authorizing the Debtor to enter into that certain "Confidential Settlement Agreement and Release of All Claims" (the "Agreement") between the Debtor and Lyndsey White ("Claimant"). Claimant and Debtor are referred to collectively as the "Parties".

A copy of the Agreement is attached as **Exhibit 2** to the Declaration of Seth Casden (the "Casden Declaration") filed in support of this Motion. The Agreement is also supported by the declaration of Ashton Riley, Esq. (the "Riley Declaration"), of Fisher & Phillips LLP, special labor and employment counsel to the Debtor.

The Agreement is the result of arms-length negotiations between the Parties and is in the best interest of the estate. The Agreement resolves all claims among the Parties. For the reasons discussed below, the Agreement should be approved because it is fair, equitable, reasonable, and in the best interest of the bankruptcy estate.

## ADDITIONAL INFORMATION

The Motion is based under 11 U.S.C. §§ 363, 105(a), Rule 9019 of the Federal Rules of Bankruptcy Procedure, Local Bankruptcy 9019-1, this Motion, the Notice of Motion filed separately, the Memorandum attached hereto, the Casden Declaration and Riley Declaration annexed to this Motion, and the entire record in this case.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

a) granting this Motion in its entirety;

b) approving the Agreement under Bankruptcy Rule 9019;

c) authorizing and directing the Debtor to take all actions necessary to effectuate the terms of the Agreement; and

d) granting such other and further relief just and proper under the circumstances.

Dated: December 11, 2025                    HOLOGENIX, LLC

By: ___*/s/ Robert M. Carrasco* _____
Ron Bender
John-Patrick M. Fritz
Robert M. Carrasco
LEVENE, NEALE, BENDER, YOO &

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOLUBCHIK L.L.P.
Attorneys for Subchapter V Debtor and Debtor in
Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    STATEMENT OF FACTS**

**A.    General Background**

1.    The Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of title 11, sections 101 *et seq.* of the United States Code (the "Bankruptcy Code") on April 22, 2020 (the "Petition Date"). The Debtor elected Subchapter V on its bankruptcy petition and is a small business debtor as defined by 11 U.S.C. § 1182(1).

2.    The United States Trustee (the "UST") appointed Gregory Jones as the Subchapter V trustee (the "Trustee") pursuant to 11 U.S.C. § 1183(a).

3.    The Debtor continues to manage its financial affairs, operate its business, and administer its bankruptcy estate as a debtor in possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code.

4.    Post-petition, in August 2023, the Debtor became involved in a labor and employment dispute titled *Lyndsey White v. Hologenix, LLC* where the petitioner, Ms. White filed a petition for reinstatement/reimbursement of lost wages, work benefits, and increased compensation under California Labor Code § 132(a) with the Workers' Compensation appeals Board, Case No. ADJ18086223 (the "132a Claim").  Ms. White also alleged via a demand letter that that she was wrongfully terminated from her employment with the Debtor (the "Threatened Action").

5.    In the 132a Claim and Threatened Action, Ms. White brought several employment-related claims against the Debtor, including claims for discrimination, harassment, and retaliation. Ms. White as an African-American employee, alleges that she and two other African-American employees were laid off at the same time, which she contends supports claims of discriminatory treatment.

6.    On March 25, 2024, the Debtor filed an application to employ Fisher & Phillips LLP ("FP") as special labor and employment counsel to represent the Debtor in the 132a Claim and Threatened Action. The Court entered an order approving FP's employment as special labor and employment counsel to the Debtor on April 18, 2024 [Dkt. No. 953].

7.     The Parties, having participated in mediation, have resolved all claims amongst them as detailed in the Agreement, which remains subject to approval of the Court.

**B.    The Agreement**

8.     In full and complete satisfaction of Claimant's claims in the Debtor's estate, the Parties agree that the following shall occur upon approval of the Agreement by the Court:[1]

    i.    The Debtor will pay a total of $210,000 to Claimant to resolve all claims against the estate.

    ii.    Of the $210,000, the Debtor will be responsible for paying approximately $34,661.50 and the Debtor's insurance provider is responsible for paying the balance of approximately $175,338.5.

    iii.    The settlement is divided into four separate checks:

        i.    $85,783.15 to Claimant's counsel, Payton Employment Law, P.C.

        ii.    $102,795.17 directly to Claimant.

        iii.    $11,421.68 directly to Claimant as wages.

        iv.    $10,000 to Law At Your Side Client Trust Account.

    iv.    The Agreement includes broad mutual releases by the Parties,[2] including the Debtor's insurance provider, of any and all claims against each other.

    v.    The Agreement also contains confidentiality and non-disclosure obligations applicable to the Claimant, as well as non-disparagement provisions, and provides for liquidated damages for any breach.

**II.    THE AGREEMENT SHOULD BE APPROVED**

    **A.    The Bankruptcy Rules Allow the Court to Approve Compromises of Controversies**

It is well established that, as a matter of public policy, settlements are favored over

---

[1] For ease of readability, the following provisions below include only a summary of the material terms of the Agreement. The terms of the Agreement control.

[2] Including the Debtor's past and present officers, directors, shareholders, members, partners, managers, predecessors and assigns.

continued litigation. *See e.g., In re A & C Properties,* 784 F.2d 1377 (9th Cir. 1986); *In re Blair,* 538 F.2d 849, 851 (9th Cir. 1976); *In re Heissenger Resources, Ltd.,* 67 B.R. 378, 382 (C.D. Ill. 1986). A bankruptcy court should approve the compromise and settlement if it was negotiated in good faith, is fair and equitable, reasonable, and in the best interests of the debtor's estate. *See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968); *In re Gibson,* BAP No. CC–11–1028–MkKiD, Bk. No. RS 10–21907–DS, 2011 WL 4502044, *4 (9th Cir. B.A.P. Aug. 3, 2011); *In re Pacific Gas and Elec. Co.,* 304 B.R. 395, 417 (Bankr. N.D. Cal. 2004) ("[T]his court need only find that the settlement was negotiated in good faith and is reasonable, fair and equitable") (citation omitted); *In re Guy F. Atkinson Co. of Cal.,* 242 B.R. 497, 502 (B.A.P. 9th Cir. 1999) ("At its base, the approval of a settlement turns on the question of whether the compromise is in the best interest of the estate. The trustee and debtor in possession, as fiduciaries on behalf of the creditors of the estate, have the obligation and are in the best position to negotiate settlements that will best serve the interests of all creditors").

In the Ninth Circuit, the Bankruptcy Court must examine the following factors: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the interest of creditors with deference to their reasonable opinions. *A & C Props.,* 784 F.2d at 1381 (citation omitted).

A court, in reviewing the proposed settlement, "is not to decide the numerous questions of law and fact but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant & Co.,* 699 F.2d 599, 608 (2nd Cir. 1972). The court should not conduct a "mini-trial" on the merits of the underlying cause of action. *Matter of Walsh Construction Inc.,* 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Blair,*

538 F.2d 849 (9th Cir. 1976). Compromises that satisfy the "reasonableness standard" should be approved.

Based upon the standard established by *A & C Properties*, 764 F.2d at 1381, the Debtor respectfully submits that Court may conclude that the terms of the Agreement are fair, reasonable and that the settlement should be approved.

### 1.    Probability of Success in Litigation

The Debtor has determined that continued litigation with the Claimant would not be prudent for the estate and a settlement is a much more favorable outcome for the creditors and parties in interest.  Although the Debtor denies and disputes all of the alleged claims and allegations brought by Claimant, the probability of success in litigation is always uncertain and the Debtor believes it faces substantial litigation exposure and uncertainty. Casden Declaration, ¶ 9. The Claimant was a high-salary employee (earning $175,000) and post-termination of her employment with the Debtor, she has not found a comparable job that matches her previous income with the Debtor. Riley Declaration, ¶ 3. Accordingly, after the Parties participated in mediation, there is potential exposure of over $500,000 in economic damages in addition to emotional distress damages, punitive damages, and a mandatory fee-shifting provision if Claimant prevails that could lead to a potential six-figure award. *Id.*, ¶ 3.  Moreover, if the Threatened Action were compelled to arbitration, Mr. Riley believes that the arbitration fees alone would be in excess of $100,000. *Id.*, ¶ 5.

In light of the above, Mr. Riley believes that the settlement amount of $210,000 falls within the range of reasonableness based on his experience in similar litigation. *Id.*, ¶ 6.

### 2.    Difficulties in Collection
This factor is not at issue.

### 3.    **Complexity of Issues**

While the dispute with Ms. White is not a legally complex issue, litigating the employee-related claims would require: extensive discovery, deposition of co-workers, upper management, possible expert testimony on the extent of emotional damages, and a costly jury trial that would threaten the Debtor's resources.

