RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER, YOO
   & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: RB@LNBYG.com; JPF@LNBYG.com;

Attorneys for Chapter 11 Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:20-bk-13849-BR |
| HOLOGENIX, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | Subchapter V |
| | **Subchapter V Debtor's Status Report Dated February 3, 2026** |
| | <u>Status Conference Hearing</u>:<br>Date:   February 17, 2026<br>Time:   10:00 a.m.<br>Place:  Courtroom 1668<br>           255 East Temple Street<br>           Los Angeles, CA 90012 |

Hologenix, LLC, Subchapter V debtor and debtor in possession herein (the "<u>Debtor</u>"), provides this report for the status conference set for February 17, 2026, at 10:00 a.m.

## I.     Ninth Circuit's Order on February 2, 2026

On February 2, 2026, the Ninth Circuit Court of Appeals issued an order dismissing the Debtor's three appeals for lack of appellate jurisdiction on three interlocutory decisions regarding the confirmation of Debtor's plan, assumption of an executory contract, and summary judgment for a $100,000 preference.  A copy of the order is attached as **Exhibit 1**

hereto. "We lack jurisdiction over these appeals. … the orders are not final and we have no jurisdiction to review them." [24-2881, Dkt. 65.1 at 1]. Debtor had appealed to the Ninth Circuit as final appeals under 28 U.S.C. § 158(d)(1). [24-2881, Dkt. 65.1 at 2].

The Ninth Circuit did not rule on the merits of the appeals. "Because we dismiss for lack of jurisdiction, we express no view on the merits of the district court's decision." [24-2881, Dkt. 65.1 at 4 n.1].

As the Ninth Circuit's order comes only one day prior to the due date of this status report, the Debtor is still evaluating what steps to take next regarding these matters.

## II.    Possible Motion to the District Court on Interlocutory Appeals

Debtor is considering whether to seek an order from the District Court to certify interlocutory appeals. In 2024, the Debtor filed a motion with the District Court to certify interlocutory appeal pursuant to 28 U.S.C. §§ 158(d)(2) and 1292(b), but, in 2025, the District Court denied the motion without prejudice because the District Court was divested of jurisdiction at that time by the Ninth Circuit having already accepted the appeals. [2:22-cv-07510-FMO, at ECF 109].

## III.    Possible Courses of Action on Remand to Bankruptcy Court

Regarding the plan, Debtor is considering whether to attempt confirmation of the same plan on remand or amend the plan. "The district court left open the possibility that the bankruptcy court could confirm the same plan or confirm a different plan." [24-2881, Dkt. 65.1 at 3].

Regarding the executory contract, the District Court "held that the bankruptcy court wrongly applied the business judgment rule and that bankruptcy court should have instead evaluated the propriety of the contract assumption under the 'inherent fairness' standard." [24-2881, Dkt. 65.1 at 3-4]. Debtor is considering whether to attempt assumption of the contract under this legal standard on the record before the Bankruptcy Court.

Regarding the $100,000 preference action of Hologenix v. Multiple Energy Technologies, LLC ("MET") (2:22-ap-01098-BR), Debtor is considering whether to seek summary judgment based on the evidence submitted or request that the matter be set for trial.

2

"The bankruptcy court could still grant summary judgment after giving appropriate weight to the piece of evidence that the district court required the bankruptcy court to consider, or the bankruptcy court could decline to grant summary judgment, leaving the parties with unsettled obligations and rights until the end of the trial." [24-2881, Dkt. 65.1 at 3].

