RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: RB@LNBYG.COM; JPF@LNBYG.COM


Attorneys for Chapter 11
Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | ) Case No.: 2:20-bk-13849-BR |
| | ) |
| HOLOGENIX, LLC, | ) Chapter 11 Case |
| | ) |
|     Debtor and Debtor in Possession. | ) Subchapter V |
| | ) |
| | ) **DEBTOR'S REPLY BRIEF IN** |
| | ) **SUPPORT OF GRANTING MOTION** |
| | ) **TO ASSUME EXECUTORY** |
| | ) **EMPLOYMENT CONTRACT WITH** |
| | ) **SETH CASDEN AFTER REMAND** |
| | ) **FROM THE DISTRICT COURT** |
| | ) |
| | ) <u>Hearing</u>: |
| | ) Date:  May 26, 2026 |
| | ) Time:  10:00 a.m. |
| | ) Place:  Courtroom 1668 |
| | )      255 East Temple Street |
| | )      Los Angeles, CA 90012 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1

**TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY ................................................................................ 2

II.   MET'S ARGUMENTS LACK MERIT .......................................................................... 3

    A.   This Court Did Not "Adopt" Debtor's FFCL Verbatim .................................. 3

    B.   Allegations that MET's Expert Was Not Permitted to Testify ........................ 4

    C.   MET's Cases Are Not on Point ....................................................................... 4

    D.   Debtor Carried Its Burden of Proof ................................................................ 5

    E.   MET's Legal Theory of Fraudulent Transfer Is Not on Point ........................ 5

    F.   Debtor Is Not "Collaterally Attacking" the District Court's Order ................. 7

    G.   MET Is Defying This Court's Instructions and Improperly
       Attempting to Expand the Record ................................................................... 8

III.  CONCLUSION .......................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*In re AWTR Liquidation, Inc.*,
    548 B.R. 300 (Bankr.C.D.Cal.2016)......................................................................................4, 5

*Brown v. Brewer*,
    2010 WL 2472181 (C.D.Cal. June 17, 2010) .............................................................................5

*Brown v. Brewer*,
    2010 WL 2472182 (C.D.Cal. June 17, 2010) .............................................................................5

*In re G.I. Industries, Inc.*,
    204 F.3d 1276 (9th Cir.2000) ...............................................................................................6, 7

*In re Orion Pictures Corp.*,
    4 F.3d 1095 (2d Cir.1993).....................................................................................................6, 7

Pepper v. Litton,
    308 U.S. 295, 60 S.Ct. 238 (1939).............................................................................................4

*In re Pomona Valley Medical Group, Inc.*,
    476 F.3d 665 (9th Cir.2007) ......................................................................................................6

*In re TransCare Corp.*,
    638 B.R. 691 (Bankr.S.D.N.Y.2022)..........................................................................................4

**Federal Statutes**

11 U.S.C.
    § 548(a)(1) .................................................................................................................................6
    § 548(a)(1)(B)(ii)(IV) .........................................................................................................5, 6, 7

Hologenix, LLC, a Delaware limited liability company (the "Debtor"), the debtor and debtor in possession in the above-captioned, chapter 11 bankruptcy case hereby respectfully submits its reply (the "Reply") to the response (the "Response") [ECF 1143] filed by Multiple Energy Technologies, LLC ("MET") to Debtor's brief (the "Brief") [ECF 1135]  in support of this Court granting the Debtor's *Notice of Motion and Motion for Entry of an Order Authorizing Assumption of Executory Contract with Seth Casden* (the "Motion") [ECF 609] after the District Court's judgment (the "Judgment") [ECF 947] and decision (the "Decision") [ECF 946] remanding this Court's *Order Authorizing Assumption of Executory Contract with Seth Casden* (the "Order") [ECF 761], for further findings and conclusions.  A general understanding of the Debtor's chapter 11 plan and issues related thereto is presumed based on the Court's previously entered findings of facts and conclusions of law ("FFCL") [ECF 762] after plan confirmation, which are incorporated here by reference for background.  Initial capitalized defined terms used in this Reply have the same meanings as ascribed to them in the Brief unless otherwise specified or implied by context.

