RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: RB@LNBYG.COM; JPF@LNBYG.COM; KR@LNBYG.COM;

Attorneys for Chapter 11
Debtor and Debtor in Possession

FOR COURT USE ONLY

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

In re:

HOLOGENIX, LLC,

      Debtor and Debtor in Possession.

CASE NUMBER:  2:20-bk-13849-BR
Chapter 11 Case
Subchapter V

**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**

Debtors Motion To Confirm Debtors Chapter 11, Subchapter V Plan, Dated January 4, 2022, Modified June 21, 2022

PLEASE TAKE NOTE that the order titled **Amended Order, *Upon Remand*, Confirming Debtor's  Chapter 11, Subchapter V, Plan Dated January 4, 2022, Modified June 21, 2022** was lodged on June 23, 2026, and is attached.  This order relates to the motion which is docket number 658

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1         **F 9021-1.2.BK.NOTICE.LODGMENT**

RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM; JPF@LNBYG.COM

Attorneys for Chapter 11
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No.: 2:20-bk-13849-BR |
| | ) |
| HOLOGENIX, LLC, | ) Chapter 11 Case |
| | ) Subchapter V |
| Debtor and Debtor in Possession. | ) |
| | ) **AMENDED ORDER, *UPON REMAND*, CONFIRMING DEBTOR'S CHAPTER 11, SUBCHAPTER V, PLAN DATED JANUARY 4, 2022, MODIFIED JUNE 21, 2022** |
| | ) |
| | ) Hearing: |
| | ) Date: May 26, 2026 |
| | ) Time: 10:00 a.m. |
| | ) Place: Courtroom 1668 |
| | ) 255 East Temple Street |
| | ) Los Angeles, CA 90012 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1

On May 26, 2026, at 10:00 a.m., the Honorable Barry Russell, United States Bankruptcy Judge for the Central District of California (the "Court") held a hearing (the "Remand Hearing") live in-person in Courtroom 1668 on the 16th Floor of the United States Bankruptcy Courthouse located at 255 East Temple Street, Los Angeles, California, to consider the confirmation of the *Debtor's Chapter 11, Subchapter V Plan, Dated January 4, 2022, Modified June 21, 2022* [ECF 657] (the "Plan") filed by Hologenix, LLC, a Delaware limited liability company (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 bankruptcy case (the "Case"), after the District Court's judgment (the "Judgment") [ECF 947] and decision (the "Decision") [ECF 946] remanding this Court's *Order Confirming Debtor's Chapter 11, Subchapter V, Plan Dated January 4, 2022, Modified June 21, 2022* (the "Plan Order") [ECF 763], as amended [ECF 870], for further findings of fact and conclusions of law.

John-Patrick M. Fritz, Esq., appeared on behalf of the Debtor.  Nicole Sullivan, Esq., and Roy Zur, Esq., appeared on behalf of Multiple Energy Technologies, LLC ("MET"). Gregory Salvato, Esq. appeared on behalf of Seth Casden ("Mr. Casden").  Gregory K. Jones, Esq. appeared on his own behalf via Zoom video-conference in his capacity as the Subchapter V Trustee (the "Subchapter V Trustee") appointed in the Case.

On August 9 and 10, 2022, the Court held hearings (each a "Hearing" and, collectively, the "Hearings") on the confirmation of the Plan.  On August 9, 2022, the Court heard MET's live witness cross-examination of the Debtor's witness, Mr. Casden, and on August 10, 2022, the Court heard MET's live witness cross-examination of the Debtor's expert witness, Howard Grobstein, CFE, CFF, CPA.  On May 26, 2026, the Court held the Remand Hearing.

At the Hearings and Remand Hearing, the Court also heard and considered the Debtor's "*Notice of Motion and Motion for Entry of an Order Authorizing Assumption of Executory Contract with Seth Casden*" (the "Contract Motion") [ECF 609] upon remand from the District Court's Judgment and Decision.

