ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Nicole A. Sullivan (pro hac vice)
sullivann@whiteandwilliams.com
Thomas E. Butler (pro hac vice)
butlert@whiteandwilliams.com
WHITE AND WILLIAMS LLP
810 Seventh Avenue, Suite 500
New York, New York 10019
(212) 631-4420

Attorneys for Creditor Multiple Energy Technologies, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

| | |
|---|---|
| In re<br><br>HOLOGENIX, LLC,<br><br>Debtor and Debtor in Possession. | Case No. 2:20-bk-13849-BR<br><br>Chapter 11 (Subchapter V)<br><br>**MULTIPLE ENERGY TECHNOLOGIES, LLC'S OBJECTION TO (I) "AMENDED AND SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW, *UPON REMAND*, IN SUPPORT OF ORDER CONFIRMING DEBTOR'S CHAPTER 11, SUBCHAPTER V, PLAN DATED JANUARY 4, 2022"; (II) AMENDED ORDER, *UPON REMAND*, CONFIRMING DEBTOR'S CHAPTER 11, SUBCHAPTER V, PLAN DATED JANUARY 4, 2022, MODIFIED JUNE 21, 2022; AND (III) DEBTOR'S AMENDED ORDER, *UPON REMAND*, AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACT WITH SETH CASDEN**<br><br>**Hearing:**<br>Date:    May 26, 2026<br>Time:    10:00 a.m.<br>Place:    Courtroom 1668<br>            255 E. Temple St.<br>            Los Angeles, CA 90012 |

8187372

**TABLE OF CONTENTS**

Page

I.   OBJECTION TO PROPOSED ASFFCL AND PROPOSED AMENDED
CONFIRMATION ORDER ........................................................................................1

   A.   Introduction .................................................................................................1

   B.   Background ..................................................................................................2

   C.   Argument......................................................................................................3

      1.   The Proposed Findings Cannot Be Adopted Because the Court Did
Not Make Them ................................................................................3

         (a)   The ASFFCL's Lengthy "Modern Composition Law"
Analysis Was Never Articulated by the Court. ..............................4

         (b)   The Unfair-Discrimination "Finding" Rests on Nothing
More than a One-Word Answer. ...................................................5

         (c)   The Findings Overruling MET's Staleness, Feasibility, and
Best Interest Objections Address Issues the Court Expressly
Declined to Decide. .......................................................................5

         (d)   The Alternative § 1191(C)(2)(B) Present-Value Finding Was
Never Mentioned at the Hearing. ...................................................6

         (e)   The Proposed ASFFCL Misrepresents the Record It Purports
to Memorialize. ..............................................................................6

         (f)   Section VIII of the Proposed ASFFCL Is an Improper and
Irrelevant Argument by the Debtor ...............................................7

      2.   The Proposed Findings Are Inconsistent With the District Court's
Order and Governing Law and Reinstates the Same Legal Error
Identified by the District Court ....................................................7

      3.   The Proposed Best Interest and Feasibility Findings Cannot Be
Entered, Because the Plan's Effective Date Is in 2026 and the
Debtor Has Offered Only a Disproven 2022 Record .................10

II.  OBJECTION TO PROPOSED AMENDED ASSUMPTION ORDER ..........................11

   A.   No Operative Findings Under the Inherent Fairness Standard...........................11

   B.   The Proposed Amended Assumption Order Impermissibly Relies on
Confirmation Findings ...................................................................................14

   C.   The Court and the Proposed Amended Assumption Order Ignore MET's
Arguments Concerning the Lack of Evidence to Satisfy the Insider's
Burden ...........................................................................................................15

   D.   Conclusion....................................................................................................16

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

III.    THE PROPOSED AMENDED ORDERS OMIT THE STAY ORDERED BY THE COURT ...................................................................................................................17

IV.    RESERVATION OF RIGHTS...........................................................................................17

V.    CONCLUSION .................................................................................................................17

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8187372

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Matter of Beverly Hills Bancorp*,
    752 F.2d 1334 (9th Cir. 1984) ............................................................................................ 7

*In re Curiel*,
    651 B.R. 548 (9th Cir. BAP 2023) ............................................................................ 10, 11

*Firth v. U.S.*,
    554 F.2d 990 (9th Cir. 1977) .............................................................................................. 7

*In re Hotel Hollywood*,
    95 B.R. 130 (9th Cir. BAP 1988) ................................................................................... 1, 3

*Ischay v. Barnhart*,
    383 F. Supp. 2d 1199 (C.D. Cal. 2005) ............................................................................ 7

*In re Las Vegas Monorail Co.*,
    462 B.R. 795 (Bankr. D. Nev. 2011) ............................................................................... 10

*In re Monarch Beach Venture, Ltd.*,
    166 B.R. 428 (C.D. Cal. 1993) ...................................................................................... 3, 5

*S. Pac. Transp. Co. v. Voluntary Purchasing Grps., Inc.*,
    252 B.R. 373 (E.D. Tex. 2000) ...................................................................................... 10

*Silver v. Exec. Car Leasing Long-Term Disability Plan*,
    466 F.3d 727 (9th Cir. 2006) ......................................................................................... 2, 4

*In re T.H. Richards Processing Co.*,
    910 F.2d 639 (9th Cir. 1990) .............................................................................................. 2

*United States v. Kellington*,
    217 F.3d 1084 (9th Cir. 2000) ............................................................................................ 8

*United States v. Thrasher*,
    483 F.3d 977 (9th Cir. 2007) .............................................................................................. 7

*In re Young Broad. Inc.*,
    430 B.R. 99 (Bankr. S.D.N.Y. 2010) .............................................................................. 10