### 4.    **The Best Interests of Creditors**

The Debtor believes that the interests of the estate's creditors are best served by the approval of the Agreement.  The creditors benefit because while the Agreement requires payment of $210,000 to Claimant, the Debtor is only responsible for $34,661.50, with the balance to be paid by insurance. Administrative expenses that FP would continue to accrue are minimized and costly litigation is resolved. The Agreement was also negotiated at arm's length and is within the range of reasonableness. The Agreement will resolve all disputes between the Parties and is subject to final approval by this Court. The interests of the estate's creditors are best served by the approval of the Agreement and the certainty that such approval will bring to the estate's creditors.

## III.    **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order:

(a)    granting the Motion in its entirety;

(b)    approving the Agreement under Bankruptcy Rule 9019;

(c)    authorizing and directing the Debtor to take all actions necessary to effectuate the terms of the Agreement; and

(d)    granting such other and further relief just and proper under the circumstances.

Dated: December 11, 2025            HOLOGENIX, LLC

By: ___*/s/ Robert M. Carrasco*_____
Ron Bender
John-Patrick M. Fritz
Robert M. Carrasco
LEVENE, NEALE, BENDER, YOO &

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOLUBCHIK L.L.P.
Attorneys for Subchapter V Debtor and Debtor in
Possession

## DECLARATION OF ASHTON RILEY, ESQ.

I, Asthon Riley, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to such terms in the Debtor's Motion to Approve Compromise under Rule 9019 (the "Motion") to which this Declaration is attached.

2.      On March 25, 2024, the Debtor filed an application to employ Fisher & Phillips LLP ("FP") as special labor and employment counsel to represent the Debtor in the 132a Claim and Threatened Action. The Court entered an order approving FP's employment as special labor and employment counsel to the Debtor on April 18, 2024 [Dkt. No. 953].

3.      I am a partner of FP.  I am an attorney licensed to practice in the State of California.

4.      With more than 600 attorneys in 41 offices across the United States and Mexico, FP is an international labor and employment firm that provides practical business solutions for employers' workplace legal problems. More information regarding FP's expertise in labor and employment law can be found on its website at: https://www.fisherphillips.com.

5.      Post-petition, in August 2023, the Debtor became involved in a labor and employment dispute titled *Lyndsey White v. Hologenix, LLC* where the petitioner, Ms. White filed a petition for reinstatement/reimbursement of lost wages, work benefits, and increased compensation under California Labor Code § 132(a) with the Workers' Compensation appeals Board, Case No. ADJ18086223 (the "132a Claim").  Ms. White also alleged via a demand letter that that she was wrongfully terminated from her employment with the Debtor (the "Threatened Action").

6.      In the 132a Claim and Threatened Action, Ms. White brought several employment-related claims against the Debtor, including claims for discrimination, harassment, and retaliation. Ms. White as an African-American employee, alleges that she and two other African-American employees were laid off at the same time, which she contends supports claims of discriminatory treatment.

7.     On July 8, 2025 the Parties participated in a mediation, and subject to approval by this Court, have resolved all claims amongst them as detailed in the Agreement.

9.     In full and complete satisfaction of Claimant's claims in the Debtor's estate, the Parties agree that the following shall occur upon approval of the Agreement by the Court:[3]

    i.    The Debtor will pay a total of $210,000 to Claimant to resolve all claims against the estate.

    ii.    Of the $210,000, the Debtor will be responsible for paying approximately $34,661.50 and the Debtor's insurance provider is responsible for paying the balance of approximately $175,338.5.

    iii.    The settlement is divided into four separate checks:

        i.    $85,783.15 to Claimant's counsel, Payton Employment Law, P.C.

        ii.    $102,795.17 directly to Claimant.

        iii.    $11,421.68 directly to Claimant as wages.

        iv.    $10,000 to Law At Your Side Client Trust Account.

    iv.    The Agreement includes broad mutual releases by the Parties,[4] including the Debtor's insurance provider, of any and all claims against each other.

    v.    The Agreement also contains confidentiality and non-disclosure obligations applicable to the Claimant, as well as non-disparagement provisions, and provides for liquidated damages for any breach.

10.     In my experience as an attorney handling employment related disputes for more than 10 years, and based on my professional assessment of the Claimant's claims, Debtor's defenses, and potential costs of defense, I believe the Agreement is highly favorable to the Debtor and is within the range of reasonableness.

---

[3] For ease of readability, the following provisions below include only a summary of the material terms of the Agreement. The terms of the Agreement control.

[4] Including the Debtor's past and present officers, directors, shareholders, members, partners, managers, predecessors and assigns.

11

11.     As additional background, the Claimant was a high-salary employee (earning $175,000) and post-termination of her employment with the Debtor, she has not found a comparable job that matches her previous income with the Debtor. Accordingly, after the Parties participated in mediation, I believe that there is potential exposure of over $500,000 in economic damages in addition to emotional distress damages, punitive damages, and a mandatory fee-shifting provision if Claimant prevails that could lead to a potential six-figure award.

12.     In my view, if Claimant were to proceed to trial, a Southern California jury may be sympathetic to Claimant and her allegations.

13.     Moreover, if the Threatened Action were compelled to arbitration, I believe that the arbitration fees alone would be in excess of $100,000.

14.     Thus, in my professional judgment, after conducting extensive good-faith negotiations, participating in mediation, I believe that the settlement amount of $210,000 falls within the range of reasonableness based on my experience in similar litigation.

15.     I support the Debtor's request that the Agreement be approved and the Motion granted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on this 9th day of December, 2025, at Irvine, California.

By: _____
        Ashton Riley, Esq.

# DECLARATION OF SETH CASDEN

I, Seth Casden, hereby declare as follows:

1.     I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.     I am the Chief Executive Officer of Hologenix, LLC, a Delaware limited liability company (the "*Debtor*"), the debtor and debtor in possession in this chapter 11 bankruptcy case.

3.     I am a co-founder of Hologenix and have served as the Debtor's CEO from 2004-2006, 2008-2017 and again since May 2019. I have a Bachelor of Science in Business Administration from Pepperdine University and previously worked as a financial analyst in private equity.

4.     I have reviewed and am familiar with and am knowledgeable about the books and records of the Debtor, which books and records are made in the regular practice of business, kept in the regular course of business, made by a person with knowledge of the events and information related thereto, and made at or near the time of events and information recorded.

5.     I submit this declaration in support of the Debtor's Motion to Approve Compromise under Rule 9019 (the "Motion").

6.     A true and correct copy of the proposed order granting the Motion is attached as **Exhibit 1**.

7.     A true and correct copy of the "Confidential Settlement Agreement and Release of All Claims" (the "Agreement") is attached as **Exhibit 2.**

8.     Pursuant to my business judgment, I believe the Agreement is in the best interests of the estate and creditors. The Agreement eliminates the potential risk of a six-figure judgment from being entered against the Debtor.

9.     Although the Debtor denies and disputes all of the alleged claims and allegations brought by Claimant, I understand that the probability of success in litigation is always uncertain and I believe that the Debtor faces substantial litigation exposure and uncertainty.

10.     Additionally, under the Agreement, the Debtor is responsible for paying $34,661.50, with the Debtor's insurance provider to pay the balance. When compared to the

potential judgment exposure which could exceed $500,000, the Debtor's limited contribution of $34,661.50, is extremely favorable to the estate.

11.    Thus, I believe that the Agreement is fair, reasonable, and in the best interest of the Debtor, creditors, and the estate. The Court should approve the Agreement and enter the proposed order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of December, 2025 at Los Angeles, California.


_Seth Casden_
SETH CASDEN

# EXHIBIT "1"

RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
ROBERT M. CARRASCO (State Bar No. 334642)
LEVENE, NEALE, BENDER, YOO
  & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email: RB@LNBYG.com; JPF@LNBYG.com; RMC@LNBYG.COM

Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:20-bk-13849-BR |
| HOLOGENIX, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | Subchapter V |
| | **ORDER GRANTING DEBTOR'S MOTION TO APPROVE COMPROMISE UNDER RULE 9019** |
| | [Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9013-1(o)(1)] |
| | [No Hearing Required] |

The Court, having considered the Debtor's Motion to Approve Compromise Under Rule 9019 (the "<u>Motion</u>")  [Dkt. No.  _], filed by Hologenix, LLC, Subchapter V debtor and debtor in possession herein, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-1(o), the memorandum of points and authorities and declaration filed therewith, and the declaration of Debtor's counsel certifying that no response and request for hearing concerning the Motion was timely filed [Dkt. No. _____], and good cause appearing,

**IT IS HEREBY ORDERED:**

1.    The Motion is granted and the Agreement attached as Exhibit 1 to the Motion is Approved.

2.    The Debtor and Lyndsey White are authorized and directed to execute such other and further documents, and take such further actions, as may be necessary and/or appropriate to effectuate the Agreement.

3.    The Bankruptcy Court shall retain exclusive jurisdiction to interpret, implement, and enforce the Agreement and the terms of this Order.

###

# EXHIBIT "2"

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This settlement agreement and release of all claims (the "Agreement") is made and entered into by and among Lyndsey White ("Claimant") on the one hand, and Hologenix, LLC ("Respondent") on the other.  Claimant and Respondent are referred to collectively as the "Parties" and individually as a "Party."  This Agreement is intended to resolve all disputes and extinguish those obligations described below.