Dated: February 3, 2026                    HOLOGENIX, LLC

                                            By:   */s/ John-Patrick M. Fritz*
                                                  Ron Bender
                                                  John-Patrick M. Fritz
                                                  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
                                                  Attorneys for Subchapter V Debtor and Debtor in Possession

# EXHIBIT "1"

|  |  |
|---|---|
| UNITED STATES COURT OF APPEALS<br><br>FOR THE NINTH CIRCUIT | **FILED**<br><br>FEB 2 2026<br><br>MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |
| MULTIPLE ENERGY TECHNOLOGIES, LLC,<br><br>        Plaintiff - Appellee,<br><br> v.<br><br>HOLOGENIX, LLC,<br><br>        Defendant - Appellant. | No. 24-2881, 24-2883, 24-2884<br><br>D.C. No.<br>2:22-cv-07510-FMO<br>Central District of California,<br>Los Angeles<br><br>ORDER |

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

We lack jurisdiction over these appeals. Because the district court's orders required the bankruptcy court to conduct additional fact-finding on remand, the orders are not final and we have no jurisdiction to review them. Accordingly, we dismiss these appeals. Because these appeals are dismissed, we deny the pending requests for judicial notice (Case No. 24-2881, Dkt. Nos. 9 and 37).

Appellant Hologenix is a debtor, and Appellee Multiple Energy Technologies (MET) is a creditor of Hologenix. In 2022, a bankruptcy court (1) confirmed Hologenix's reorganization plan; (2) granted summary judgment for Hologenix, ruling that Hologenix could avoid a preferential transfer it had made to MET; and (3) authorized Hologenix to assume an executory employment contract with Hologenix's CEO. On appeal, the district court held that the bankruptcy court (1)

improperly overlooked a substantial part of the reorganization plan when deciding to confirm it as "fair and equitable" under 11 U.S.C. § 1191(c); (2) failed to give appropriate weight to a piece of evidence on summary judgment in deciding that the preferential transfer could be avoided; and (3) applied the incorrect legal standard when deciding to authorize assumption of the executory employment contract. The district court remanded the matter to the bankruptcy court for further fact-finding.

Hologenix appeals these three district court rulings to us under 28 U.S.C. § 158(d)(1), which permits us to hear "appeals from all final decisions, judgments, orders, and decrees" issued from a district court that is acting in a bankruptcy appellate capacity. 28 U.S.C. § 158(d)(1); 28 U.S.C. § 158(a). We have jurisdiction to determine our jurisdiction, and we consider the question de novo. *Gugliuzza v. FTC* (*In re Gugliuzza*), 852 F.3d 884, 889 (9th Cir. 2017). Here, the district court's holdings are not "final," and we therefore lack jurisdiction.

In the bankruptcy context, an order is "final" if it "alters the status quo and fixes the rights and obligations of the parties" such that it ends a "discrete dispute[]." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501–02 (2015). "A decision that remands a case for further fact-finding will rarely have this degree of finality, unless the remand order is limited to ministerial tasks." *In re Gugliuzza*, 852 F.3d at 897; *see also Bank of New York Mellon v. Watt*, 867 F.3d 1155, 1158 (9th Cir. 2017). Each of the district court's orders here requires the bankruptcy court to engage in fact-

finding and legal analysis that represent far more than mere "mechanical or computational" ministerial tasks. *In re Gugliuzza*, 852 F.3d at 899 (citation modified).

First, without concluding whether the reorganization plan unfairly discriminated against MET, the district court remanded the matter to the bankruptcy court to consider previously overlooked parts of the plan. The district court left open the possibility that the bankruptcy court could confirm the same plan or confirm a different plan. This "[d]enial of [plan] confirmation with leave to amend . . . changes little," and the parties' rights and obligations remain unsettled such that there is no finality here. *Bullard*, 575 U.S. at 503; *see also Bank of New York Mellon*, 867 F.3d at 1158.

Second, the district court's denial of the bankruptcy court's summary judgment order avoiding a preferential transfer is not final. The bankruptcy court could still grant summary judgment after giving appropriate weight to the piece of evidence that the district court required the bankruptcy court to consider, or the bankruptcy court could decline to grant summary judgment, leaving the parties with unsettled obligations and rights until the end of the trial.