## I.    INTRODUCTION AND SUMMARY

The Court should grant the Motion because assumption of the executory employment contract (the "Contract") between the Debtor and Seth Casden meets the inherent fairness standard set in the District Court's Decision.  The District Court remanded the Order instructing the Bankruptcy Court to determine whether the assumption of the Contract met the inherent fairness standard: "… the Bankruptcy Court erred by not evaluating the Contract Motion under the inherent fairness standard."  ECF 946 (Decision) 8:9-23.[1]  The Debtor and MET agree, as ordered by the District Court, citing *Pepper v. Litton*, that: "The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain." ECF 946 (Decision) 8 (quoting Pepper v. Litton, 308 U.S. 295, 306-07, 60 S.Ct. 238, 245 (1939)); *see also*, ECF 1143 (Response) 9:17-19; *see also*, ECF 1135 (Brief) 6:10-11.  On the

---

[1] Pagination citation to bankruptcy ECF documents are to the page numbering at the top of the page in the Court Clerk's ECF ribbon.

existing record, the Court should evaluate the Contract under the inherent fairness test. Based on the existing record, and for all the reasons set forth in the Brief (which are not repeated here), the Debtor respectfully submits that the Court should approve the assumption of the Contract.

MET"s arguments in its Response are without merit. This Court did not "rubberstamp" FFCL proposed by the Debtor, nor did this Court deny MET due process when MET's expert witness never testified live (and MET made no objection about that at the time). None of MET's cited case law is on point in light of the District Court having already ruled that "inherent fairness" must be applied to determine the Motion, and the Debtor has carried its burden of proof with a robust record as discussed in Debtor's Brief. Consistent with Ninth Circuit precedent, MET cannot shoehorn an entire §548(a) fraudulent transfer lawsuit into its objection papers in §365 motion practice, as all that is required is for the Court to evaluate the Motion under the "inherent fairness" test on the evidence before it, and MET cannot expand the record to include further evidence in violation of this Court's instructions at the last status conference hearing. For all these reasons, as explained in greater detail below, and for all the reasons set forth in Debtor's Brief, the Court should grant the Motion.

## II. MET'S ARGUMENTS LACK MERIT

### A. This Court Did Not "Adopt" Debtor's FFCL Verbatim

Debtor takes issue with MET's meritless allegation that this Court has committed error by allegedly "adopting" Debtor's proposed FFLC "verbatim. ECF 1143 (Response) 6:19-25 (alleging that this Court "largely adopted the Debtor's draft FFCL…taken verbatim from Debtor's 97-page proposed findings of fact and conclusions of law."). This is an unfair allegation that MET raised on appeal: "The Bankruptcy Court abused its discretion by ***rubber-stamping*** a Plan (and Appellant drafted FFCL)." 2ND RJN – 40.1 at 9 (emphasis added). As this Court may recall, this Court permitted extensive briefing by the parties on the proposed FFCL, but MET discredited itself by making numerous arguments unsupported by the record, and substantial parts of Debtor's proposed findings were cut by this Court so that the Court made the FFCL its own. 2ND RJN 49.1 at 19-22.

**B. Allegations that MET's Expert Was Not Permitted to Testify**

Debtor also takes issue with MET's meritless allegation that this Court has committed error by allegedly denying MET the opportunity to put on MET's expert witness. ECF 1143 (Response) 6:5-6 ("… although MET's expert witness, Thomas Pastore ("Pastore"), was present, he was neither cross-examined nor provided an opportunity to testify by the Court."); ECF 1143 (Response) 14:20-21 ("The Court's credibility findings were based on the ability to hear Debtor's witnesses live while it was not afforded the same opportunity for MET's witness."); ECF 1143 14:19 (describing this issue of live testimony as one of "fundamental unfairness and infringement of MET's due process rights.").