2

(i)     All the pleadings and documents already listed in the findings of facts and conclusions of law ("FFCL") [ECF 762], in support of confirmation of the Plan;

(ii)    All of the pleadings and documents already listed in the Plan Order;

(iii)   All of the pleadings and documents already listed in the Court's *Order Authorizing Assumption of Executory Contract with Seth Casden* (the "Contract Order") [ECF 761];

(iv)    The District Court's Judgment;

(v)     The District Court's Decision;

(vi)    The Ninth Circuit's order (the "Ninth Circuit Order") [ECF 1128];

(vii)   The Debtor's Brief in Support of Granting Motion to Assume Executory Employment Contract with Seth Casden after Remand from the District Court (the "Contract Remand Opening Brief") [ECF 1135];

(viii)  The Debtor's Brief in Support of Confirming Plan After Remand from the District Court (the "Plan Remand Opening Brief") [ECF 1136];

(ix)    Multiple Energy Technologies, LLC's Response to Debtor's Brief in Support of Confirming Plan After Remand from the District Court (the "Plan Remand Answering Brief") [ECF 1141];

(x)     The Notice of Unpublished Authorities Cited in Multiple Energy Technologies, LLC's Response to Debtor's Brief in Support of Confirming Plan After Remand from the District Court [ECF 1142];

(xi)    Multiple Energy Technologies, LLC's Response to Debtor's Brief in Support of Granting Motion to Assume Executory Employment Contract with Seth Casden after Remand from the District Court (the "Contract Remand Answering Brief") [ECF 1143];

(xii)   The Request for Judicial Notice in Support of Multiple Energy Technologies, LLC's Responses to Debtor's Briefs Filed After Remand from the District Court (the "RJN") [ECF 1144];

3

(xiii)   Debtor's Reply in Support of Confirming Plan After Remand from the District Court (the "Plan Remand Reply") [ECF 1146];

(xiv)   Debtor's Reply Brief in Support of Granting Motion to Assume Executory Employment Contract with Seth Casden Ater Remand from the District Court (the "Contract Remand Reply") [EC 1147];

(xv)   Debtor's Request for Judicial Notice in Support of Debtor's Reply Briefs After Remand Filed on April 21, 2026 (the "2nd RJN") [ECF 1148]; and

(xvi)   The Subchapter V Trustee's Statement Regarding Confirmation of Plan After Remand (the "Subchapter V Trustee Remand Statement") [ECF 1151].

Unless otherwise stated with specificity or implied by context, initial capitalized defined terms used in this amended order upon remand have the same meanings as ascribed to them in the FFCL, Plan Order, and Contract Order.

In addition to the foregoing pleadings, documents, and evidence, the Court considered the record in the Case, the docket in the Case, and the oral arguments of counsel made on the record at the Remand Hearing [ECF 1154] (5/26/2026 Hg Tr.).  Without limitation, the Court has also considered  the evidence and oral argument from the hearings on August 9 and 10, 2022.  As set forth in the FFCL, a copy of the August 9, 2022, hearing transcript (the "8/9/22 Hr Tr") is available on the docket.  ECF 736; ECF 738.  As set forth in the FFCL, a copy of the August 10, 2022, hearing transcript (the "8/10/22 Hr Tr") is available on the docket.  ECF 735; ECF 739.  The Court may consider the cumulative record and evidence amassed throughout the case in confirming a plan.  *In re Acequia, Inc.*, 787 F.2d 1352, 1359 (9th Cir. 1986).

At the Hearing on August 9, 2022, the Court ruled on MET's Plan Evidentiary Objections [ECF 703].  The Court rules as follows: ***Overruled***: 2, 4, 5, 6, 12, 13, 14, 15, 16, 17, 18, 20, 22, 23; ***Sustained***: 1, 3, 7, 8, 9, 10, 11, 19, 21, 24, 25, 26.