**Rules**

Fed. R. Bankr. P. 9014 ........................................................................................................... 1, 3

Fed. R. Bankr. P. 7052 ........................................................................................................... 1, 3

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Fed. R. Civ. P. 52 ................................................................................................................. 1, 3, 9

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Creditor Multiple Energy Technologies, LLC ("MET") hereby submits this Objection to the Amended and Supplemental Findings of Fact and Conclusions of Law, Upon Remand In Support of Order Confirming Debtor's Chapter 11, Subchapter V, Plan Dated January 4, 2022, Modified June 21, 2022 (the "Proposed ASFFCL") [Docket No. 1158], the Amended Order, Upon Remand, Confirming Debtor's Chapter 11, Subchapter V, Plan Dated January 4, 2022, Modified June 21, 2022 (the "Proposed Amended Confirmation Order") [Docket No. 1159], and the Debtor's Amended Order, Upon Remand, Authorizing Assumption of Executory Contract with Seth Casden (the "Proposed Amended Assumption Order") [Docket No. 1160] filed by debtor and debtor-in-possession Hologenix, LLC ("Debtor") as follows.

## I.      OBJECTION TO PROPOSED ASFFCL AND PROPOSED AMENDED CONFIRMATION ORDER

### A.      Introduction

On remand from the District Court, this Court held the May 26, 2026 hearing to decide what the District Court's reversal required it to do. The Court asked counsel for MET and the Debtor, more than once, "what it is that I have to do today." (Docket No. 1161, Transcript of Hearing Held on May 26, 2026 ("Tr."), p. 27 of 52, ll. 5-10.) It then announced in brief terms that it would re-confirm the same Plan it had confirmed in 2022, and directed the Debtor to lodge proposed findings. (Tr. p. 35 of 52, ll. 3-7.)

The Debtor has now lodged a 53-page document (*i.e.*, the Proposed ASFFCL), together with Proposed Amended Order. The Proposed ASFFCL bears little resemblance to what the Court actually said on May 26. As to the Plan, it contains a lengthy, multi-decade "modern composition law" statutory/history analysis, a detailed unfair-discrimination allocation analysis, Best Interest and feasibility conclusions on a four-year-old record, and an alternative section 1191(c)(2)(B) present-value holding – none of which the Court articulated at the hearing. MET objects on two independent grounds.

First, the Proposed ASFFCL does not reflect findings the Court actually made. Rule 52(a) of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rules 9014 and 7052, requires findings that reflect the Court's own "informed and independent judgment." *See In re Hotel*

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400  •  Facsimile: 310.746.4499

*Hollywood*, 95 B.R. 130, 134 (9th Cir. BAP 1988). The Proposed ASFFCL instead attributes to the Court an elaborate legal thesis and a set of detailed factual conclusions the Court never voiced, including conclusions on issues the Court expressly declined to decide. Findings drafted by a prevailing party and untethered from the court's own stated reasoning are precisely the kind of "borrowed findings" the Ninth Circuit reviews "with special scrutiny." *See Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 728 (9th Cir. 2006); *see also In re T.H. Richards Processing Co.*, 910 F.2d 639, 643 n.2 (9th Cir. 1990) ("We note that the bankruptcy court here engaged in the regrettable practice of adopting the findings drafted by the prevailing party wholesale.  Indeed, the court merely crossed out the word 'proposed' in entering the challenged findings. We therefore must review its findings with special scrutiny.") (citations and quotations omitted). The Court should decline to adopt them.

Second, the Proposed ASFFCL is inconsistent with the District Court's Order and with governing law. The District Court did not invite the Court to reconsider whether to re-confirm the Plan as a matter of "discretion." Rather, it *reversed* the confirmation, holding that the Court's interpretation of section 1191(c) "reflect[ed] an incorrect application of the law," and it directed the Court to analyze unfair discrimination "in light of the disposition of assets beyond disposable income" and across "the entire duration of the Plan." [*See* Docket No. 946, District Court Order, at 4-5.] The Proposed ASFFCL improperly recasts that reversal as a mere grant of "discretion" that the Court then declines to exercise, and it enters Best Interest and feasibility findings that no current record supports.

Accordingly, and for the reasons set forth below, MET respectfully requests that the Court decline to adopt the Proposed ASFFCL and the Proposed Amended Order as lodged. By filing this Objection, MET does not waive, and expressly preserves, all of its objections to confirmation of the Plan.

### B.      Background

In 2022, this Court confirmed the Debtor's Subchapter V Plan over MET's objection and entered accompanying findings. On March 29, 2024, the District Court reversed. As to plan confirmation, the District Court held that this Court had treated section 1191(c) as limiting creditor

recovery to disposable income and to a five-year period, and that this "appears to reflect an incorrect application of the law" because the statute's "includes" language is non-exhaustive. [*See* Docket No. 946, District Court Order, at 4-5.] The District Court held that this Court was "required to consider whether Met's recovery was unfairly discriminatory in light of the disposition of assets beyond disposable income," and also required to consider how Met's recovery compared to the recovery of other creditors during the entire duration of the Plan, not just the five years after confirmation. [*See* Docket No. 946, District Court Order, at 5.] It found the disparity between Class 3's 12.5% recovery and the 100% recovery for insider Classes 2 and 4 "dramatic," and it "reversed and remanded" the Confirmation Order and the accompanying findings. [*See* Docket No. 946, District Court Order, at 6, 10.]