### RECITALS

WHEREAS, on or about April 22, 2020, Respondent filed a voluntary petition for bankruptcy in the Central District of California – Los Angeles Division, case number 2:20-bk-13849-BR (the "Bankruptcy Action");

WHEREAS, on or about August 30, 2023, Claimant filed a Petition for Reinstatement/Reimbursement of Lost Wages, Work Benefits, and Increased Compensation Due to Employer Discrimination Pursuant to Labor Code Section 132a with the Workers' Compensation Appeals Board, Case No. ADJ18086223 (the "132a Claim");

WHEREAS, on or about February 12, 2024, Claimant asserted claims arising out of her employment and the cessation thereof in a demand letter against Respondent (the "Threatened Action");

WHEREAS, Respondent denies and disputes any and all of the alleged claims and allegations in the Threatened Action, any others that could have been asserted by Claimant as a result of her employment with Respondent and its cessation;

WHEREAS, the Parties wish to avoid the expense of further proceedings and desire to resolve any and all claims alleged by Claimant or those claims that could be alleged as a result of Claimant's employment, any relationship between Claimant and Releasees (defined in Paragraph 3, below), and/or generally arising out of or in connection with Claimant's employment and the cessation thereof, including but not limited to those asserted in the Threatened Action.

### AGREEMENT

NOW THEREFORE, in consideration of and in exchange for the promises, covenants, and releases contained in the Agreement and the other valuable consideration described herein,

the sufficiency of which is hereby acknowledged by the Parties, the Parties mutually agree as follows:

1.   <u>Consideration</u>.  For and in consideration of the commitments made herein by Claimant and her counsel, Payton Employment Law, P.C., Respondent agrees to provide Claimant the total sum of Two Hundred, Ten Thousand Dollars and Zero Cents ($210,000.00) ("the Settlement Payment") in full compromise and settlement of all claims released herein by Claimant.  The Settlement Payment shall be paid as follows:

(a)   by check payable to Payton Employment Law, P.C., in the amount of Eighty-Five Thousand  Seven Hundred and Eighty-Three Dollars and Fifteen Cents (**$85,783.15.00**) and reported on IRS form 1099 to Lyndsey White and her counsel;

(b)   by check payable to Lyndsey White in the amount of One Hundred and Two Thousand Dollars Seven Hundred and Ninety-Five Dollars and Seventeen Cents (**$102,795.17**) and reported on IRS form 1099;

(c)   by check payable to Lyndsey White in the amount of Eleven Thousand Dollars Four Hundred and Twenty-One Dollars and Zero Cents (**$11,421.68**) to be reported as wages, less all applicable tax withholdings, on IRS form W-2; and

(d)   by check payable to Law At Your Side Client Trust Account in the amount of Ten Thousand Dollars and Zero Cents (**$10,000.00**) to be reported on IRS form 1099 to Lyndsey White and her counsel, in consideration for the dismissal of the 132a Claim.

Upon delivery of the Settlement Payment, Respondent will have fully met its obligations under this Agreement and will not be liable in any manner for the distribution, division or payment of any portion of the Settlement Payment to or between any counsel Claimant may have retained and/or consulted, specifically including, but not limited to Payton Employment Law, P.C. and Law At Your Side.  The Settlement Payment, with the exception of the check to Law At Your Side pursuant to paragraph 1(d), will be sent to Payton Employment Law, P.C., attn: Robert

Torres, Esq. at 3807 W. Sierra Hwy., Suite 206, Acton, California 93510.  The check to Law At Your Side pursuant to paragraph 1(d) will be sent to: Law At Your Side, attn: Dustin Saiidi, Esq., at 8605 Santa Monica Blvd. #92394, Los Angeles, California 90069.  By execution of this Agreement, Claimant authorizes payment to be made as set forth in this Paragraph.

      2.      <u>Representation that No Claims Have Been Filed or Will be Filed; Breach</u>. Claimant represents and warrants that no administrative charges, claims, or complaints have or will be filed against Respondent and Releasees (defined in Paragraph 3, below) specifically including complaints with the California Labor & Workforce Development Agency ("LWDA") and that no complaints, actions, or lawsuits will be filed to initiate any state, federal, bankruptcy, or arbitration proceeding, specifically including but not limited to claims for alleged violations of California's Private Attorneys General Act ("PAGA"), with the exception of the 132a Claim and her claim for workers' compensation benefits, Case No. ADJ18086223.  Claimant agrees that any breach of her representations, warranties, and/or obligations pursuant to this Paragraph shall entitle Releasees (defined in Paragraph 3, below) to the consideration paid to Claimant herein. Additionally, Claimant agrees that any breach of her representations, warranties, and/or obligations pursuant to this Paragraph shall create actionable causes of action for Releasees (defined in Paragraph 3, below) against Claimant for claims, including but not limited to: breach of the Agreement; breach of contract; breach of the duty of good faith and fair dealing; fraud; fraudulent inducement; and intentional and negligent misrepresentation.  Despite her representations and warranties in this Paragraph, by execution of this Agreement, Claimant agrees to dismiss, *with prejudice*, any claims, charges, or complaints Claimant may have filed with any governmental or administrative agency, specifically including but not limited to the LWDA, the Department of Fair Employment and Housing ("DFEH"), the Civil Rights Department ("CRD"), the Division of Labor Standards Enforcement ("DLSE"), and/or the Equal Employment Opportunity Commission ("EEOC"), or in any judicial and/or administrative forum against Releasees (defined in Paragraph 3, below).  Claimant and her counsel agree to take all steps reasonably necessary to fulfill this portion of the Agreement.

      3.      <u>Release of Claims</u>.

A.    *Claimant's Release*.  Claimant, for herself and for her heirs, executors, administrators, successors and assigns, hereby releases, acquits and forever discharges Respondent, and each of its parents, subsidiaries and related entities, and each of their respective officers, directors, shareholders, members, persons, employees, agents, servants, representatives, attorneys, insurers, re-insurers, assigns, and affiliates and any and all other entities with whom they have been, are now, or may hereafter be affiliated, specifically including but not limited to TriNet HR III, Inc. and TriNet Group, Inc., and any of their affiliated companies, predecessors, successors and assigns, as well as their past or present officers, directors, agents, representatives, attorneys, insurers, re-insurers, assigns, or employees (collectively "Releasees"), from any and all claims, demands, obligations, actions, causes of action, liabilities, debts, promises, agreements, demands, attorneys' fees, losses and expenses, known or unknown, suspected or unsuspected, filed or unfiled, that she may have or have had arising out of any known or unknown fact, condition or incident occurring prior to the date of this Agreement, including but not limited to those arising out of or in connection with any claims, demand, charges, or complaints, specifically including but not limited to the Threatened Action, arising out of or in connection with her employment and its cessation and any and all other interactions or relations with Releasees.  This release includes, without limiting the generality of the foregoing: any and all claims, demands, causes of actions, obligations, charges, liabilities, attorneys' fees, costs, actual, compensatory and punitive damages, and all claims for any other type of relief relating to, arising out of, or based upon: all claims of harassment, discrimination, and/or retaliation in violation of State or Federal law; all claims for failure to prevent harassment, discrimination, and/or retaliation; all claims for failure to engage in the interactive process and/or to provide reasonable accommodation; all claims of violation of public policy, including a claim for wrongful and/or constructive termination of employment; all claims based on tort and/or breach of contract, whether written or oral, express or implied, and any covenant of good faith and fair dealing, all claims for unpaid wages, commissions, or other benefits, including minimum wage, overtime, double time, reporting time pay, vacation, sick leave, associated penalties and/or premiums, and expense reimbursement; all claims for meal or rest periods and associated

penalties and/or premiums; all claims for inaccurate wage statements; and any and all claims for alleged violations of the California *Labor Code* generally and specifically any of its anti-retaliation provisions; any claim for unlawful or unfair business practices; all claims for emotional distress; any and all claims which were or could have been asserted by Claimant, including but not limited to the Threatened Action; and all claims generally relating to Claimant's employment relationship, any type of relationship, and/or interactions with Releasees and the cessation thereof, including any alleged violation of any federal, state or other governmental statute, regulation, ordinance, or executive order, including without limitation:

(1)    The Civil Rights Acts of 1866, 1964, and 1991, as amended;

(2)    42 U.S.C. § 1981;

(3)    The California Fair Employment and Housing Act;

(4)    Section 503 of the Rehabilitation Act of 1973;

(5)    The Fair Labor Standards Act (including the Equal Pay Act);

(6)    The California and United States Constitutions;

(7)    The California Labor Code, specifically including, but not limited to the PAGA pursuant to *Labor Code* § 2699, *et seq.*;

(8)    The California Business & Professions Code;

(9)    The Employee Retirement Income Security Act, as amended;

(10)    The Americans with Disabilities Act;

(11)    The Family Medical Leave Act;

(12)    The California Family Rights Act;

(13)    The California Pregnancy Discrimination Act;

(14)    The California Wage Orders;

(15)    The National Labor Relations Act;

(16)    The Immigration Reform and Control Act;

(17)    The California Occupational Safety and Health Act, or the Federal equivalent; and

(18)    The Worker Adjustment and Retraining Notification Act; and

Page 5 of 16

(19)    The Families First Coronavirus Response Act.