Third, the district court's judgment reversing the bankruptcy court's order authorizing assumption of an executory contract is not final. The district court held that the bankruptcy court wrongly applied the business judgment rule and that the

bankruptcy court should have instead evaluated the propriety of the contract assumption under the "inherent fairness" standard. When a district court determines that a bankruptcy court applied "an incorrect legal standard" and remands to the bankruptcy court to apply the correct standard and engage in further fact-finding, that determination is not final. *See e.g.*, *Sahagun v. Landmark Fence Co., Inc.* (*In re Landmark Fence Co., Inc.*), 801 F.3d 1099, 1101–03 (9th Cir. 2015).[1]

This court's four-factor test used to determine the finality of a case involving a remand to the bankruptcy court confirms these conclusions. This court examines "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) the systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." *Id.* at 1102.

All these factors weigh in favor of dismissing for lack of jurisdiction. With respect to the first two factors, "dismissal serves judicial efficiency and avoids piecemeal litigation by allowing the bankruptcy court to make additional findings of fact and conclusions of law before we exercise our jurisdiction. If we were to resolve [appellant's] appeals now, the parties would almost certainly climb back up the appellate ladder." *Ocwen Loan Servicing, LLC v. Marino* (*In re Marino*), 949 F.3d 483, 487 (9th Cir. 2020). With respect to the third factor, requiring the bankruptcy

---

[1] Because we dismiss for lack of jurisdiction, we express no view on the merits of the district court's decision.

court to resolve issues of fact in the first instance preserves its proper role. And with respect to the final factor, neither party will suffer "irreparable harm," as the mere fact of delay and incurring fees does not qualify. *See In re Landmark Fence*, 801 F.3d at 1103 ("That the plaintiff class has endured a significant delay . . . is regrettable, but not irreparable."); *In re Marino*, 949 F.3d at 488 ("Litigation costs generally do not qualify as irreparable harm.").

    **APPEALS DISMISSED.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

**A true and correct** copy of the foregoing document **Subchapter V Debtor's Status Report Dated February 3, 2026** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On February 3, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On February 3, 2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the `document is filed.
☐ Service information continued on attached page

**Honorable Barry Russell**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 3, 2026 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 3, 2026 | Kayleen Chang | /s/ Kayleen Chang |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

- **Todd M Arnold**  tma@lnbyg.com
- **Ron Bender**  rb@lnbyg.com
- **Thomas E Butler**  butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- **Robert Carrasco**  rmc@lnbyg.com, rmc@lnbyg.com
- **Aaron E. De Leest**  adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Oscar Estrada**  oestrada@ttc.lacounty.gov
- **Theodore W Frank**  frank@psmlawyers.com, knarfdet@gmail.com;navarro@parkermillsllp.com
- **John-Patrick M Fritz**  jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Michael S Greger**  mgreger@allenmatkins.com, kpreston@allenmatkins.com
- **Brian T Harvey**  bharvey@buchalter.com, docket@buchalter.com;dbodkin@buchalter.com
- **Gregory Kent Jones (TR)**  gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- **Alphamorlai Lamine Kebeh**  MKebeh@allenmatkins.com, mdiaz@allenmatkins.com
- **Raffi Khatchadourian**  raffi@hemar-rousso.com
- **Tinho Mang**  tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Juliet Y. Oh**  jyo@lnbyg.com, jyo@lnbyb.com
- **Carmela Pagay**  ctp@lnbyg.com
- **Yvonne Ramirez-Browning**  yvonne@browninglawgroup.com, veronica@browninglawgroup.com
- **Kurt Ramlo**  RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email
- **James R Selth**  jselth@yahoo.com, jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **Zev Shechtman**  Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com
- **Lindsey L Smith**  lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Randye B Soref**  rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Heidi J Sorvino**  sorvinoh@whiteandwilliams.com, millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whiteandwilliams.com;butlert@whiteandwilliams.com
- **Alan Stomel**  alan.stomel@gmail.com, astomel@yahoo.com
- **Annie Y Stoops**  annie.stoops@afslaw.com, yvonne.li@afslaw.com;mia.ferguson@afslaw.com
- **Nicole Sullivan**  sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- **Derrick Talerico**  dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **John N Tedford**  JNT@LNBYG.com, jnt@ecf.courtdrive.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Larry D Webb**  Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **David Wood**  dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com