MET raised this allegation as an issue on appeal entitled: "The Bankruptcy Court Denied [MET] Due Process." 2ND RJN 40.1 at 70-74. The Court may be surprised by MET's allegation because MET never raised this issue to this Court but instead raised it for the first time on appeal. *See generally*, BK record. MET's allegation lacks merit because MET had knowingly agreed to the procedures for direct testimony by declaration and live testimony only for cross-examination, Debtor's expert (Grobstein) was more credible because of his extensive bankruptcy experience (and by comparison, Pastore had practically none), and Pastore's declaration was so weak that Debtor had no need to cross-examine, and MET never raised a protest about this issue to this Court at the Hearing, but raised it as an issue only months later for the first time on appeal. ECF 1144 (RJN) 97-101; 2nd RJN 49.1 at 44-47.

**C. MET's Cases Are Not on Point**

MET has cited several cases involving adversary proceedings and lawsuits for breaches of fiduciary duty that have no bearing on whether to assume to the Contract, particularly in light of the District Court's mandate to apply the "inherent fairness" test of *Pepper v. Litton*.

MET's case of *In re TransCare Corp.*, involved a chapter 7 adversary proceeding complaint for state law breach of fiduciary duty claims, for which "[t]he parties agreed that the *entire* fairness standard governed," which is different from *inherent* fairness. *In re TransCare Corp.*, 638 B.R. 691, 698 (Bankr.S.D.N.Y.2022). MET's case of *In re AWTR Liquidation, Inc.*,

4

is another adversary proceeding lawsuit filed after a plan was confirmed and the executory contract assumption/rejection deadline had passed, and that lawsuit included state law claims for breach of fiduciary duty governed by state law. *In re AWTR Liquidation, Inc.*, 548 B.R. 300, 309 & 311 (Bankr.C.D.Cal.2016).   MET's case of *Pereira v. Cogan*, is yet another adversary proceeding, this one involving a chapter 7 trustee's motion for partial summary judgment on breach of promissory note causes of action under Delaware state law and the defense of offset for executive employment compensation. *Pereira*, 267 B.R. at 503-05. Finally, MET's cited case of *Brown v. Brewer* did not even involve a bankruptcy case, and, of course, applied Delaware's "entire fairness" (not, inherent fairness) test to a Delaware state law cause of action for breach of fiduciary duties by directors and officers. *Brown v. Brewer*, 2010 WL 2472181 *1, *3 (C.D.Cal. June 17, 2010).

### D.  Debtor Carried Its Burden of Proof

MET confuses "heightened scrutiny" as being a "burden of proof," which it is not. "Preponderance of evidence" is the "burden of proof," though the court must evaluate the contract with a level of "heightened scrutiny." MET has no case cite to support a different "burden of proof," and even *Brown v. Brewer*, a case cited by MET, stated that "entire fairness" is "the test applied when analyzing a breach of fiduciary duty," *Brown v. Brewer*, 2010 WL 2472182 *1, *4 (C.D.Cal. June 17, 2010), but *Brown* still applied the "preponderance of evidence" standard for the burden of proof. *Id.* at *2 n.3.

### E.  MET's Legal Theory of Fraudulent Transfer Is Not on Point

MET's objection to assumption of the Contract is premised on a misplaced legal theory that should have been part of MET's derivative fraudulent transfer lawsuit against Mr. Casden under §548(a)(1)(B)(ii)(IV),[2] which is wholly apart from the "inherent fairness" inquiry for Contract assumption.  As this Court may recall, on February 22, 2022, MET filed its "Motion for Standing to Pursue Certain Causes of Action Belonging to Debtor's Estate," seeking derivative

---

[2] ECF 1143 (Response) 10:11- 11:9 (Section "C" – "The Timing of the Employment Agreement Suggests Evasion, Not Good Faith").

standing to sue Casden and other insiders for alleged fraudulent transfers, preferential transfers, and post-petition unauthorized transactions under §544 , §547, §548, and §549. ECF 502 (MET Mtn for Derivative Standing). On March 30, 2022, this Court granted MET derivative standing to sue Casden for estate causes of action, which could have included avoidance of an insider employment agreement as a fraudulent transfer under §548(a)(1)(B)(ii)(IV). ECF 557 (order).