At the Hearing on August 10, 2022, the Court ruled on MET's 2022 MTD Evidentiary Objections [ECF 727].  The Court rules as follows: ***Overruled***: 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,

4

13, 14, 15, 16, 21, 22, 23, 24, 25, 26, 27, 29, 31, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54; *Sustained*: 1, 17, 18, 19, 20, 28, 30, 32, 33, 34, 35, 36, 37, 38.

At the Hearing on August 9, 2022, the Court ruled on the Debtor's Motion to Strike [ECF 730] and struck the declaration of Shannon Vissman [ECF 726-1].  The Court overruled the Debtor's Motion to Strike [ECF 730] as to the declaration of Alberto Gutierrez [ECF 726-3], except for Exhibit "D" thereto.

Upon consideration of the foregoing, the Court has made the Court's amended and supplemental findings of facts and conclusions of law (the "ASFFCL") in support of confirmation of the Plan and granting of the Contract Motion authorizing the Debtor's assumption of the Contract, signed concurrently with this order.  The Plan, as modified by the FFCL, ASFFCL, the Plan Order, and this order (the "Amended Plan Order"), is referred to herein as the "Plan."  Based on the foregoing, and for the reasons stated in the FFCL as amended and supplemented by the ASFFCL, and for good cause appearing, therefor,

**THE COURT HEREBY FINDS** that notice of the  Plan, Motion, Hearings, and Remand Hearing, and the time fixed for submitting ballots and filing objections to confirmation of the Plan was good and proper and adequate under applicable rules and the circumstances of the Case, and no further notice is necessary or appropriate prior to entry of this Amended Plan Order confirming the Plan; and

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1.      The Motion is GRANTED as set forth in this Amended Plan Order.

2.      The Plan and each of its provisions, as modified by the Amended Plan Order, is CONFIRMED pursuant to 11 U.S.C. § 1191.  Any capitalized terms contained herein that are not otherwise defined have the meanings ascribed to them in the Plan and Motion.

3.      The Plan is confirmed as to Class 2 (including 2A and 2B), Class 4, Class 5, and Class 6 pursuant to 11 U.S.C. §§ 1129(a)(8) and 1191(a).

4.      The Plan is confirmed as to Class 3 pursuant to 11 U.S.C. § 1191(b).

5. The objections to the Plan are OVERRULED including, but not limited to, the oppositions filed by MET, and, to the extent it is an objection, the Trustee's Statement filed by the Subchapter V Trustee.

6. The terms of the Plan are incorporated by reference into and are an integral part of this Amended Plan Order. The failure to specifically include any particular provision of the Plan in this Amended Plan Order will not diminish the effectiveness of such provision or constitute a waiver thereof, it being the intent of the Court that the Plan is confirmed in its entirety and incorporated herein by reference, unless specifically modified by the Amended Plan Order.

7. To the extent the Plan is deemed to be a motion for approval of the compromises and settlements of various issues, such motion is hereby granted and such compromises and settlements are hereby approved, pursuant to 11 U.S.C. § 1123(b)(3) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8. The Plan is modified to strike the following sentence from the Plan: "If the Debtor and/or the Reorganized Debtor successfully defends against an adversary proceeding or other lawsuit to revoke discharge, revoke the Plan Confirmation Order, or otherwise allege confirmation by fraud, then the Debtor and/or Reorganized Debtor shall be entitled to an award and recovery of reasonable attorneys' fees and costs against any such plaintiff." ECF 657 (Plan) at 33:1-5. The Court will not rule in advance on whether an award of attorneys' fees and costs is appropriate or not. The striking of this language from the Plan is without prejudice to the Debtor seeking such attorneys' fees and costs if such an event comes to pass.