At the May 26, 2026 hearing, the Court described the plan question as "trickier than I must admit" and repeatedly asked the parties's counsel to tell it what the remand required. (Tr. p. 20 of 52, ll. 11-14.) The Court stated its interpretation that "the district court ruled that it was not mandatory, but it was discretionary," and that it would not exercise its discretion to require any payment beyond five years without explanation. (*Id.*, p. 38 of 52, ll. 9-17.) It announced it would confirm the Plan and directed the Debtor to "prepare . . . finding of fact, conclusions of law." (*Id.*, p. 35 of 52, ll. 3-7.) MET preserved on the record its multiple objections to confirmation "that were not addressed today." (*Id.*, p. 35 of 52, ll. 18-22.) The Court set a schedule allowing MET to object to the Debtor's proposed findings. (*Id.*, p. 48 of 52, ll. 20-25.)

The Debtor lodged the Proposed ASFFCL and Proposed Amended Order on June 23, 2026.

C.     **Argument**

    1.     **The Proposed Findings Cannot Be Adopted Because the Court Did Not Make Them**

Rule 52(a), applicable to contested matters through Bankruptcy Rules 9014 and 7052, requires the court to "find the facts specially and state separately its conclusions of law." *Hotel Hollywood*, 95 B.R. at 132. Findings must be "sufficiently explicit to give the appellate court a clear understanding of the basis of the trial court's decision," and must "show that [the court] examined the proper factors and made an informed and independent judgment." *Id.* at 133-34. Conclusory or

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

"sketchy" findings that are "too vague and general" do not satisfy the standard; the court must "specifically articulate" the required determinations. *In re Monarch Beach Venture, Ltd.*, 166 B.R. 428, 437-38 (C.D. Cal. 1993). Where a court adopts a prevailing party's proposed findings, the Ninth Circuit reviews them "with special scrutiny," because the ""regrettable practice" of adopting the findings drafted by the prevailing party wholesale" requires the reviewing court "to review the record and the district court's opinion more thoroughly." *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 733 (9th Cir. 2006) (quotation omitted). Courts "must be wary of borrowed findings in any event." *Id.* at 728.

Here, the Court supplied no framework of essential findings at the May 26 remand hearing. It gave brief, tentative oral remarks and asked the Debtor to supply the findings. The Proposed ASFFCL does not memorialize the Court's reasoning, and instead manufactures a record the hearing does not contain.

### (a) The ASFFCL's Lengthy "Modern Composition Law" Analysis Was Never Articulated by the Court.

The centerpiece of the Proposed ASFFCL is a lengthy statutory-history thesis invented by the Debtor: that Subchapter V is "modern composition law," traced through Section 77B of the 1934 Act, Chapters X, XI, and XIII of the Chandler Act, the 1952 deletion of the fair-and-equitable requirement from Chapter XI, the 1978 Code, and Chapter 13 "good faith" jurisprudence, culminating in the conclusion that there is "no reason to exceed three years or disposable income for this Plan to be fair and equitable." Proposed ASFFCL, at 22. The Court made no such findings. It did not analyze § 77B of the 1934 Act, the Chandler Act, the absolute priority rule, or the legislative history of the commitment period. To the contrary, the Court candidly stated that it was "trying to figure out exactly" what the District Court's order required, and that it was making its "best judgment given what I think the district court wanted me to do." (Tr. p. 34 of 52, ll. 21-25; p. 38 of 52, ll. 9-17.) A party may not convert the Court's acknowledgment that it was "one of the few people around who's been around . . . for that long" – offered while Debtor's counsel argued the history (Tr. p. 33 of 52, ll. 3-7) – into a judicial adoption of a 100-year so-called "composition law" analysis the Court never appears to have performed.

8187372

4

**(b)    The Unfair-Discrimination "Finding" Rests on Nothing More than a One-Word Answer.**

The Proposed ASFFCL devotes several pages to concluding that the Plan "does not discriminate unfairly" because, under a composition law "allocation" theory, all disposable income is allocated to Class 3 while insiders' debt-and-equity structure is deferred. Proposed ASFFCL, at 35. The Court articulated none of this. The entirety of the Court's oral "finding" on unfair discrimination is its one-word assent – "That's correct" – when MET's counsel observed that the Court was "concluding that [the Plan] doesn't" unfairly discriminate. (Tr. p. 40 of 52, ll. 12-13.) Contrary to the District Court's express instruction, the Court did not compare Class 3's recovery to the insider classes' recovery; it instead treated the disparity as "nothing new" and "already raised in the previous confirmation." (Tr. p. 39 of 52, ll. 15-18.) A one-word answer cannot support the multi-page allocation findings the Debtor has drafted, and findings "too vague and general" to permit review are inadequate as a matter of law. *See Monarch Beach Venture*, 166 B.R. at ___.

**(c)    The Findings Overruling MET's Staleness, Feasibility, and Best Interest Objections Address Issues the Court Expressly Declined to Decide.**

The Proposed ASFFCL contains several paragraphs overruling MET's objections that the Plan cannot be confirmed on stale, four-year-old figures and that the Debtor has not established feasibility under section 1129(a)(11) or the best interests test under section 1129(a)(7). Proposed ASFFCL, at 9. The Court decided none of this. When MET argued that the Court was "confirming a plan that is based on numbers that we know are false," the Court responded: "I'm not saying yes or no, but that's your argument." (Tr. p. 36 of 52, ll. 8-9.) The Court did not resolve MET's objection that "we don't have a liquidation analysis that's anywhere near to current," that the existing one is "over four years old," or that the patent "the Debtor obtained in the interim" is "not included anywhere." (Tr. p. 36 of 52, ll. 14-24.) Findings that overrule objections the Court left expressly unresolved are not the Court's determinations and should not be entered.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