Additionally, Claimant represents, warrants, and affirms that she has no claims or rights to assert a claim for workers' compensation benefits at this time other than her currently pending Worker's Compensation claim.  Claimant does not waive any rights that she may have to: (i) benefits or rights to seek benefits under applicable workers' compensation (except as to claims under Labor Code sections 132a and 4553) or unemployment insurance; (ii) Claimant's own vested or accrued employee benefits under Respondent's qualified retirement benefit plans as of the Separation Date; (iii) pursue claims which by law cannot be waived by signing this Agreement; or (iv) enforce this Agreement.

Claimant disclaims any right to act as a Private Attorney General under the PAGA, and Claimant admits, acknowledges, and agrees that she did not timely file an administrative complaint with the LWDA and therefore cannot, and shall not, pursue claims under PAGA.

B.    *Application of Civil Code Section 1541.*  This release in all respects has been voluntarily and knowingly executed by the Parties with the express intention of effecting the legal consequences provided in the California *Civil Code* § 1541, that is, the extinguishment of obligations herein designated.

C.    *Respondent's Release.*  Respondent, on behalf of itself and its parents, subsidiaries and affiliated companies and the past, and present officers, directors, shareholders, members, partners, managers, predecessors and assigns of each of them hereby releases Claimant from any and all claims, charges, demands, suits, rights or causes of action, at law or equity or otherwise, including but not limited to, claims, charges, demands, suits, causes or rights of action arising from or during Claimant's employment or resulting from the employment or the separation of Claimant's employment with Respondent, including but not limited to any and all claims under any federal, state, local, or foreign law, regulation or executive order, or claims for attorneys' fees or damages (including contract, compensatory, punitive or liquidated damages), or equitable relief, which Respondent may ever have had, against Claimant, whether known or unknown up until the "Effective Date" of this Agreement.  This release is purposefully broad, and it is intended to capture any conceivable claim which Respondent may have against

Claimant.

4.        <u>Waiver of Section 1542</u>.  Claimant states and affirms that it is her intention in
executing this Agreement that the same shall be effective as a bar to each and every claim,
demand, cause of action, obligation, damage, liability, charge, attorneys' fees and costs herein
above released.   Claimant expressly waives and relinquishes her rights and benefits, if any,
arising under the provisions of California *Civil Code* § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE AND THAT, IF KNOWN BY HIM OR HER WOULD
> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
> THE DEBTOR OR RELEASED PARTY.**

5.        <u>Timing of the Settlement Payment and Conditions Precedent</u>.  Respondent has no
obligation to provide the consideration as set forth in Paragraph 1, above, until thirty (30) days
after each of the following: A) counsel for Respondent has received this Agreement, fully
executed by the Parties and approved as to form by Claimant's counsel; B) Claimant has
executed and provided a Form W-9 to Respondent; C) Claimant's counsel, Payton Employment
Law, P.C. and Law At Your Side, have provided a W-9 to Respondent; D) issuance of an order
dismissing the 132a Claim; and E) the Agreement has been approved by judge in the Bankruptcy
Action (Respondent or the bankruptcy trustee shall file a Motion or necessary documents to
approve this Agreement).

6.        <u>Acknowledgement</u>.  Claimant acknowledges and agrees that she would not
otherwise be entitled to the consideration set forth in Paragraph 1, above, were it not for her
covenants, promises, and releases set forth herein.  Claimant acknowledges that upon payment of
the consideration called for by this Agreement, she will have received all wages, commissions,
and any other forms of compensation due to her from Releasees and that Releasees shall owe
Claimant nothing further.

7.        <u>Confidentiality and Non-Disclosure</u>.  Neither Claimant nor her counsel, agents or
assigns will hereafter, without compulsion of legal process, disclose to others, either directly,
indirectly or by implication, the amounts referred to in this Agreement (either by specific dollar

amounts, by number of "figures," or otherwise), or the fact of the payment of said amount, except that Claimant may disclose such information to her spouse, or to her attorneys, accountants or other professional advisors to effect the purposes for which they have been consulted, or where disclosure is required by law. Any person or entity to whom Claimant is permitted to and in fact discloses the amounts referred to in this Agreement, other than where a disclosure is required by law, must be notified of and agree to the terms of this confidentiality provision. In the event that any person or entity to whom Claimant discloses the amounts referred to in this Agreement breaches their confidentiality obligation, the effect of such disclosure shall be as if Claimant has breached her obligations hereunder. In the event that Claimant believes she is legally obligated by statutory or regulatory requirements (including compulsory legal process), to make a disclosure as to the amounts referred to in this Agreement, he shall, within five (5) days provide written notification to Ashton Riley and Piper Brockley of Fisher & Phillips LLP, at ariley@fisherphillips.com and pbrockley@fisherphillips.com. If Respondent takes any action to challenge such disclosure, Claimant shall defer making such disclosure until the challenge is finally resolved unless she is otherwise ordered by a Court to give the information notwithstanding the challenge. Nothing in this Agreement prevents Claimant from discussing or disclosing information about unlawful acts in the workplace, such as harassment or discrimination or any other conduct that Claimant has reason to believe is unlawful.

8.    <u>Non-Disparagement</u>. Claimant agrees and promises that she will not undertake any harassing or disparaging conduct directed at Releasees or any of their managers, supervisors, employees, or clients, and that she will refrain from making any negative, detracting, derogatory, or unfavorable statements about Releasees or any of their managers, supervisors, employees, or clients. Claimant further agrees she will not act in any manner that damages the operation or reputation of Releasees. Claimant further agrees to give Respondent's counsel notice within three (3) business days of receipt of a subpoena or other order by court or agency pursuant to this Paragraph. Nothing herein shall be construed to limit Claimant's right to file a charge of discrimination with, or to communicate with, or to participate in an investigation or action

conducted by, the EEOC or any similar state or local administrative fair employment practices agency, and nothing in this Agreement shall be construed to prohibit such action by Claimant or to interfere with the statutory duties and/or authority of such agencies.  However, Claimant expressly waives any and all rights or entitlement to any type of relief or recovery (including monetary damages, awards, or incentives, penalties, injunctive relief, reinstatement, etc.) in connection with any such claim, complaint, charge, action, proceeding and/or investigation brought against Releasees from any of the Releasees, regardless of who files, initiates or pursues any claim, complaint, charge, action, proceeding, and/or investigation as described in this Paragraph, except that this limitation on monetary recovery will not apply to proceedings as otherwise provided for by current applicable law.  Claimant understands, acknowledges, and agrees that the Non-Disparagement obligations set forth herein are material considerations and that any breach of this Paragraph would be a material breach of this Agreement.

9.      Liquidated Damages for Breach of Paragraphs 7 and/or 8 of this Agreement. Claimant and her counsel acknowledge that a breach by Claimant or her counsel of any of the covenants set forth in Paragraphs 7 and/or 8 of this Agreement will cause substantial harm to Releasees, including but not limited to, the cost of prosecuting any claims and lawsuits against Claimant.  Claimant and her counsel also acknowledge that it is impossible for such harm to be calculated with any degree of certainty.  Therefore, Claimant agrees that any breach by her or her counsel of their obligations under Paragraphs 7 and/or 8 of this Agreement shall entitle Releasees to reasonable liquidated damages in the sum of Twenty Thousand Dollars and Zero Cents ($20,000.00) for each breach.

10.     Issuance of Form 1099; No Representation of Taxability.  An IRS Form 1099 will be issued to Claimant and Claimant's counsel, to reflect the Settlement Payments provided for in Paragraph 1(a) and (b), above.  Claimant understands and agrees that she is responsible for payment of any taxes which are required to be paid to the State of California, the United States Government, or any other entity as a result of this settlement.  Claimant acknowledges and agrees that Releasees have not warranted or represented how the U.S. Internal Revenue Service or other governmental taxing authorities will treat the Settlement Payment for tax purposes, and

agrees that no further payment of money to Claimant from Releasees will be due in the event that the payment or the release of claims embodied in this Agreement, or any portion thereof, is found by a government taxing authority to be, or to result in, additional taxable income to Claimant.  Claimant agrees that, in the event that any federal, state or local agency takes the position that taxes should have been withheld from amounts paid pursuant to this Agreement, Claimant will be solely responsible for payment of any such alleged tax obligations and will indemnify and hold Releasees harmless from any resulting tax liability, interest, attorneys' fees, or penalty associated therewith.  Claimant hereby agrees to indemnify Releasees from any and all manner of liability if any should be imposed on them regarding the payment to Claimant under this Agreement specified above, including but not limited to any interest, attorneys' fees, penalties, and costs related to such payment.  Upon Claimant's receipt of written notification from Releasees that such liability has been imposed by any of those governmental entities and the amount thereof, Claimant agrees that she shall fully remit such monies to the demanding entity within thirty (30) days from her receipt of such notification.  Claimant further agrees to give Releasees written notice within ten (10) days of the time any demand for payment of taxes is received by Claimant from any governmental agency in connection with this payment, and further, Claimant will provide a confirmation that she will honor her obligations under this Paragraph.