Notably, Congress enacted a very specific statute to address unfair insider employment contracts as being voidable as constructively fraudulent transfers. 11 U.S.C. §548(a)(1)(B)(ii)(IV). Upon obtaining derivative standing, MET actually filed a fraudulent transfer lawsuit against Mr. Casden and pleaded 11 U.S.C. §548(a)(1). ECF 587 (commencing 2:22-ap-01101-BR). However, MET did not allege that the Contract was a type of fraudulent transfer, and it cannot do so now by using a mere objection to an assumption Motion. As the Ninth Circuit has noted, doing so would be improper because "adjudicating the validity of a contract at the time of rejection would turn a summary proceeding into a full trial on the merits, a result that would be inconsistent with the procedures found in the Bankruptcy Code." *In re G.I. Industries, Inc.*, 204 F.3d 1276, 1282 (9th Cir.2000);[3] *see also*, *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 673 (9th Cir.2007). Consistent with the Ninth Circuit's decisions in *G.I. Industries, Inc.* and *Pomona Valley Medical Group, Inc.*, had MET desired to invalidate the Contract based on it being a type of fraud or the product of a breach of fiduciary duty, then MET should done so in its Adversary Proceeding.

"At heart, a motion to assume should be considered a summary proceeding, intended to efficiently review the trustee's or debtor's decision to adhere to or reject a particular contract in the course of the swift administration of the bankruptcy estate. It is not the time or place for prolonged discovery or a lengthy trial with disputed issues." *In re Orion Pictures Corp.*, 4 F.3d at 1098-99. Even where an executory contract is assumed, it does not extinguish the separate

---

[3] It is of no consequence that the decision in *G.I. Industries, Inc.* involved rejection rather than assumption of an executory contract, for that decision cites favorably to *Orion Pictures Corp.*, for the same proposition, which did involve the assumption of an executory contract. *In re G.I. Industries, Inc.*, 204 F.3d at 1282; *In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir.1993).

6

unresolved cause of action related thereto. *In re G.I. Industries, Inc.*, 204 F.3d at 1282; *In re Orion Pictures Corp.*, 4 F.3d at 1099.

This Court can examine whether to assume the Contract under the "entire fairness" standard without going to the length of subsuming a §548(a)(1)(B)(ii)(IV) adversary proceeding for fraudulent transfer within §365 motion practice. Indeed, subsuming a §548(a)(1)(B)(ii)(IV) adversary proceeding for fraudulent transfer within §365 motion practice would be impractical because debtors would be required to set up and knockdown every conceivable strawman argument in the motion before the creditor makes such objections or be left at the mercy of attempting to address them on reply and being accused of failing to include those points in the motion in the first place, which is precisely what occurred when MET derisively objected that Debtor's board members were "rubber stamps" and the Bankruptcy Court struck the reply declarations. ECF 1135 (Brief) 9-10. Nowhere could this be better demonstrated than by MET's discussion of the motion practice associated with the Contract Motion where MET challenges Debtor's evidence, does not cross-examine witnesses, and attacks any effort Debtor makes to respond with evidence on reply. ECF 1143 (Response) 15-18. The inherent fairness standard does not require this Court to subsume a §548(a)(1)(B)(ii)(IV) trial within motion practice. Rather, the inherent fairness test only requires that Debtor prove that the "transaction carries the earmarks of an arm's length bargain." ECF 946 (Decision) 8 (quoting *Pepper v. Litton*, 308 U.S. 295, 306-07 (1939)). For all the reasons set forth in Debtor's Brief, the Contract meets the inherent fairness test.