9. The Plan is modified as to the definition of "Effective Date," (ECF 657 (Plan) at 4:18-26), such that the effective date of the Plan (the "Effective Date" or "Plan Effective Date") will be the first business day that is at least fifteen (15) days following the date of entry of the Court's Order confirming the Plan, provided that all of the following conditions to the effectiveness of the Plan have been satisfied: (a) there shall not be any stay in effect with respect to the Amended Plan Confirmation Order; (b) the Amended Plan Confirmation Order shall not

be subject to any appeal or rehearing; and (c) the Plan and all documents, instruments and agreements to be executed in connection with the Plan shall have been executed and delivered by all parties to such documents, instruments and agreements.  The Debtor shall have the power to waive only conditions "(b)" and "(c)", and the Debtor shall not have the power to waive condition "(a)" of the foregoing.  As soon as reasonably practicable after the Effective Date has occurred, the Reorganized Debtor shall file and serve a notice of the occurrence of the Effective Date on the United States Trustee, the Subchapter V Trustee, and all holders of claims, and other parties in interest.

10.    Effective on the Effective Date, and except as expressly provided in this Amended Plan Order, the Plan and its provisions shall be binding upon the Debtor, the Reorganized Debtor, any individual or entity acquiring or receiving property or a distribution under the Plan and any holder of a claim against the Debtor, including all governmental entities, whether or not the claim of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.  Pursuant to 11 U.S.C. §§ 1123(a) and 1142(a) and the provisions of this Amended Plan Order, the Plan and all other Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

11.    The property of the Debtor's estate, including all cash on deposit in debtor-in-possession bank accounts, and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, avoidance actions and strong-arm powers of a trustee under chapter 5 of the Bankruptcy Code, and liabilities held or asserted by the Debtor, shall vest in the Reorganized Debtor on the Effective Date, free and clear of all liens, claims, encumbrances, and interests, except as expressly provided in the Plan.  On and after the Effective Date, the Reorganized Debtor may manage its financial affairs and may use, acquire, and dispose of the foregoing property free of any restrictions of the Bankruptcy Code, the Bankruptcy Rules, and this Court.

12.    The Reorganized Debtor's post-confirmation management will be the same as the Reorganized Debtor's pre-petition management and as set forth in the Plan.

13. Pursuant to Section 1146(b) of the Bankruptcy Code, any transfers from the Debtor to the Reorganized Debtor or any other person in the United States pursuant to the Plan shall not be taxed under any law imposing a stamp tax or other similar tax. Such exemption specifically applies, without limitation, to all documents necessary to evidence and implement distributions under the Plan, and vesting of the property in the Reorganized Debtor.

14. This Amended Plan Order constitutes an order of the Bankruptcy Court under § 365 of the Bankruptcy Code approving the assumption of the prepetition executory contracts and unexpired leases as set forth on Exhibit 6 to the Plan, with the Debtor and Reorganized Debtor having conclusively provided adequate assurance of future performance and with the cure amounts conclusively determined to be the amounts set forth on Exhibit 6 to the Plan as of the Effective Date, except with respect to assumption of the executory employment contract of Seth Casden, for which there is a separate motion and order, and for which the cure amount is $434,536.50, as updated in the reply declaration of Mr. Casden. ECF 721 (Casden Decl. II) at 11.

15. In accordance with the order of this Court, dated September 9, 2020 [ECF 215] (the "Assumption Order"), the Debtor previously assumed that certain office lease dated July 2, 2019 (as amended, the "Lease"). The Assumption Order is hereby ratified and incorporated into this Amended Plan Order. Notwithstanding anything in this Amended Plan Order or in the Plan to the contrary, following the Effective Date of the Plan the Debtor shall remain liable under the terms of the Lease and shall be obligated to pay and perform any accrued but unbilled amounts under the Lease including, but not limited to, common area maintenance charges, taxes, year-end adjustments, and indemnity obligations under the Lease, regardless of whether a claim arose before or after the Effective Date of the Plan.