**(d)      The Alternative § 1191(C)(2)(B) Present-Value Finding Was Never Mentioned at the Hearing.**

The Proposed ASFFCL introduces a complete alternative ground for confirmation, namely that the Plan is idependently "fair and equitable" under section 1191(c)(2)(B) because it allegeldy provides the present value of the projected disposable income. Proposed ASFFCL, at 30. The Court never articulated such a holding. The remand hearing contains no discussion about section 1191(c)(2)(B), no discussion of present value, no analysis of discount rates, and no finding that the Plan satisfies that subsection. Nor was the District Court's remand directed to that issue. The proposed finding therefore does not memorialize a ruling made by the Court; it supplies an entirely new theory of confirmation that was never mentioned by the Court. A prevailing party may not use proposed findings as a vehicle to insert alternative merits rulings that were never announed by the Court. Findings must reflect the Court's actual reasoninb. They cannot be used to create additional appellate defenses after the fact. Thus, this freestanding alternative ground is pure post-hoc drafting and cannot be entered as a finding the Court made.

**(e)      The Proposed ASFFCL Misrepresents the Record It Purports to Memorialize.**

In addition to attributing unmade findings to the Court, the Proposed ASFFCL also mischaracterizes the transcript it cites. Specifically, it quotes the Court's statement that it "totally agree[d] with the arguments made by the Debtor" as support for the plan-confirmation conclusion (*see* Proposed ASFFCL, at 28), but that remark was made about the unrelated summary judgment/preference order in the adversary proceeding, not in connection with the Plan. (Tr. p. 14 of 52, ll. 24-25.) Additionally, it improperly cites the hearing transcript for the proposition that the District Court's ruling "does not require property beyond a five-year Commitment Period" (*see* Proposed ASFFCL, at 7 n.4) – *i.e.*, the very "discretionary" misreading of the District Court's mandate addressed below. In sum, a proposed order that misstates the record it purports to memorialize should not be adopted.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

**(f) Section VIII of the Proposed ASFFCL Is an Improper and Irrelevant Argument by the Debtor**

Section VIII of the Proposed ASFFCL does not address any element of confirmation, any issue identified in the District Court's remand order, or any factual dispute relevant to confirmation of the Plan. Instead, it consists of commentary by the Debtor concerning prior appellate arguments regarding proposed findings practice and whether this Court previously adopted findings drafted by the Debtor. Proposed ASFFCL, at 49-50.

The Debtor's arguments and observations are not findings supporting confirmation. Nor are they responsive to any issue remanded by the District Court. Inclusion of argumentative commentary concerning prior appeals only confirms that the Proposed ASFFCL extends far beyond memorializing the Court's actual rulings. Section VIII should be omitted in its entirety.

**2. The Proposed Findings Are Inconsistent With the District Court's Order and Governing Law and Reinstates the Same Legal Error Identified by the District Court**

The mandate rule governs this Court's authority on remand. The mandate rule "is similar to, but broader than, the law of the case doctrine." *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007) (internal quotations and citation omitted). That rule provides that, "[o]n remand, a trial court may not deviate from the mandate of an appellate court. . . . When a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir. 1984) (citations and quotation omitted). "The Supreme Court long ago emphasized that when acting under an appellate court's mandate, an inferior court 'cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided upon appeal; or intermeddle with it, further than to settle so much as has been remanded.'" *Id.* (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)). The mandate rule leaves the Court "without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the] court deciding the case." *Firth v. U.S.*, 554 F.2d 990, 994 n.3 (9th Cir. 1977)

(quoting *Thornton v. Carter*, 109 F.2d 316, 319-20 (8th Cir. 1940)).

The District Court's ruling on the § 1191(c) issue is "finally settled" and binds this Court as the law of the case. On remand this Court's actions must conform to "both the letter *and the spirit*" of the District Court's decision. *Ischay v. Barnhart*, 383 F. Supp. 2d 1199, 1214 (C.D. Cal. 2005) (quotations omitted). It is not for this Court to treat the District Court's holding as advisory or to decide that the corrected legal framework need not change the result.

The Proposed ASFFCL repeatedly characterizes the District Court's decision as a ruling that section 1191(c) merely "*permits* the Bankruptcy Court to consider more," leaving the Court free to decline to do so. Proposed ASFFCL, at 8 (emphasis added). The Court adopted the same framing at the hearing, stating that it "interpreted that the district court ruled that it was not mandatory, but it was discretionary," and declining to "exercise my discretion." (Tr. p. 38 of 52, ll. 9-17.) But the District Court did not grant discretion. It identified reversible legal error. It held that this Court's reading of section 1191(c) "reflect[ed] an incorrect application of the law," that the Court had "overlook[ed] a substantial part of the Plan, including the provisions entitling certain creditors to 100% recovery," and that the Court was "required to consider" recovery beyond disposable income and across the Plan's "entire duration." [Docket No. 946, District Court Order, at 4-6.] A mandate "require[s] respect for what the higher court decided." *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000). The Proposed ASFFCL's characterization of the District Court's reversal (based on what it identified as legal error) as a "discretionary election" that this Court declines contravenes both the letter and the spirit of the District Court's decision.

Indeed, the Proposed ASFFCL reinstates the very analysis the District Court rejected. It concludes there is "no reason to exceed three years or disposable income" (Proposed ASFFCL, at 23), a reading of section 1191(c) expressly rejected by the District Court. [Docket No. 946, District Court Order, at 4.] Confirming the same Plan on the same reasoning, relabeled as "discretion," simply repeats the same error identified by the District Court in reversing the prior confirmation order.