11.    Acknowledgement of Employment Status; Neutral Reference.  Claimant understands that any relationship she had with Releasees has ceased.  Additionally, Claimant agrees to direct any requests for employment verification to Respondent's Human Resources Department.  In response to any such inquiry, Respondent is only authorized to report and disclose Claimant's (i) dates of employment; and (ii) last position held.  Claimant consents and agrees to such response being provided by Respondent.

12.    No Admission of Liability.  It is understood and agreed by the Parties that this Agreement represents a compromise and settlement for various matters and that the promises and consideration of this Agreement shall not be construed to be an admission of any liability or obligation by the Parties.

13.  <u>Attorneys' Fees and Costs</u>.  The Parties agree that they will bear their own attorneys' fees and costs incurred in connection with the Threatened Action.  By signature on this Agreement, Payton Employment Law, P.C., waives any claim against Releasees that Claimant's attorneys or their office may have to attorneys' fees and costs against Releasees, except as provided for in Paragraph 1(a), above.

14.  <u>Medical Bills, Liens, and Other Potential Rights for Reimbursement</u>.

(a)  <u>Responsibility for Satisfaction of All Liens</u>.  Claimant represents and warrants that all bills, costs or liens resulting from or arising out of Claimant's alleged injuries, claims, and/or the Threatened Action are Claimant's responsibility to pay.  Claimant agrees to assume responsibility for satisfaction of any and all demands for payment, claims or liens of any kind, that arise from or are related to payments made or services provided to Claimant or on Claimant's behalf.  Claimant agrees to assume responsibility for all expenses, costs or fees incurred by Claimant related to the Threatened Action, including without limitation, all Medicare conditional payments, subrogation claims, liens or other rights to payment, relating to medical treatment or lost wages that have been or may be asserted by any health care provider, insurer, governmental entity, employer or other person or entity.  Further, Claimant will indemnify, defend and hold Releasees harmless from any and all damages, claims and rights to payment, including any attorneys' fees, brought by any person, entity or governmental agency to recover any of these amounts.

(b)  <u>Good Faith Resolution</u>.  This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.  The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Section 1395y(b).  The Parties resolved this matter in compliance with both state and federal law.  The Parties made every effort to adequately protect Medicare's interest and incorporate such in the settlement terms.

(c)  <u>Representation that Claimant is Not a Medicare Beneficiary</u>.  Claimant warrants that Claimant neither receives nor is eligible to receive Medicare benefits as of the date of this Agreement.  Because Claimant is not a Medicare recipient as of the date of this

Agreement, no conditional payments have been made by Medicare.

(d) <u>Representation that No Medicare Conditional Payments Exist</u>.  Claimant further represents and warrants that she is aware of no Medicare conditional payments that have been made on her behalf.

(e) <u>Agreement to Indemnify, Defend, and Hold Harmless</u>.  Claimant will indemnify, defend and hold Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown.  If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages, from Releasees relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Claimant's alleged injuries, claims, and/or the Threatened Action, Claimant will defend and indemnify Releasees and hold Releasees harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

15. <u>Attorney Liens</u>.  Claimant represents and warrants that all legal expenses, bills, costs or contingency fee agreements resulting from or arising out of the representation of Claimant by any attorney in relation to the Threatened Action are Claimant's responsibility to pay, and that any liens based on any legal expenses, bills, costs or contingency fee agreements incurred as a result of the Threatened Action will be satisfied by Claimant.  Claimant will indemnify, defend and hold Releasees harmless from any such claims.

16. <u>No Additional Recovery</u>.  It is the intent of this Agreement that Claimant, lienholders, and any other individual or entity with an interest in Claimant's claims shall not recover, directly or indirectly, any sums from Releasees other than the consideration provided pursuant to this Agreement and set forth in Paragraph 1, above.  If, despite the provisions of this Paragraph, any Releasee receives any claims, including a claim for contribution, any indemnity arising out of a claim brought by the Claimant against another person other than arising from claimant's pending personal injury action entitled *White v. Lincoln Property Company, et al.*, Los Angeles Superior Court Case No, 24SMCV05001, Claimant shall indemnify, provide a full defense for and hold harmless the Releasees for such amount.  In the event a trier of fact

determines (and all appeals are exhausted or the time for such appeals have expired) that any Releasee is or would be liable for indemnity under any theory of law or equity, this Agreement shall act as a general release, releasing not only the Releasee but every other individual, trustee, firm, trust, corporation, or entity of any kind, who is or would be entitled to a defense and indemnity from the Releasees with respect to any liability that person, firm, or corporation may have to Claimant.

17.    <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between Claimant and Respondent regarding actual or potential claims asserted by Claimant against Releasees and the resolution of those claims, which will remain in full force and effect. Excluding Claimant's agreement(s) to arbitrate any claims or disputes and the Employee Inventions Assignment and Confidentiality Agreement Respondent's contend that Claimant executed (which obligations continue), this Agreement supersedes all prior agreements, written or oral, between or among the Parties regarding those claims or potential claims and the resolution of those claims, and no other agreement, statement, or promise made by one Party to another as to any matter addressed in this Agreement shall be binding or valid.  This Agreement cannot be orally modified.  Any amendment or modification to this Agreement must be in writing, signed by Claimant and by a duly authorized representative of Respondent.  Claimant further represents that she is unaware of any agreement or promise, written or oral, between Releasees and/or anyone else, that could serve as the basis for any claim or action against Releasees that has not been released in this Agreement.

18.    <u>Notices</u>.  Any notice required or permitted to be given pursuant to this Agreement shall be in writing and shall be deemed to be given when served personally, on the third business day after mailing if mailed by United States mail, postage prepaid, addressed to the other Party and/or its counsel, or on the third business day after service by email to the other Party and/or its counsel.

19.    <u>No Reliance Upon Representations by the Other Side</u>.  Each Party hereto represents and acknowledges that in executing this Agreement it does not rely and has not relied upon any representation or statement made by any other Party or by the agents, attorneys or

representatives of the other Party with regard to the subject matter of this Agreement, or its basis, or the effects of this Agreement other than those representations specifically set forth in this written document.

20.    <u>Binding Nature; No Assignment</u>.    This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each Party, and inure to the benefit of each Party, its agents, directors, officers, employees, servants, successors, and assigns.    The Parties promise and guarantee that they have not made, and will not make, any assignment of any claim, chose in action, right of action, or any right of any kind whatsoever, embodied in any of the claims that are released herein, and that no other person or entity of any kind had or has any interest in any of the claims released herein.

21.    <u>Construction</u>.    This Agreement is the product of arms-length negotiations and is considered to be jointly drafted.    As such, it shall not be construed against any party because that party caused it to be reduced to a written instrument.

22.    <u>Fairness of Settlement</u>.    The Parties agree that this settlement is fair, reasonable and adequate.

23.    <u>Effect of Illegality</u>.    With the exception of Paragraph 3 of this Agreement, should any part, term or provision of this Agreement be declared or determined by any Court of competent jurisdiction to be wholly or partially illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions of this Agreement shall not be affected thereby.    Said illegal, invalid or unenforceable part, term or provision shall be deemed not to be a part of this Agreement.

24.    <u>Compliance with Terms; No Waiver</u>.    The failure to insist upon compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

25.    <u>Governing Law and Jurisdiction</u>.    This Agreement shall be interpreted under the laws of the State of California, both as to interpretation and performance.

26.     <u>Section Headings</u>.  The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

27.     <u>Representative Capacity</u>.  Each Party executing this Agreement in a representative capacity represents and warrants that s/he is empowered to do so.

28.     <u>Counterparts and Facsimile/Digital Signatures</u>.  This Agreement may be executed in any number of counterparts, each of which will be deemed to be an executed Agreement and each of which shall be deemed to be one and the same instrument.  A facsimile or digital signature shall be treated as an original signature for all purposes.

29.     <u>Voluntary and Knowing</u>.  This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto.

30.     <u>Enforcement Costs</u>.  The Parties agree that in the event litigation is initiated by any Party to enforce this Agreement, the prevailing party will be entitled to recover its costs and reasonable attorneys' fees incurred in conjunction with the litigation, in addition to any other relief granted.

I, having read the foregoing Settlement Agreement and Release of All Claims and knowing the contents thereof, am effecting this settlement and executing this Agreement after having the opportunity to obtain legal advice from counsel, and I sign the same as my own free act.

DATED: 09 / 23 / 2025

_____
*Lyndsey White*
Claimant, Lyndsey White

DATED: _____

_____
*Seth Casden*
Hologenix, LLC
By:  Seth Casden
Its: Chief Executive Officer

APPROVED AS TO FORM AND CONTENT:

PAYTON EMPLOMENT LAW, P.C.