**F. Debtor Is Not "Collaterally Attacking" the District Court's Order**

Never missing an opportunity for hyperbole, MET alleges that Debtor is making "a collateral attack on the District Court's Order" by discussing the business judgment rule. ECF 1143 (Response) 11:20-21. MET is wrong, and Debtor is doing nothing of the sort, as Debtor clearly stated that "***before*** addressing 'inherent fairness,'… assumption of the Contract… is supported ***at the very least*** by an exercise of reasonable business judgment because it benefits the estate." ECF 1135 (Brief) 7:16-18 (emphasis added). Debtor is "covering its bases" by

explaining that, in addition to satisfying the "inherent fairness test" because of the earmarks of an arms-length transaction, the assumption of the Contract also benefits the estate.   ECF 1135 (Brief) 7:18- 8:6. This one paragraph and single mention in the Brief on the business judgment rule is not a collateral attack on the District Court Decision.   In fact, "business judgment" is never mentioned again anywhere in the Brief, and the rest of the Brief is devoted to the "inherent fairness" issue.

**G. MET Is Defying This Court's Instructions and Improperly Attempting to Expand the Record**

MET's citation to new evidence since the entry of the Order in 2022 is wholly improper. This Court specifically instructed the parties that it would not consider new evidence at the remand hearing.  ECF 1144 (RJN) 183 (transcript page 26).  Nonetheless, MET defies this Court, improperly citing several monthly operating reports filed years after the hearing on the Motion, as well as judgments against Mr. Casden and his resulting personal bankruptcy filing in this Court to argue that the Contract should not be assumed. *See*, ECF 1143 (Response) 12:5-24, 14:8-10, 15:1-5, 19:12-20.[4]

At the hearing on February 17, 2026, the Court decided that it would not consider any new evidence, which MET knew because MET submitted a copy of the transcript as part of its request for judicial notice ("RJN") [ECF 1144]:

> "THE COURT: … you know, more I think about it, I think you're right… I'd have to look at the plan at *that* time and whether – I think – I know I just changed my mind on the new evidence…And the question is, at *that* time, that's what we're talking about."[5]

---

[4] Somewhat ironically, MET has argued itself into a corner by admitting a point made by Debtor long ago – now that Mr. Casden has filed for bankruptcy, and MET is a creditor of both the Hologenix estate and the Casden estate, MET finds itself on both sides of the ledger with respect to whether the Contract cure amount stays with Hologenix or gets paid to Mr. Casden. *See*, ECF 1143 (Response) 19:16-20.  There is no conflict of interest for Hologenix or Mr. Casden in this regard, as the use of that cure payment will be monitored by this Court regardless of which estate it is in.  For MET, though, its continued litigation on this issue suggests MET is acting as a vexatious litigant rather than as a rational economic-driven creditor.

[5] ECF 1144 (RJN)182:18-24 (transcript page 25) (emphasis added).

"THE COURT: … I don't think at this point I need anything new."[6]

"THE COURT: … *I'm not going to allow any new evidence*."[7]

"THE COURT: … it may be as a practical matter things have changed, but that – but that is not the issue before me.  The issue before me, should I have confirmed *that* plan given the issues you've said."[8]

"THE COURT: …So there will be no – there will be no – you can argue it, but I don't want any new declarations as far as any – any new evidence…. *I should really look at it as of four years ago*…"[9]

MET knew it was not supposed to cite new evidence and make these arguments, but MET did it anyway.  To the extent that MET seeks cover for its action by arguing that the Contract Motion is separate from the Plan, the Debtor would point out that MET has always considered the Contract assumption part and parcel of the Plan, and, in MET"s own words: "On October 12, 2023 [sic][10]… the Court entered the Assumption Order allowing the Debtor to assume the Employment Agreement (that had already been assumed in the Plan…)."  ECF 1143 (Response) 5:24-26; *see also*, ECF 1143 (Response) 19:1-3 (describing the "Assumption Order" as "directly tied to, and affected by, the Confirmation Order and the fate of the Modified Plan"); *see also*, ECF 1143 (Response) 19:4-5 ("The Modified Plan was reversed on appeal, including its assumption of Mr. Casden's employment contract.").