16. As to those executory contracts and unexpired leases not listed on Exhibit 6 to the Plan, this Amended Plan Order constitutes an order of the Bankruptcy Court under § 365 of the Bankruptcy Code approving the rejection of those prepetition executory contracts and unexpired leases as of the Effective Date. If the rejection of an executory contract or unexpired lease

pursuant to the Plan results in a claim, then such claim will be classified as a Class 3 general unsecured claim if a non-insider, and a Class 4 general unsecured claim if an insider, but shall be forever barred and shall not be enforceable against the Debtor or Reorganized Debtor unless a proof of claim is filed and served upon counsel to the Reorganized Debtor within thirty (30) days after entry of this Amended Plan Order.  THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF AN UNEXPIRED LEASE OR EXECUTORY CONTRACT WHICH IS REJECTED ON THE PLAN EFFECTIVE DATE WILL BE THIRTY DAYS AFTER THE PLAN EFFECTIVE DATE. Such claims shall be subject to the limitations set forth in 11 U.S.C. § 502(b) and other applicable sections of the Bankruptcy Code.

17.    On and after the Effective Date, the Reorganized Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, indentures, and other agreements or documents, and take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

18.    Continuing obligations of third parties to the Debtor under insurance policies, contracts, or leases that have otherwise ceased to be executory or have otherwise expired on or prior to the Effective Date, including, without limitation, continuing obligations to pay insured claims, to defend against and process claims, to refund premiums or overpayments, to provide indemnification, contribution or reimbursement, to grant rights of first refusal, to maintain confidentiality, or to honor releases, shall continue and shall be binding on, and enforceable by the Reorganized Debtor against such third parties notwithstanding any provision to the contrary in the Plan, unless otherwise specifically terminated by the Reorganized Debtor or by order of this Court.

19.    THE BAR DATE FOR FILING REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIMS (OTHER THAN CLAIMS BY PROFESSIONALS EMPLOYED AT THE EXPENSE OF THE ESTATE) WILL BE THIRTY (30) DAYS AFTER THE EFFECTIVE DATE OF THE PLAN.  Any administrative claim (other than claims by

professionals employed at the expense of the estate) shall be barred if a request for payment of such administrative claim is not timely filed by the above-described bar date.

20.    All final applications seeking allowance and payment of professional fee claims pursuant to Sections 327, 328, 330, 331, or 503(b) of the Bankruptcy Code and any claims under Section 503(b)(3), (4), or (5) of the Bankruptcy Code must be filed and served on the Reorganized Debtor, and other necessary parties in interest no later than sixty (60) days after the Effective Date, unless otherwise ordered by this Court.  Objections to such applications must be filed and served on the Reorganized Debtor, its counsel, and the requesting professional or other entity no later than fourteen (14) days (or such longer period as may be allowed by order of this Court) prior to the hearing set by this Court for consideration of such application(s).  All allowed professional fee claims shall be paid in full in cash promptly after allowance, or as otherwise agreed to by the applicable professional, or in accordance with § 1191(e).

21.    Notwithstanding Local Bankruptcy Rule 3020-2(c)(1), the Reorganized Debtor will act as the disbursing agent under the Plan and submit a quarterly report to the Subchapter V Trustee, within 45 days after the end of each quarter, detailing the payees and amounts of payment to creditors under the Plan with bank statements as proof of payment.  The Reorganized Debtor will not charge any disbursing agent fee for making the Plan distributions.

22.    This Amended Plan Order shall and does enjoin the prosecution, whether directly, derivatively or otherwise, of any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, equitable remedy, liability or interest released, discharged, stayed, or terminated pursuant to the Plan.  Except as provided in the Plan or the Amended Plan Order, as of the Plan Effective Date, all entities that have held, currently hold or may hold a claim or other debt or liability or equitable remedy that was stayed or is discharged or an interest or other right of an equity security holder that is extinguished pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against: (I) (a) the Debtor or (b) the Reorganized Debtor, or (II) their property; on account of any such discharged claims, debts or liabilities or extinguished interests or rights: (i) commencing or continuing, in any manner or in

any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) commencing or continuing any action in any manner, in any place, that does not comply with or is inconsistent with the provisions of the Plan.  By accepting distributions pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section.  The injunction described in this paragraph (the "Injunction") is applicable to **all** creditors and parties in interest with respect to claims or causes of action arising or existing prior to the Plan Effective Date.