The Proposed ASFFCL also confirms that the Court did not engage in the analysis required by the District Court. The District Court specifically directed this Court to "consider how Met's

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8187372

8

recovery compared to the recovery of other creditors during the entire duration of the Plan," and flagged the "dramatic" disparity between Class 3's 12.5% and the insider classes' 100% recovery. [Docket No. 946, District Court Order, at 6.] The Proposed ASFFCL does not make findings that undertake that comparison on the merits. Instead, it asserts a so-called composition-law "allocation" theory to explain why the disparity is permissible. However, as discussed above, the Court never adopted that theory, and it treated the disparity as "nothing new" rather than analyzing it. (Tr. p. 39 of 52, ll. 15-18.) A finding that the Plan does not discriminate unfairly, unsupported by the entire-duration comparison the mandate required, is both inconsistent with the District Court's order and inadequate under Rule 52.

The record reflects that the Court's decision to re-confirm the Plan rested substantially on the Court's concern that "this case could never get settled, because whatever I do, you're going to appeal," and its expectation that "the district court will tell me I'm wrong" if it erred. (Tr. p. 37 of 52, ll. 13-22; p. 17 of 52, ll. 15-19.) Understandable as those concerns are, they are not the "fair and equitable" and unfair-discrimination determinations the District Court directed the Court to make. The Court cannot make findings based on the inevitability of further appeals as opposed to the corrected section 1191(c) analysis.

Finally, the Court cannot rest its decision to enter the Proposed ASFFCL on the Ninth Circuit's order dismissing the Debtor's appeal. In fact, the Proposed ASFFCL repeatedly invokes the Ninth Circuit's statement that "[t]he district court left open the possibility that the bankruptcy court could confirm the same plan or confirm a different plan." *See* Proposed ASFFCL, at 7. That statement was made in passing in an order dismissing the Debtor's appeal (in the context of finding that the Debtor's appeal could not proceed for lack of jurisdiction) without reaching the merits, and it neither authorizes confirmation on the erroneous section 1191(c) standard nor displaces the District Court's mandate. The Court itself recognized as much When MET observed that the statement "certainly doesn't have any legal effect," the Court responded, "I don't totally disagree." (Tr. p. 37 of 52, ll. 4-10.) And yet, the Proposed ASFFCL repeatedly and improperly cite this statement as supportive of the Court's decision to re-confirm the same plan.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

### 3. The Proposed Best Interest and Feasibility Findings Cannot Be Entered, Because the Plan's Effective Date Is in 2026 and the Debtor Has Offered Only a Disproven 2022 Record

The Proposed ASFFCL finds that the Plan satisfies the best interest test of section 1129(a)(7) and the feasibility requirement of section 1129(a)(11), and overrules MET's objection to the contrary. Proposed ASFFCL, at 8-10. Those findings cannot be entered. They rest entirely on the 2022 record, even though the operative effective date is now in 2026, and the intervening record affirmatively disproves the very projections on which the findings depend.

The best interests of creditors test measures value "*as of the effective date of the plan*," requiring that each impaired dissenting creditor receive at least what it would receive in a Chapter 7 liquidation conducted "on such date." *See S. Pac. Transp. Co. v. Voluntary Purchasing Grps., Inc.*, 252 B.R. 373, 392 (E.D. Tex. 2000) (emphasis in original). The effective date is not 2022. The Debtor's own Proposed Amended Order *modifies* the Plan's definition of "Effective Date" so that it is "the first business day that is at least fifteen (15) days following the date of entry of the Court's Order confirming the Plan," and only once there is no stay in effect and the confirmation order shall not be subject to any appeal or rehearing. Proposed Amended Order, at 7-8. By the Debtor's own drafting, then, the Effective Date is a 2026-or-later date, depending on when the 2026 re-confirmation order ever becomes final. MET's brief in opposition to re-confirmation of the Plan [Docket No. 1141] made this point.MET also made this argument at the May 26 hearing, explaining that the record is "over four years old" and omits "the patent that the Debtor obtained in the interim." (Tr. p. 36 of 52, ll. 14-24.)

The 2022 record on which the Proposed ASFFCL is based is not merely stale, but also affirmatively proven to be incorrect and unreliable by the events of the last four years. Feasibility requires the plan proponent to present "concrete evidence" of sufficient cash flow; even under the ordinary section 1129(a)(11) threshold, "[f]actual support must be shown for the Debtor's projections," and "sheer optimism and hopefulness, without more, is not sufficient." *In re Curiel*, 651 B.R. 548, 565 (9th Cir. BAP 2023). Feasibility is "firmly rooted in predictions based on objective fact," and a glaring discrepancy between the facts surrounding past performance and

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8187372

activity and predictions for the future is strong evidence that a debtor's projections are flawed and the plan is not feasible. *See In re Young Broad. Inc.*, 430 B.R. 99, 129 (Bankr. S.D.N.Y. 2010). The Court possesses a mandatory and independent duty to ensure that the Plan is feasible. *In re Las Vegas Monorail Co.*, 462 B.R. 795, 798 (Bankr. D. Nev. 2011).

The Plan fails that standard on its own record. The Plan's projections extend only through September 2025, yet Classes 2 and 4 must be paid approximately $4,000,000 by September 30, 2027, with no evidence addressing the Debtor's ability to perform in the intervening years. [*See* Docket No. 1141, at 10.] And the actual results contradict the projections the findings rely on: the Plan projected roughly $345,914.98 in cash on hand by September 2025, but the Debtor in fact had only $84,579.74, before any payments to unsecured creditors, and only after receiving $1.3 million in equity infusions from Seth Casden. [*Id.*] Where a debtor's actual results cannot be reconciled with the projections underlying a feasibility finding, that finding "is not supported by the record and [is] clearly erroneous." *Curiel*, 651 B.R. at 567. Put another way, the Proposed ASFFCL are forcing the Court to make factual findings that are indisputably clearly erroneous.