Dated: __09/23/2025_____    _____
Robert Torres, Esq.
Counsel for Claimant, Lyndsey White

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

**A true and correct** copy of the foregoing document **Debtor's Motion To Approve Compromise Under Rule 9019** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 11, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On December 11, 2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**Honorable Barry Russell**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 11, 2025  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 11, 2025 | Kayleen Chang | /s/ Kayleen Chang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Todd M Arnold    tma@lnbyg.com
- Ron Bender    rb@lnbyg.com
- Thomas E Butler    butlert@whiteandwilliams.com,
  sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whit
  eandwilliams.com
- Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com Aaron E.
- De Leest    adeleest@marshackhays.com,
  adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Theodore W Frank    frank@psmlawyers.com,
  knarfdet@gmail.com;navarro@parkermillsllp.com
- John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
- Brian T Harvey    bharvey@buchalter.com,
  docket@buchalter.com;dbodkin@buchalter.com
- Gregory Kent Jones (TR)    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Alphamorlai Lamine Kebeh    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- Raffi Khatchadourian    raffi@hemar-rousso.com
- Tinho Mang    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- Ron Maroko    ron.maroko@usdoj.gov
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
- Carmela Pagay    ctp@lnbyg.com
- Yvonne Ramirez-Browning    yvonne@browninglawgroup.com,
  veronica@browninglawgroup.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- James R Selth    jselth@yahoo.com,
  jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- Zev Shechtman    Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com,
  ccripe@polsinelli.com;ladocketing@polsinelli.com
- Heidi J Sorvino    sorvinoh@whiteandwilliams.com,
  millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whit eandwil
  liams.com;butlert@whiteandwilliams.com
- Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com
- Annie Y Stoops    annie.stoops@afslaw.com,
  yvonne.li@afslaw.com;mia.ferguson@afslaw.com
- Nicole Sullivan    sullivann@whiteandwilliams.com,
  vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- Derrick Talerico    dtalerico@wztslaw.com,
  maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- John N Tedford    JNT@LNBYG.com, jnt@ecf.courtdrive.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

- Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- David Wood    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.co
  m;alinares@ecf.courtdrive.com

RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
ROBERT M. CARRASCO (State Bar No. 334642)
LEVENE, NEALE, BENDER, YOO
 & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: RB@LNBYG.com; JPF@LNBYG.com; RMC@LNBYG.COM

Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:20-bk-13849-BR |
| HOLOGENIX, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | Subchapter V |
| | **NOTICE OF DEBTOR'S MOTION TO APPROVE COMPROMISE UNDER RULE 9019** |
| | [Federal Rule of Bankruptcy Procedure 9019 and Local Bankruptcy Rule 9013-1(o)(1)] |
| | [No Hearing Required] |

**TO ALL INTERESTED PARTIES:**

Hologenix, LLC, Subchapter V debtor and debtor in possession herein (the "Debtor"), has filed a Motion to Approve Compromise Under Rule 9019 (the "Motion") before the Bankruptcy Court to approve that certain settlement agreement (the "Agreement") entered into by and among the Debtor and Lyndsey White ("Claimant") (collectively, the "Parties").

The Agreement is the result of arms-length negotiations between the Parties and is in the best interest of the estate. The Agreement resolves all claims among the Parties. For the reasons discussed below, the Agreement should be approved because it is fair, equitable, reasonable, and in the best interest of the bankruptcy estate.

The Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of title 11, sections 101 *et seq.* of the United States Code (the "Bankruptcy Code") on April 22, 2020 (the "Petition Date"). The Debtor elected subchapter V on its bankruptcy petition and is a small business debtor as defined by 11 U.S.C. § 1182(1).

The United States Trustee (the "UST") appointed Gregory Jones as the Subchapter V trustee (the "Trustee") pursuant to 11 U.S.C. § 1183(a).

The Debtor continues to manage its financial affairs, operate its business, and administer its bankruptcy estate as a debtor in possession pursuant to sections 1182(2) and 1184 of the Bankruptcy Code.

Post-petition, in August 2023, the Debtor became involved in a labor and employment dispute titled *Lyndsey White v. Hologenix, LLC* where the petitioner, Ms. White filed a petition for reinstatement/reimbursement of lost wages, work benefits, and increased compensation under California Labor Code § 132(a) with the Workers' Compensation appeals Board, Case No. ADJ18086223 (the "132a Claim"). Ms. White also alleged via a demand letter that that she was wrongfully terminated from her employment with the Debtor (the "Threatened Action").

The Parties, having participated in mediation, have resolved all claims amongst them as detailed in the Agreement, which remains subject to approval of the Court.

**The Agreement**

     In full and complete satisfaction of Claimant's claims in the Debtor's estate, the Parties agree that the following shall occur upon approval of the Agreement by the Court:[1]

    i.    The Debtor will pay a total of $210,000 to Claimant to resolve all claims against the estate.

    ii.    Of the $210,000, the Debtor will be responsible for paying approximately $34,661.50 and the Debtor's insurance provider is responsible for paying the balance of approximately $175,338.5.

    iii.    The settlement is divided into four separate checks:

        i.    $85,783.15 to Claimant's counsel, Payton Employment Law, P.C.

        ii.    $102,795.17 directly to Claimant.

        iii.    $11,421.68 directly to Claimant as wages.

        iv.    $10,000 to Law At Your Side Client Trust Account.

    iv.    The Agreement includes broad mutual releases by the Parties,[2] including the Debtor's insurance provider, of any and all claims against each other.

    v.    The Agreement also contains confidentiality and non-disclosure obligations applicable to the Claimant, as well as non-disparagement provisions, and provides for liquidated damages for any breach.

     **PLEASE TAKE FURTHER NOTICE** that the Motion is made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure on the grounds that the Debtor, in the exercise of its business judgment, has determined that it is in the best interests of the estate to fully resolve the Threatened Action and 132a Claim. The Agreement is the product of the Parties' negotiations, mediation, and ultimately a consensual resolution.   Accordingly, the Debtor

---

[1] The following provisions below include only a summary of the material terms of the Agreement. The terms of the Agreement control.

[2] Including the Debtor's past and present officers, directors, shareholders, members, partners, managers, predecessors and assigns.

1  submits that the compromise is fair and reasonable and should, therefore, be approved by the

2  Court.

3  **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon this Notice of

4  Motion filed concurrently herewith, the Motion, the Memorandum of Points and Authorities and

5  the Declaration of Ashton Riley, Esq. and Seth Casden attached thereto, the entire record in this

6  case, and such further evidence as may be made.

7  **PLEASE TAKE FURTHER NOTICE** that should you wish to obtain a copy of the

8  Motion and the papers filed in support thereof, you may do so by contacting counsel for the

9  Debtor, whose name and contact information appears on the top left-hand corner of the first

10  page of this Notice.

11  **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

12  1(o)(1) any response and request for a hearing must be filed with the Court and served on the

13  Debtor and its counsel and the Office of the United States Trustee within fourteen (14) days

14  after the date of service of this Notice, plus three (3) additional days if you were served by mail

15  or pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) or (F).

16  **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

17  1(h) failure to timely file and serve a response may be deemed by the Court as consent to the

18  granting of the Motion.

19

20  Dated: December 11, 2025          LEVENE, NEALE, BENDER, YOO &
                                         GOLUBCHIK L.L.P.

21

22                                   By:_____*/s/ Robert M. Carrasco*_____
                                         RON BENDER

23                                       JOHN PATRICK M. FRITZ
                                         ROBERT M. CARRASCO

24                                   Counsel for Chapter 11 Debtor and
                                     Debtor in Possession

25

26

27

28

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

**A true and correct** copy of the foregoing document **Notice Of Debtor's Motion To Approve Compromise Under Rule 9019** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 11, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On December 11, 2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
☒  Service information continued on attached page

**Honorable Barry Russell**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

**3**.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
(state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 11, 2025  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 11, 2025 | Kayleen Chang | /s/ Kayleen Chang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