/ / /

/ / /

/ / /

---

[6] ECF 1144 (RJN)183:1-2 (transcript page 26).

[7] ECF 1144 (RJN)183:8 (transcript page 26) (emphasis added).

[8] ECF 1144 (RJN)183:11-14 (transcript page 26) (emphasis added).

[9] ECF 1144 (RJN)18316-20: (transcript page 26) (emphasis added).

[10] The orders were entered in 2022, not 2023.

9

**III.    CONCLUSION**

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order:

(1)    Granting the Motion;

(2)    Amending the FFCL to include augmented findings and conclusions that the assumption of the Contract meets the inherent fairness test; and

(3)    Granting such further and other relief as the Court deems just and proper.

Dated: April 21, 2026                    HOLOGENIX, LLC

By: ___/s/ John-Patrick M. Fritz_____
RON BENDER
JOHN-PATRICK M. FRITZ
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
Attorneys for Chapter 11
Debtor and Debtor in Possession

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

**A true and correct** copy of the foregoing document **Debtor's Reply Brief In Support Of Granting Motion To Assume Executory Employment Contract With Seth Casden After Remand From The District Court** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 21, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On April 21, 2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the `document is filed.
☐  Service information continued on attached page

**Honorable Barry Russell**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 21, 2026  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 21, 2026 | J. Klassi | /s/ J. Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

- **Todd M Arnold     tma@lnbyg.com**
- **Ron Bender     rb@lnbyg.com**
- **Thomas E Butler     butlert@whiteandwilliams.com, sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com**
- **Robert Carrasco     rmc@lnbyg.com, rmc@lnbyg.com**
- **Aaron E. De Leest     adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com**
- **Oscar Estrada     oestrada@ttc.lacounty.gov**
- **Theodore W Frank     frank@psmlawyers.com, knarfdet@gmail.com;navarro@parkermillsllp.com**
- **John-Patrick M Fritz     jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com**
- **Michael S Greger     mgreger@allenmatkins.com, kpreston@allenmatkins.com**
- **Brian T Harvey     bharvey@buchalter.com, docket@buchalter.com;dbodkin@buchalter.com**
- **Gregory Kent Jones (TR)     gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com**
- **Alphamorlai Lamine Kebeh     MKebeh@allenmatkins.com, mdiaz@allenmatkins.com**
- **Raffi Khatchadourian     raffi@hemar-rousso.com**
- **Tinho Mang     tmang@marshackhays.com, tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com**
- **Ron Maroko     ron.maroko@usdoj.gov**
- **Juliet Y. Oh     jyo@lnbyg.com, jyo@lnbyb.com**
- **Carmela Pagay     ctp@lnbyg.com**
- **Yvonne Ramirez-Browning     yvonne@browninglawgroup.com, veronica@browninglawgroup.com**
- **Kurt Ramlo     RamloLegal@gmail.com, kr@ecf.courtdrive.com,ramlo@recap.email**
- **James R Selth     jselth@yahoo.com, jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com**
- **Zev Shechtman     Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;hannah.richmond@saul.com;LitigationDocketing@saul.com**
- **Lindsey L Smith     lls@lnbyb.com, lls@ecf.inforuptcy.com**
- **Randye B Soref     rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com**
- **Heidi J Sorvino     sorvinoh@whiteandwilliams.com, millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whiteandwilliams.com;butlert@whiteandwilliams.com**
- **Alan Stomel     alan.stomel@gmail.com, astomel@yahoo.com**
- **Annie Y Stoops     annie.stoops@afslaw.com, yvonne.li@afslaw.com;mia.ferguson@afslaw.com**
- **Nicole Sullivan     sullivann@whiteandwilliams.com, vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com**
- **Derrick Talerico     dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com**
- **John N Tedford     JNT@LNBYG.com, jnt@ecf.courtdrive.com**
- **United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov**
- **Larry D Webb     Webblaw@gmail.com, larry@webblaw.onmicrosoft.com**
- **David Wood     dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com**

2