23.  All creditors and parties in interest who are presented with a copy of the Plan Amended Order are charged with actual knowledge of the Injunction and with actual knowledge that the Injunction is applicable to said creditor and/or party in interest ("Actual Knowledge"), such that it is impossible for said creditor and/or party in interest to have a good faith belief that the Injunction does not apply to said creditor's and/or party in interest's claim or cause of action. Accordingly, any creditor and/or party in interest charged with such Actual Knowledge may be held in contempt for violating the Injunction, which contempt proceeding shall include the Reorganized Debtor's reasonable attorneys' fees and costs for enforcing the Injunction.

24.  For the avoidance of doubt, the Injunction of this Amended Plan Order does not enjoin the Honorable Percy Anderson, United States District Court Judge for the Central District of California, from enforcing that certain "Order for Permanent Injunction" [Doc. No. 236] in District Court civil case number 2:19-cv-1483-PA-RAO.

25.  All consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all claims of any nature whatsoever against the Debtor and any of its assets and properties and, regardless of whether any property shall have been abandoned by order of this Court, retained, or distributed pursuant to the Plan on account of such claims; and upon the distribution of all payments required to be made under

the Plan, pursuant to the Plan, except as otherwise provided in the Plan or in this Amended Plan Order, the Debtor and Reorganized Debtor shall be deemed discharged and released under Sections 1141(d) and 1192 of the Bankruptcy Code from any and all claims, including, but not limited to, demands and liabilities that arose before the Effective Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (i) a proof of claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) a claim based upon such debt is allowed under Section 502 of the Bankruptcy Code, or (iii) the holder of a claim based upon such debt accepted the Plan.

26.    As of the Effective Date, except as provided in the Plan, all persons shall be precluded from asserting against the Debtor and the Reorganized Debtor any other or further claims, debts, rights, causes of action, or liabilities relating to the Debtor based upon any act, omission, transaction, or other activity of any nature that occurred prior to the Petition Date related to the Debtor and/or its assets and properties.

27.    Without limiting the effect of the foregoing upon any person, by accepting distributions pursuant to the Plan, each holder of an allowed claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in Section III.B.11 of the Plan, as modified by this Amended Plan Order.

28.    The exculpations provided for in Section III.B.10 of the Plan are hereby approved. To the maximum extent permitted by law, none of (i) the Debtor, (ii) the Reorganized Debtor, and/or (iii) any of the respective current or former officers, directors, managers, attorneys, or professionals, shall have or incur any liability to any holder of a claim, or any of its respective directors, officers, advisors, attorneys, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of confirmation of the Plan, or the confirmation of the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct, or willful violation of federal or state securities laws or the Internal Revenue Code (in each case as

determined by a final order subject to neither stay nor appeal), and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan. Notwithstanding the foregoing, nothing contained in the Plan shall release anyone from any liability relating to obligations created by the Plan or as to any property incorrectly distributed under the Plan.

29.    Unless otherwise provided in the Plan or in this Amended Plan Order, all injunctions or stays provided for in the Chapter 11 Case under Sections 105 or 362 of the Bankruptcy Code or otherwise, and existing before the Effective Date (excluding any injunctions or stays contained in the Plan or this Amended Plan Order), shall remain in full force and effect until the Court has entered a discharge effecting an injunction pursuant to 11 U.S.C §§ 524, 1141(d) and 1192. The Debtor shall receive a discharge pursuant to 11 U.S.C. §§ 1192 and 1141(d), as soon as practicable after the Debtor has completed payment to Class 3. If the Debtor prepays the Net Disposable Income under the Plan to Class 3, then the discharge pursuant to 11 U.S.C. §§ 1141(d)(1) and 1192 shall be effective upon such prepayment.