The Proposed ASFFCL's principal response is that MET "cited no case law authority" that "on remand the court must reopen the record for new evidence," and that MET's authorities are decisions addressing feasibility or best interest at an original confirmation, with no appeal or remand. Proposed ASFFCL, at 8. This distinction is immaterial. This is not a matter of reopening the record. The statutory scheme relied upon by MET's cited authorities – *i.e.*, section 1129(a)(7) and section 1129(a)(11)'s requirement of current financial information – governs *every* confirmation, whatever its procedural posture; it does not lapse because the confirmation happens to follow an appeal. The Court simply cannot confirm a plan that it knows is based on inaccurate and incomplete information.

For these reasons, the best interest and feasibility findings are both findings the Court never made and findings no current record could support. They cannot and should not be entered.

## II.    OBJECTION TO PROPOSED AMENDED ASSUMPTION ORDER

### A.    No Operative Findings Under the Inherent Fairness Standard

The District Court remanded the order assuming the employment contract of Seth Casden

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400  •  Facsimile: 310.746.4499

8187372

11

with specific instructions that this Court evaluate the Employment Agreement under the heightened inherent-fairness standard set forth in *Pepper v. Litton* and *In re Marquam Investment Corp.* Under that standard, where the validity of an insider transaction is challenged, "the burden is on the insider not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein." [Docket No. 946, District Court Order, at 8-9.]

Despite this clear directive on remand, at the May 26 remand hearing, however, the Court did not make any findings applying that standard. Instead, after noting that it had reviewed the record and the parties' briefs, the Court stated only: "I think it's met the standard as asked at district court, and I'd like you prepare a finding of fact and conclusions of law as to that." (Tr. p. 13 of 52.) The Court did not identify the evidence on which it relied, did not discuss the insider's burden of proof, did not analyze the fairness of the transaction from the perspective of creditors, and did not articulate findings concerning good faith, arm's-length bargaining, fair dealing, compensation, creditor impact, or any other factor relevant to the inherent-fairness inquiry. (Tr. p. 13 of 52.)

The Proposed ASFFCL lodged by the Debtor now attempt to supply that missing analysis. Proposed ASFFCL, at 38-48. They contain extensive discussion regarding the Grobstein report, the Pastore declaration, the McArthur declaration, board approval of the Employment Agreement, market-rate compensation, arm's-length bargaining, and the reasons the Employment Agreement purportedly satisfies the inherent fairness standard. Proposed ASFFCL, at 38-48. Yet none of that analysis was articulated by the Court during the remand hearing. *Compare* Tr. pp. 12-13 of 52, *with* Proposed ASFFCL, at 38-48.

The Proposed ASFFCL does not reflect a new application of the standard mandated by the District Court. Instead, they expressly contend that the Court had already applied the requisite scrutiny when it originally granted the motion and that the existing record already demonstrated inherent fairness. For example, the Proposed ASFFCL state that "[a]lthough neither the Bankruptcy Court's FFCL nor the Contract Order used the words 'inherent fairness,' the record reflects that the Bankruptcy Court had applied rigorous scrutiny in granting the Contract Motion, and the record supports a finding that assumption of the Contract meets the inherent fairness test." Proposed

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ASFFCL, at 39-40. In other words, the Proposed ASFFCL does not apply a different standard on remand; it attempts to justify the original ruling by asserting that the original proceedings already satisfied the inherent-fairness standard. That position cannot be reconciled with the District Court's remand, which vacated the assumption ruling and directed this Court to determine whether the Employment Agreement satisfies the inherent-fairness standard. That position is fundamentally inconsistent with the premise of the remand itself. The District Court did not remand for entry of findings explaining why the original ruling was already correct. It remanded because the Court had not made the findings required bunder the inherent fairness standard.

The Proposed ASFFCL further reinforces that point by devoting substantial discussion to defending the correctness of the original proceedings and responding to arguments raised by MET on remand. Proposed ASFFCL, at 39-48. Rather than limiting themselves to findings actually announced by the Court, the Proposed ASFFCL repeatedly argues that MET failed to offer evidence, misunderstood the applicable standards, failed to pursue certain claims, or the Debtor should otherwise not prevail on the merits. Those discussions read as advocacy supporting the original ruling, not as a memorialization of findings made by the Court during the remand hearing.

The same is true of the Proposed ASFFCL's extended discussion rejecting MET's arguments concerning the timing and circumstances of the Employment Agreement and their similarity to concerns addressed in fraudulent-transfer jurisprudence. Proposed ASFFCL, at 46-48. Whether those arguments ultimately have merit is beside the point. The Court did not discuss those issues at the remand hearing. The Proposed ASFFCL therefore does not merely record findings actually made by the Court; it provides a post hoc rebuttal to arguments raised in MET's remand briefing.

The critical flaw in the Proposed ASFFCL is that they proceed from the premise that the Court had already performed the required inherent-fairness analysis and simply failed to articulate it. The Proposed ASFFCL therefore do not apply the remand standard in the first instance. Instead, they attempt to reconstruct the original ruling as though the required analysis had already occurred. That is not what the District Court directed. The District Court directed the Court to determine whether the Employment Agreement satisfied the inherent-fairness standard, not to explain after the fact why the original ruling should be viewed as having already satisfied that standard.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8187372

13

This is particularly significant because the District Court remanded for application of a different legal standard, not merely for entry of a new order using different terminology. The Court's obligation on remand was not simply to reach a conclusion, but to apply the inherent-fairness standard and explain the basis for its decision. Where the Court did not articulate that analysis when announcing its ruling, a proposed order drafted by the prevailing party cannot cure the absence of findings by supplying analysis that was never expressed by the Court itself.