1

2
- Todd M Arnold    tma@lnbyg.com
- Ron Bender    rb@lnbyg.com
3
- Thomas E Butler    butlert@whiteandwilliams.com,
  sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whit
  eandwilliams.com
4
- Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com Aaron E.
5
- De Leest    adeleest@marshackhays.com,
  adeleest@marshackhays.com,alinares@ecf.courtdrive.com
6
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Theodore W Frank    frank@psmlawyers.com,
  knarfdet@gmail.com;navarro@parkermillsllp.com
7
- John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
8
- Brian T Harvey    bharvey@buchalter.com,
  docket@buchalter.com;dbodkin@buchalter.com
9
- Gregory Kent Jones (TR)    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
10
- Alphamorlai Lamine Kebeh    MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- Raffi Khatchadourian    raffi@hemar-rousso.com
11
- Tinho Mang    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
12
- Ron Maroko    ron.maroko@usdoj.gov
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
13
- Carmela Pagay    ctp@lnbyg.com
- Yvonne Ramirez-Browning    yvonne@browninglawgroup.com,
14
  veronica@browninglawgroup.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
15
- James R Selth    jselth@yahoo.com,
  jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
16
- Zev Shechtman    Zev.Shechtman@saul.com,
  zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
17
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com,
18
  ccripe@polsinelli.com;ladocketing@polsinelli.com
- Heidi J Sorvino    sorvinoh@whiteandwilliams.com,
19
  millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whit eandwil
  liams.com;butlert@whiteandwilliams.com
20
- Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com
- Annie Y Stoops    annie.stoops@afslaw.com,
21
  yvonne.li@afslaw.com;mia.ferguson@afslaw.com
- Nicole Sullivan    sullivann@whiteandwilliams.com,
22
  vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- Derrick Talerico    dtalerico@wztslaw.com,
23
  maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- John N Tedford    JNT@LNBYG.com, jnt@ecf.courtdrive.com
24
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
25
- Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- David Wood    dwood@marshackhays.com,
26
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.co
  m;alinares@ecf.courtdrive.com
27

28

2

Label Matrix for local noticing
0973-2
Case 2:20-bk-13849-BR
Central District of California
Los Angeles
Thu Dec 11 13:47:08 PST 2025

AIG Property Casualty, Inc.
80 Pine Street, 13th Floor
New York, NY 10005-1734

Alvaro Pascotto Revocable Trust
c/o Weintraub & Selth, APC
11766 Wilshire Blvd., Suite 1170
Los Angeles, CA 90025-6553

BRE Sunset Coast, LLC
c/o Allen Matkins, et al.
2010 Main Street
Suite 800
Irvine, CA 92614-7214

BUCHALTER
A Professional Corporation
18400 Von Karman Ave Ste 800
Irvine, CA 92612-0514

Danning, Gill, Israel & Krasnoff, LLP
907 Westwood Blvd., Suite 1078
Los Angeles, CA 90024-2904

Fisher & Phillips LLP
2050 Main St Ste 1000
Irvine, CA 92614-8240

Grobstein Teeple CPA
6300 Canoga Avenue, Ste 1500W
Woodland Hills, CA 91367-2555

Grobstein Teeple LLP
6300 Canoga Avenue Suite 1500W
Woodland Hills, CA 91367-2555

Hologenix, LLC
17383 Sunset Blvd., Suite A420
Pacific Palisades, CA 90272-4181

(p)LOS ANGELES COUNTY TREASURER AND TAX COLLE
ATTN BANKRUPTCY UNIT
PO BOX 54110
LOS ANGELES CA 90054-0110

Levene, Neale, Bender, Yoo & Brill L.L.P.
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067-6253

Polsinelli LLP
2049 Century Park East
Suite 2900
Los Angeles, CA 90067-3221

Theodora Oringher PC
55 Anton Blvd 9th Flr
Costa Mesa, CA 92626

Troutman Sanders LLP
11682 El Camino Real Ste 400
San Diego, CA 92130-2092

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Wells Fargo Bank, National Association
Hemar, Rousso & Heald, LLP
Raffi Khatchadourian
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2829

Wells Fargo Bank, National Association
Office of the General Counsel
Wells Fargo & Company
Yvonne Ramirez-Browning
21680 Gateway Center Dr, Ste 280
Diamond Bar, CA 91765-2456

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

AIG Property Casualty, Inc.
Kevin J. Larner, Authorized Representati
80 Pine Street, 13th Floor
New York, NY 10005-1734

AQ Textiles LLC
214 Staunton Drive
Greensboro NC 27410-6065

Allegro Systems SRL
Via Del Garda 46/Q Rovereto
Trento 368068
ITALY

AllergoSystem
Vi del Garda 46/Q
Rovereto, TN 38068
Italy

Allied Home LLC
6905 W Acco St Ste A
Montebello, CA 90640-5448

Alvaro Pascotto Rev. Tr. 5/17/2012
11111 Santa Monica Blvd, Suite 2200
Los Angeles, CA 90025-3399

Amber Bezahler
2300 Manning Ave.
Los Angeles, CA 90064-2208

BRE Sunset Coast, LLC
c/o Brickman Associates
712 5th Ave., 6th Fl.
New York, NY 10019-4108

Barry W. Lee
Manatt, Phelps & Phillips, LLP
2049 Century Park East, Suite 1700
Los Angeles, CA 90067-3119

Bear Mattress LLC
720 Monroe St Ste C508
Hoboken NJ 07030-6339

BeiDa/Kuseng
No. 3, Gong 8 Rd., LinKou Dist.,
New Taipei City, 244,
Taiwan

Best Pacific
Xinsha Port Industrial Zone, Machong Tow
523147, Dongguan City, Guangdong Provinc
China

Parlaix Point Ltd
117 Waterworks Way
Irvine, CA 92618-3110

Celatica LLC
294 Cherry Ave
Long Beach CA 90802-3946


(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

Chin Yarn Chainlon
I9F, NO. 386, Shizheng RD.,
Xitun Dist., Taichung City 407,
Taiwan

Cobe SRL
Via Rafaello, snc 06081
Assisi PG
ITALY


Cooley LLP
1333 2nd St., Suite 400
Santa Monica, CA 90401-4100

Cornerstone Research
555 W. 5th St., 38th Fl.
Los Angeles, CA 90013-1010

Courtney OKeefe
2620 Highland Ave.
Santa Monica, CA 90405-4402


Draper
28 Draper Lane
Canton, MA 02021-1598

Eclat
No. 28, Wu Chuan Road
Wu Ku District, New Taipei City
Taiwan 24886

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001


Equiribbon Creations
21 Lyndon Rd
Sharon, NMA 02067-2323

Experien Group, LLC
224 Airport Parkway, Suite 250
San Jose, CA 95110-3732

FENC
35F, No. 207, Tun Hwa South Rd
Sec 2, Taipei 1060 2, Taiwan
Republic of China


FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Fabrictech 2000, LLC dba Purecare
1402 S 40th Ave
Phoenix, AZ 85009-6113

Fiber Innovation Technology, Inc.
398 Innovation Dr.
Johnson City, TN 37604-7468


Fora Financial Advance, LLC
3050 Peachtree Road NW Suite 240
Atlanta GA 30305-2212

Fora Financial West LLC
519 8th Ave.., 11th Fl.
New York, NY 10018-4581

Fownes Brothers 7 Co
1201 Broadway 8th Floor
New York, NY 10001-5967


Franchise Tax Board
PO Box 942857
Sacramento, CA 94257-0001

Graham Casden
5097 Flagstaff
Boulder, CO 80302-9512

Hangzhou Chuangyuan feather
NO. 5 Xinda Road, Suoqian Town,
Xiaoshan District Hangzhou Zhejian G 311
China


Hangzhou Hengyi Textile
Xishan Yiqiao Town Xiaoshan
Hangzhou Zheijang Province
China

Hangzhou Shuangjin Textile
NO 302 Fuxing Village
Yiqiao Town Xiaoshan Dist. Hangzhou
China

Heidi J. Sorvino, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036-6516


Hilltop Holdings
325 North St. Paul, Suite 700
Dallas, TX 75201-3874

Hilovica
S.A. Carretera de Roda
6608500 Vic
Spain

IMM Group Inc.
7301 Washington Ave S
Edina, MN 55439-2407

Image Square Inc.
1627 Stanford Street
Santa Monica, CA 90404-4113

Via Molini 26
I-35013 Cittadella
Italia

Influence & Co.
1431 Cinnamon Hill Lane, Suite 104
Columbia, MO 65201-8191


Innocor, Inc.
200 Schulz Drive 2nd Floor
Red Bank, NJ 07701-6745

Inter Textile Innovation Co. Ltd
6F, Sakurahonmachibashi Bldg, 8-6
Honmachibashi Chuoku Osaka 5400029
JAPAN

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346


Iron Holdings, LTD
5123 Dunn Place
Nanaimo B.C., V9t-0J2
CANADA

John Hancock
197 Clarendon Street
Boston, MA 02116-5010

John Hancock
Corp. Real Estate Attn: JM Laverdur
200 Berkeley St. C-01-05
Boston, MA 02116-5022


John Hancock Life Insurance Company, et al.
c/o Peter D. Bilowz
Goulston & Storrs PC
400 Atlantic Avenue
Boston, MA 02110-3331

Jowett
Wintan Inc. 10359 Rush Street
S. El Monte, CA 91733-3341

Julien Born
208 N. 21st Street
Philadelphia, PA 19103-1001


Juno Sleep Pty/LTD
313 N Road
Caufield South 3162, Victoria
AUSTRALIA

Kent Imaging
804B 16th Avenue S
W Calgary, Alberta, T2R 0S9
CANADA

Labtex
14th Floor, No. 202, Sec. 2,
Yan-Ping N. Road, Taipei,
Taiwan


Luther
2F, 43 lane, Fu-Ying Rd,
Sinhuang District, New Taipei City, 2425
Taiwan

Maelor Group, Inc.
7 Village Woods Dr.
Amherst, NH 03031-1941

Manifattura Crespi-Healthy Textile Innovatio
Corso Italia 11-
22020 Vanzaghello Milan
Italy