30.    Notwithstanding entry of this Amended Plan Order confirming the Plan and occurrence of the Effective Date, and except as otherwise ordered by this Court, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law.

31.    The rights, benefits, and obligations of any person named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such entity, including, but not limited to, the Reorganized Debtor and all other parties in interest in the Chapter 11 Case.

32.    If any term or provision of the Plan is determined to be invalid, void, or unenforceable, this Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding,

13

alteration, or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  This Amended Plan Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

33.    Any conflict between the terms of this Amended Plan Order and the Plan shall be resolved in favor of this Amended Plan Order.

34.    Notwithstanding Local Bankruptcy Rule 3020-2(c)(2), the Debtor, and not the Subchapter V Trustee, shall file the post-confirmation quarterly reports explaining what progress has been made toward consummation of the confirmed Plan, and no status conference hearing shall be scheduled unless upon specific order of the Court.

35.    The requirement of Local Bankruptcy Rule 3020-2(b)(2) for filing a report within 14 days of entry of the Plan Confirmation Report to set forth an anticipated substantial consummation date is waived because, pursuant to Plan Section IV.C, the date of anticipated substantial consummation is when the Class 3 payments shall be completed.  However, pursuant to Local Bankruptcy Rule 3020-2(b)(4), the Debtor, and not the Subchapter V Trustee, shall file a notice setting forth when substantial consummation of the Plan has occurred.

36.    Notwithstanding Local Bankruptcy Rule 3022-2(c), the Reorganized Debtor (and not the Subchapter V Trustee) shall file final reports, accounts, and motion for final decree.

37.    The Debtor shall file post-confirmation status reports with the Court every 120 days from the entry of this Amended Order.

**IT IS SO ORDERED.**

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

**A true and correct** copy of the foregoing document **NOTICE OF LODGMENT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 23, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On June 23, 2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the `document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 23, 2026  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| The Honorable Barry Russell<br>United States Bankruptcy Court<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street<br>Bin outside of Suite 1660<br>Los Angeles, CA 90012 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 23, 2026 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 2                    **F 9021-1.2.BK.NOTICE.LODGMENT**

- **2:20-bk-13849-BR Notice will be electronically mailed to:**

  Todd M Arnold    tma@lnbyg.com
- Ron Bender    rb@lnbyg.com
- Thomas E Butler    butlert@whiteandwilliams.com,
  sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Theodore W Frank    frank@psmlawyers.com, knarfdet@gmail.com;navarro@parkermillsllp.com
- John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com
- Brian T Harvey    bharvey@buchalter.com,
  docket@buchalter.com;dbodkin@buchalter.com;pjolley@buchalter.com
- Gregory Kent Jones (TR)    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- Raffi Khatchadourian    raffi@hemar-rousso.com
- Tinho Mang    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com
- Ron Maroko    ron.maroko@usdoj.gov
- Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com
- Carmela Pagay    ctp@lnbyg.com
- Yvonne Ramirez-Browning    yvonne@browninglawgroup.com, veronica@browninglawgroup.com
- Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email
- Gregory M Salvato    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- James R Selth    jselth@yahoo.com,
  jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- Zev Shechtman    Zev.Shechtman@saul.com,
  Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- Randye B Soref    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- Heidi J Sorvino    sorvinoh@whiteandwilliams.com,
  millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whiteandwilliams.com;butlert@whiteandwilliams.com
- Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com
- Annie Y Stoops    annie.stoops@afslaw.com, yvonne.li@afslaw.com
- Nicole Sullivan    sullivann@whiteandwilliams.com,
  vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- Derrick Talerico    dtalerico@wztslaw.com, maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- David Wood    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- Roye Zur    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                        Page 3                **F 9021-1.2.BK.NOTICE.LODGMENT**