Moreover, because the Court never identified the facts or evidence on which it relied, there is no way to determine whether the findings contained in the proposed order reflect the Court's independent application of the District Court's mandate or merely Debtor's characterization of the record. The oral ruling and proposed order therefore do not permit meaningful appellate review of whether the Court actually applied the heightened inherent-fairness standard mandated by the District Court or instead reached the same result after remand and only later supplied the rationale through findings drafted by the prevailing party.

### B.    The Proposed Amended Assumption Order Impermissibly Relies on Confirmation Findings

The proposed order repeatedly incorporates by reference the findings, briefing and record associated with confirmation of the Debtor's plan. Proposed Order, at 2-4. Specifically, the proposed order incorporates the prior FFCL, the confirmation record, and the findings associated with the previously confirmed plan into the Court's renewed ruling on assumption of the Employment Agreement. *Id.*

The District Court separately reversed the Confirmation Order and the accompanying Findings of Fact and Conclusions of Law and remanded those matters for further proceedings. [Docket No. 946, District Court Order, at 10.] Accordingly, to the extent the proposed order relies on findings contained in or derived from the original confirmation rulings, it improperly relies upon rulings that were reversed on appeal.

The problem is particularly acute because the proposed FFCL repeatedly assert that the prior proceedings already reflected the necessary scrutiny and analysis. For example, the proposed order states that "[a]lthough neither the Bankruptcy Court's FFCL nor the Contract Order used the words

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8187372

14

'inherent fairness,' the record reflects that the Bankruptcy Court had applied rigorous scrutiny in granting the Contract Motion, and the record supports a finding that assumption of the Contract meets the inherent fairness test." Proposed ASFFCL, at 39; *see also* Proposed ASFFCL, at 39.

That approach effectively reads the remand out of the case. If the original FFCL, Contract Order, and confirmation findings already reflected the requisite scrutiny and already supported a finding of inherent fairness, then the District Court's remand served no purpose. The proposed FFCL repeatedly rely on the very findings and analysis that were before the District Court when it concluded that remand was required. The proposed order therefore does not apply a new standard on remand; it attempts to demonstrate that the original proceedings already satisfied the standard that prompted the remand.

**C.** **The Court and the Proposed Amended Assumption Order Ignore MET's Arguments Concerning the Lack of Evidence to Satisfy the Insider's Burden**

MET raised extensive arguments on remand concerning the absence of evidence demonstrating that the insider contract was negotiated at arm's length, that the compensation was objectively reasonable, that the board exercised independent judgment, or that the transaction was fair from the viewpoint of creditors.

At the remand hearing, however, the Court expressly stated that it would not hear further argument on the assumption motion and thereafter announced only its conclusion that the District Court's standard had been satisfied. (Tr. pp. 12-13 of 52.) Specifically, the Court stated: "I think it's met the standard as asked at district court, and I'd like you prepare a finding of fact and conclusions of law as to that." (Tr. p. 13 of 52.) The Court did not address MET's specific arguments concerning the absence of evidence of arm's-length dealing, independent board approval, negotiation of the contract terms, or inherent fairness to creditors.

The proposed findings now attempt to supply extensive analysis concerning market-rate compensation, board approval, arm's-length bargaining, expert testimony, and the reasons the Employment Agreement purportedly satisfies the inherent fairness standard.[1] Proposed ASFFCL, at

---

[1] Debtor incredulously includes in the ASFFCL that MET did not call the board members for cross-examination, depositions or submitted its own counterevidence, effectively switching the burden of proof from the insider to Debtor's

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

36-48. Yet none of that analysis was articulated by the Court when it announced its ruling at the remand hearing. *Compare* Tr. pp. 12-13 of 52, *with* Proposed ASFFCL, at 36-48. The proposed FFCL likewise does not explain why the Court rejected MET's specific evidentiary arguments; it simply supplies a rationale after the fact for a conclusion previously announced without explanation.

During the remand hearing, the Court repeatedly observed that any ruling would likely be appealed regardless of the outcome. (Tr. pp. 13, 18, 30-31 of 52.) While MET does not suggest that the Court acted in bad faith, those comments are notable because after making them, the Court did not engage in any discussion of the evidence bearing on inherent fairness and instead simply concluded that the District Court's standard had been satisfied. The Court's conclusion that the standard had been satisfied was announced immediately after the Court explained its view that any ruling would inevitably be appealed regardless of outcome, yet without any discussion of the evidence or the factors bearing on inherent fairness. (Tr. p. 13 of 52.)

Consequently, the record reflects only a conclusory determination that the inherent-fairness standard was satisfied (essentially relying on the original FFCL analysis that the District Court already held was not determined under the inherent fairness standard), rather than the findings and analysis contemplated by the District Court's remand. The proposed order does not cure that deficiency because it supplies analysis and findings that were not articulated by the Court when it rendered its decision.

### D.    Conclusion

To avoid any suggestion of waiver, MET objects to entry of the proposed order on the foregoing grounds. MET respectfully submits that the proposed order does not demonstrate that the Court itself applied and articulated the heightened inherent-fairness standard required by the District Court's remand when announcing its ruling on May 26, 2026. Instead, the proposed order largely rests on the premise that the original proceedings already reflected the scrutiny and analysis required by *Pepper* and *Marquam*, a premise that cannot be reconciled with the District Court's decision

---

creditor. Moreover, none of the board member's identical declarations included any details about the negotiation process, determination of compensation or anything else, such that it could not provide an evidentiary basis for an arm's length transaction. And, certainly is insufficient to meet the heightened standard of inherent fairness.