Men Chuen
1 0FI., No. 392, Sec I
Nei Hu Road, Taipei,
Taiwan

Michael Haynes
7817 Chadamy Way
San Diego, CA 92130-5680

Microtrace LLC
790 Fletcher Dr., Suite 106
Elgin, IL 60123-4757


Multiple Energy Technologies, LLC
480 Johnson Rd., Suite 220
Washington, PA 15301-8936

Multiple Energy Technologies, LLC
c/o Heidi J. Sorvino, Esq.
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036-6516

Murali Sundar
438 Richond Street West, Suit 1508
Toronto, Ontariao, M5V 3S6 CANADA
CANADA


Nfinity Athletic LLC
53 Permalume Place
Atlanta, GA 30318

Northern Trust Company of Delaware
1313 N. Market St., Suite 5300
Wilmington, DE 19801-6103

PrimeLending Corp.
18111 Preston Rd. Suite 900
Dallas, TX 75252-6601


PrimeLending, a PlainsCapital Company
18111 Preston Rd.
#900
Dallas, TX 75252-6601

R.V. Winkle LLC
600 Franklin Ave
Garden City, NY 11530-8600

Real Innerspring Technologies Pvt. LTD
B-7, Sector 3
Noida - 201301 U.P.
INDIA

Seth Casden
25406 1/2 Malibu Rd.
Malibu, CA 90265-4622

Shinkong
3F, No. 276, Sec. 3, Chongqing N. Rd.
Datong Dist., Taipei City 10371, Taiwan
Republic of China

Shinkong
14FL., No. 123, Sec. 2
Nanking E. Rd., Tapiei
Taiwan


Socks for Horses, Inc
304 W 9th Ave #15
Havana, FL 32333-1600

Square One Distribution
35214 SE Center St
Snoqualmie, WA 98065-9279

Sunvim North America
11 Erb St. East #200
Waterloo, Ontario, N2T IL4


Tai Yuen Textile (Vietnam)
Dong Van II Industrial Park, Back Thuong
Duy Tien Town, Ha Nam Province,
Vietnam

The Design Tex Group Inc.
200 Varick St
8th Floor
New York NY 10014-4810

The Weinberg Group LLC
1129 Twentieth Street NW, Suite 600
Washington, DC 20036-3455


Thomas E. Butler
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036-6516

Toong Loung
Toung Loong Textile, 1
19 F, No. 31 Sec 2
San Ming Rd, Panchiao Dist. New Taipei C
Taiwan 220

Triclinic Labs
2660 Schuyler Ave., Suite A
Lafayette, IN 47905-4110


Troutman Sanders LLP
600 Peachtree Street, NE, Suite 300
Atlanta, GA 30308-2216

Truecar
1401 Ocean Ave.
Suite 300
Santa Monica, CA 90401-2163

Tula Consulting LLC
227 BROADWAY STE 302
SANTA MONICA CA 90401-3441


(p)UNDER ARMOUR INC
1020 HULL STREET
BALTIMORE MD 21230-5356

Under Armour, Inc.
c/o Annie Y. Stoops
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065

Wellman
Mullagh, Kells,
Co. Meath, A82 NN93,
Republic of Ireland


Wellmei
No. 698 Chenduan Road,
Xiaoshan District. Hangzhou 311201
China

Wells Fargo
5340 Kietzke Lane Ste 200
Reno, NV 89511-2067

Wells Fargo Bank, N.A.
Small Business Lending Division
P.O. Box 29482
Phoenix, AZ 85038-9482


Yaasa Studios Inc.
511 Olive Street
Santa Barbara, CA 93101-1609

Yak Sleep GmbH
Ottensteinstrabe 41
2344 Maria Enzersdorf
AUSTRIA

Carmela Pagay
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618


Gregory Kent Jones (TR)
Stradling Yocca Carlson & Rauth
10100 N. Santa Monica Blvd., Suite 1400
Los Angeles, CA 90067-4140

John-Patrick M Fritz
Levene Neale Bender Yoo & Golubchik
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Julien Born
c/o Weintraub & Selth, APC
11766 Wilshire Blvd., Suite 1170
Los Angeles, CA 90025-6553


Juliet Y. Oh
Levene Neale Bender Yoo & Golubchik, LLP
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Kurt Ramlo
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Lindsey L Smith
Levene Neale Bender Yoo & Golubchik, LLP
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Murali Sundar
c/o Weintraub & Selth, APC
11766 Wilshire Blvd., Suite 1170
Los Angeles, CA 90025-6553

Robert Esensten
Levene, Neale, Bender, Yoo & Golubchik L
2818 La Cienega Avenue
Los Angeles, CA 90034-2618

Ron Bender
Levene Neale Bender Yoo & Golubchik, LLP
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Seth Casden
c/o Weintraub & Selth, APC
11766 Wilshire Blvd., Suite 1170
Los Angeles, CA 90025-6553

Theodora Oringher PC
535 Anton Blvd, Ninth Floor
Costa Mesa, CA 92626-7109

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

LOS ANGELES COUNTY TREASURER AND TAX COLLECT
PO BOX 54110
LOS ANGELES, CA 90054-0110

Cell Business Equipment
1111 Old Eagle School Rd
Wayne, PA 19087-1453

(d)De Lage Landen
1111 Old Eagle School Rd
Wayne, PA 19087

Internal Revenue
P. O. Box 21126
Philadelphia, PA 19114

(d)LOS ANGELES COUNTY TREASURER AND TAX COLLE
PO BOX 54110
LOS ANGELES CA 90054-0110

Under Armour Inc
1020 Hull Street
Baltimore, MD 21230

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Alvaro Pascotto as Trustee of the Alvaro P

(u)Colony Group LLC

(u)Courtesy NEF

(u)INTERESTED PARTY

(u)M & G Partners

(u)Multiple Energy Technologies, LLC

(u)RBHM Commercial

(u)The Northern Trust Company of Delaware as

(u)The Northern Trust of Delaware as Trustee

(u)Tucker Ellis LLP

(u)Windes, Inc.

(u)Bio San D.O.O.
J Huttlera 7a
310 Osijekm. Hrvatska
CROATIA

(d)Polsinelli LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067-3221

(u)Barresearo D.O.O.
J.J. Strossmayera 314.
31000 Osijek
CROSATIA

(u)Dermer Behrendt

(u)Theodora Oringher

End of Label Matrix
Mailable recipients    124
Bypassed recipients     16
Total                  140

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **Declaration That No Party Requested A Hearing On Motion** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 29, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Todd M Arnold     tma@lnbyg.com
- Ron Bender     rb@lnbyg.com
- Thomas E Butler     butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- Robert Carrasco     rmc@lnbyg.com, rmc@lnbyg.com
- Oscar Estrada     oestrada@ttc.lacounty.gov
- Theodore W Frank     frank@psmlawyers.com, knarfdet@gmail.com;navarro@parkermillsllp.com
- John-Patrick M Fritz     jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- Michael S Greger     mgreger@allenmatkins.com, kpreston@allenmatkins.com
- Brian T Harvey     bharvey@buchalter.com, docket@buchalter.com;dbodkin@buchalter.com
- Gregory Kent Jones (TR)     gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Raffi Khatchadourian     raffi@hemar-rousso.com
- Tinho Mang     tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com; cmendoza@marshackhays.com
- Ron Maroko     ron.maroko@usdoj.gov
- Juliet Y. Oh     jyo@lnbyg.com, jyo@lnbyb.com
- Carmela Pagay     ctp@lnbyg.com
- Yvonne Ramirez-Browning     yvonne@browninglawgroup.com, veronica@browninglawgroup.com
- Kurt Ramlo     RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email
- Gregory M Salvato     gsalvato@salvatoboufadel.com, calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- James R Selth     jselth@yahoo.com, jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- Zev Shechtman     Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- Lindsey L Smith     lls@lnbyb.com, lls@ecf.inforuptcy.com
- Randye B Soref     rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Heidi J Sorvino     sorvinoh@whiteandwilliams.com, millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whiteandwilliams.com;butlert@whiteandwilliams.com
- Alan Stomel     alan.stomel@gmail.com, astomel@yahoo.com
- Annie Y Stoops     annie.stoops@afslaw.com,

1

yvonne.li@afslaw.com;mia.ferguson@afslaw.com
- Nicole Sullivan     sullivann@whiteandwilliams.com,
  vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- Derrick Talerico     dtalerico@wztslaw.com,
  maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
- Larry D Webb     Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- David Wood     dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**2.  SERVED BY UNITED STATES MAIL**:
On December 29, 2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on December 29, 2025  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

None.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 29, 2025 | Rebecka Merritt | /s/ Rebecka Merritt |
| Date | Printed Name | Signature |