8187372

16

vacating the original assumption order and remanding for further consideration under that standard.

However, because the Court has already announced its ruling and because any findings necessary to support that ruling should be made by the Court rather than supplied by the parties, MET does not submit an alternative proposed order. MET respectfully requests only that its objections be noted on the record and preserved for further review.

## III.    THE PROPOSED AMENDED ORDERS OMIT THE STAY ORDERED BY THE COURT

At the May 26, 2026 hearing, after the Court announced its intention to re-confirm the Plan and to grant the motion to assume the Employment Agreement, counsel for MET made an oral motion for a stay pending appeal.  The Court granted that motion without any restriction.  The Proposed Amended Confirmation Order and the Proposed Amended Assumption Order do not contain the stay ordered by the Court.  Accordingly, MET is lodging stay orders concurrently with the filing of this Objection.

## IV.    RESERVATION OF RIGHTS

By filing this Objection, MET objects to entry of the Proposed ASFFCL and the Proposed Amended Order as lodged. MET does not waive, and expressly preserves, all of its objections to confirmation of the Plan, including the objections it noted on the record and that the Court did not address.  (Tr. p. 35 of 52, ll. 18-22.)  MET reserves the right to raise any and all such objections, and any further objections to the form and substance of the proposed findings, at the continued hearing and in any subsequent appeal.

## V.    CONCLUSION

For the foregoing reasons, MET respectfully requests that the Court:

(1)    Decline to adopt the Proposed ASFFCL, the Proposed Amended Confirmation Order, and the Proposed Amended Assumption Order as lodged, because they set out findings and conclusions the Court did not make at the May 26, 2026 hearing and do not reflect the Court's own informed and independent judgment;

(2)    To the extent the Court proceeds, enter only findings and conclusions that conform to the District Court's mandate; and

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8187372

17

(3)    Grant such other and further relief as is just, including declining to re-confirm the Plan on the present record.

DATED:  July 21, 2026            WHITE AND WILLIAMS LLP


                                 By:    _____/s/ Nicole A. Sullivan_____
                                        NICOLE A. SULLIVAN (pro hac vice)
                                        THOMAS E. BUTLER (pro hac vice)

                                        and

DATED:  July 21, 2026            ELKINS KALT WEINTRAUB REUBEN
                                 GARTSIDE LLP


                                 By:    _____/s/ Roye Zur_____
                                        ROYE ZUR
                                        Attorneys for Creditor Multiple Energy
                                        Technologies, LLC

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

8187372                                              18

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10345 W. Olympic Blvd., Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **MULTIPLE ENERGY TECHNOLOGIES, LLC'S OBJECTION TO (I) "AMENDED AND SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW, UPON REMAND, IN SUPPORT OF ORDER CONFIRMING DEBTOR'S CHAPTER 11, SUBCHAPTER V, PLAN DATED JANUARY 4, 2022"; (II) AMENDED ORDER, UPON REMAND, CONFIRMING DEBTOR'S CHAPTER 11, SUBCHAPTER V, PLAN DATED JANUARY 4, 2022, MODIFIED JUNE 21, 2022; AND (III) DEBTOR'S AMENDED ORDER, UPON REMAND, AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACT WITH SETH CASDEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 21, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 21, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 21, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 21, 2026 | Lauren B. Wageman | */s/ Lauren B. Wageman* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Todd M Arnold**    tma@lnbyg.com
- **Ron Bender**    rb@lnbyg.com
- **Thomas E Butler**    butlert@whiteandwilliams.com,
  sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com
- **Robert Carrasco**    rmc@lnbyg.com, rmc@lnbyg.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Theodore W Frank**    frank@psmlawyers.com, knarfdet@gmail.com;navarro@parkermillsllp.com
- **John-Patrick M Fritz**    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
- **Michael S Greger**    mgreger@allenmatkins.com, kpreston@allenmatkins.com
- **Brian T Harvey**    bharvey@buchalter.com,
  docket@buchalter.com;dbodkin@buchalter.com;pjolley@buchalter.com
- **Gregory Kent Jones (TR)**    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
- **Raffi Khatchadourian**    raffi@hemar-rousso.com
- **Tinho Mang**    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Juliet Y. Oh**    jyo@lnbyg.com, jyo@lnbyb.com
- **Carmela Pagay**    ctp@lnbyg.com
- **Yvonne Ramirez-Browning**    yvonne@browninglawgroup.com, veronica@browninglawgroup.com
- **Kurt Ramlo**    RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email
- **Gregory M Salvato**    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com
- **James R Selth**    jselth@yahoo.com,
  jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
- **Zev Shechtman**    Zev.Shechtman@saul.com,
  Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **Randye B Soref**    rsoref@polsinelli.com, ccripe@polsinelli.com;ladocketing@polsinelli.com
- **Heidi J Sorvino**    sorvinoh@whiteandwilliams.com,
  millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whiteandwilliams.com;butlert@whiteandwilliams.com
- **Alan Stomel**    alan.stomel@gmail.com, astomel@yahoo.com
- **Annie Y Stoops**    annie.stoops@afslaw.com, yvonne.li@afslaw.com
- **Nicole Sullivan**    sullivann@whiteandwilliams.com,
  vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
- **Derrick Talerico**    dtalerico@wztslaw.com, maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
- **Roye Zur**    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**