RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone:  (310) 229-1234
Facsimile:   (310) 229-1244
Email: RB@LNBYG.COM; JPF@LNBYG.COM

Attorneys for Chapter 11
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No.: 2:20-bk-13849-BR |
| | ) |
| HOLOGENIX, LLC, | ) Chapter 11 Case |
| | ) |
| Debtor and Debtor in Possession. | ) Subchapter V |
| | ) |
| | ) **REPLY ON PLAN FINDINGS AND** |
| | ) **ORDERS** |
| | ) |
| | ) |
| | ) No Hearing Set, Though a Hearing May Be |
| | ) Set at the Discretion of the Court |
| | ) |
| | ) |
| | ) Remand Hearing: |
| | ) Date:    May 26, 2026 |
| | ) Time:  10:00 a.m. |
| | ) Place:  Courtroom 1668 |
| | )             255 East Temple Street |
| | )             Los Angeles, CA 90012 |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

1

**Table of Contents**

I.      INTRODUCTION.................................................................................................... 2

II.     EFFECTIVE DATE OF THE PLAN...................................................................... 2

III.    THE IMPORTANCE OF DETAILED AND THOROUGH FINDINGS AND
        CONCLUSIONS FOR APPEAL............................................................................. 3

IV.     THE COURT IS PERMITTED TO MAKE WRITTEN FINDINGS WITHOUT
        READING FINDINGS ORALLY INTO THE RECORD ........................................ 5

V.      THE PROPOSED ASFFCL REFLECT DEBTOR'S POSITION AND INCLUDE
        ARGUMENTS MADE IN THE WRITTEN BRIEFS BECAUSE THE COURT
        AGREED WITH DEBTOR'S PRESENTATION OF THE CASE ........................... 7

VI.     INCLUSION OF SECTION VIII OF THE PROPOSED ASFFCL RELATED
        TO THE DRAFTING PROCESS IS APPROPRIATE................................................ 9

VII.    INCLUSION OF THE MODERN COMPOSITION LAW ANALYSIS IS
        APPROPRIATE AND CRITICALLY NECESSARY TO THE ASFFCL ............... 11

VIII.   INCLUSION OF §1191(C)(2)(B)  AND "ALLOCATION THEORY"
        DISCUSSIONS ARE APPROPRIATE IN THE ASFFCL ....................................... 11

IX.     THE PROPOSED ASFFCL ARE CONSISTENT WITH THE DISTRICT
        COURT MANDATE AND DO NOT RESINTATE THE SAME LEGAL ERROR 12

X.      AMENDED ASSUMPTION ORDER UPON REMAND ......................................... 13

        A.      Findings Under the Inherent Fairness Standard ............................................. 13

        B.      The Amended Assumption Order Properly Relies on Confirmation
                Findings.......................................................................................................... 14

        C.      The Court and Proposed Amended Contract Order Do Not Ignore
                MET's Arguments .......................................................................................... 14

XI.     THE STAY OF THE AMENDED ORDERS UPON REMAND.............................. 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*In re Acequia, Inc.*,
    787 F.2d 1352 (9th Cir. 1986) ...........................................................................................5

*S. Pac. Transp. Co. v. Voluntary Purchasing Grps., Inc.*,
    252 B.R.373 (E.D.Tex.2000).............................................................................................3

**Federal Statutes**

11 U.S.C.
    § 1129......................................................................................................................5, 10
    § 1191...........................................................................................................................10

MODERN COMPOSITION LAW..................................................................................................11

**Other Authorities**

FED.R.BANKR.P. 7052.............................................................................................................6

FED.R.BANKR.P. 9014(c)(1) ..................................................................................................6

FED.R.CIV.P. 52(a)(1) ...................................................................................................6, 9, 14

Hologenix, LLC, a Delaware limited liability company (the "Debtor"), the debtor and debtor in possession in the above-captioned, chapter 11 bankruptcy case hereby respectfully submits the Debtor's reply (the "Reply") to the objection (the "Objection") [ECF 1163] filed by Multiple Energy Technologies, LLC ("MET") to Debtor's proposed plan confirmation order ("Proposed Plan Order") [ECF 1159], proposed contract order ("Proposed Contract Order") [ECF 1160], and proposed amended and supplemental findings of facts and conclusions of law ("Proposed ASFFCL") [ECF 1158]. Unless otherwise stated explicitly or implied by context, capitalized defined terms used in this Reply have the same meanings as ascribed to them in the Debtor's Proposed ASFFCL.

## I.      INTRODUCTION

Ordinarily, the Local Bankruptcy Rules do not provide an opportunity to file a reply on objections to proposed forms of orders.  LBR 9021-1(b)(3)(B).  The Court specifically provided the Debtor the opportunity to file this reply.  ECF 1154 (5/26/2026 Hg Tr.) 41:22-23.[1]  In normal practice, a blackline showing the changes between the two competing orders may be provided as an exhibit, though it is not required.  LBR 9021-1(b)(3)(B).  Here, MET chose not to submit any blackline for a competing proposed form of order. ECF 1163 (Obj.)    Instead, MET has lodged several objections to the proposed ASFFCL and related orders, which this Court should overrule.

## II.     EFFECTIVE DATE OF THE PLAN

MET objects that "Debtor's own Proposed Amended Order *modifies* the Plan's definition of 'Effective Date,'" ECF 1163 (Obj.) 15:13 (emphasis added by MET), with emphasis on the word "modifies" and linked to MET's larger objection on the best-interest-of-creditors' test to suggest and imply that Debtor is purposely "modifying" the effective date to gain an unfair advantage.  MET's objection is meritless and should be overruled.  Debtor respectfully invites the Court's attention to the prior plan confirmation order, which uses the same language as the Proposed ASFFCL: "The Plan is modified as to the definition of 'Effective Date,' …" ECF 870

---

[1] Transcript page citations are to the page of the transcript, not the ECF ribbon generated by the Court, with specific lines following a colon (example page: line-line or page: line- page: line).

(plan order) 9:13; *cf.* ECF 1159 (proposed plan order) 7:22 (same exact language); *see also*, ECF 741 (proposed plan order) 10:9 (exact same language). The modification in the proposed order relates to an objection raised by MET in 2022 as to what terms can and cannot be waived for the effective date to occur, which Debtor agreed, and the Court ruled should be changed, nothing more. ECF 700 (MET plan opp.) 33:14-22; ECF 720 (Debtor plan reply brief) 42:10-13.

The substance of MET's argument (that Debtor cannot meet the best-interest-of-creditors' test because the data is stale as of the effective date) is just as meritless now as it was at the hearing on May 26, 2026, when the Court overruled it, because even though MET has indulged itself in a new case citation which it did not cite previously, MET's case citation fails for the same reason – it does not involve plan confirmation upon remand. ECF 1163 (Obj.) 9-21 (citing new case of *S. Pac. Transp. Co. v. Voluntary Purchasing Grps., Inc.*, 252 B.R.373, 392 (E.D.Tex.2000); *cf.* ECF 1141 (MET remand opp.) 15:5-17 (filed on 3/31/26 citing other cases but not MET's new case).  Debtor refuted MET's objection on this point in its reply brief prior to the hearing, which is incorporated into the Proposed ASFFCL. ECF 1146 (Debtor's plan remand reply) 18:14-20; ECF 1158 (Proposed ASFFCL) 9:3- 11:11. MET has not provided a good reason why this new case citation (published more than 25 years ago) is being cited now for the first time and not earlier in its opposition filed on March 31, 2026, nor could MET provide any good reason; rather, this is simply the most recent example of MET belatedly raising new issues, new law, and new objections at each stage of the litigation – whether at the trial level or on appeal – to constantly move the goal posts, marathon the case, wear down the Debtor, and deplete the estate.

### III.    THE IMPORTANCE OF DETAILED AND THOROUGH FINDINGS AND CONCLUSIONS FOR APPEAL

The District Court's 2021 appellate decision was highly critical of the Bankruptcy Court for not making specific detailed findings against a record of more than 3,600 pages. ECF 420 (Appellate Decision) at 11[2] ("the bankruptcy court erred in failing to make specific findings"); at

---

[2] Page citation to ECF documents refer to the pages set in the Court's ECF ribbon stamped

12 ("the Bankruptcy Court made no specific, affirmative findings of fact sufficient to support its determination"); at 12 ("paraphrases of the legal standard do not substitute for findings of fact in resolving this contested issue"); at 6 ("record with more than 3,600 pages").  Now, the record in the case is even larger.

In 2021, the District Court expressed no qualms about MET having raised new arguments in reply briefs so underdeveloped as to be mere passing footnotes without elaboration.  *See*, ECF 420 (Appellate Decision) at 8 n.13 (noting that MET put a footnote in its reply brief stating "Notably there is a question as to whether Debtor was insolvent….").   In 2021, the District Court also expressed no qualms about MET preserving issues for appeal by merely raising them in oral argument.  *See*, ECF 420 (Appellate Decision) at 8 n.13.  In 2021, the District Court went so far as to express comfort with MET raising new issues for the first time on appeal as a matter of right.  *See*, ECF 420 (Appellate Decision) at 9:27-28 (citing *Gladstone v. U.S. Bancorp*, 811 F.3d 1133, 1142 (9th Cir.2016)).  In 2021, the District Court faulted the Bankruptcy Court for not considering these arguments.  ECF 420 (Appellate Decision) at 8:16-17 and n.13.   It is imperative that the Bankruptcy Court's ASFFCL be as detailed as possible to show that all of MET's arguments were addressed, including issues raised in briefing on both sides.

In the District Court's 2021 appellate decision, the District Court faulted the Bankruptcy Court for excluding evidence and for not addressing every argument that was raised in the pleadings or in oral argument. ECF 420 (Appellate Decision) at 19 ("It is also likely that the exclusion of evidence [on MET's motion to dismiss] adversely affected the outcome of the Plan confirmation"); at 8 ("the Bankruptcy Court heard argument but made no factual findings on this matter"); at 8 ("Nor did it [the Bankruptcy Court] address the Subchapter V Trustee's recommendation that a derivative arm's-length inquiry may be warranted…")   ECF 420 (Appellate Decision) at 8.

---

on the top of the page, with specific lines following a colon (example page: line-line or page: line- page: line).

The court has an independent duty to make sure that each requirement under § 1129 has been satisfied. *In re Acequia, Inc.*, 787 F.2d 1352, 1358 (9th Cir. 1986).    Furthermore, the District Court already admonished the Bankruptcy Court in the 2021 appeal that: "paraphrases of the legal standard 'do not substitute for findings of fact in resolving this contested issue.'"    ECF 420 (Appellate Decision) at 12 (citing and quoiting *550 W. Ina Road Tr. v. Tucker (In re Tucker)*, 989 F.2d 328, 330 (9th Cir.1993)).    Therefore, the only way to achieve adequate ASFFCL is to incorporate large portions of the written pleadings that were not expressly adopted at the hearing, which, would have taken hours on a case of this complexity, which is why the Court instructed written proposed FFCL and ASFFCL to be prepared.

Accordingly, it is critically important that the ASFFCL be detailed and thorough. The Debtor's Proposed ASFFCL are lengthy, detailed, and thorough because the District Court's 2021 appellate decision applied heavy scrutiny, was highly critical, and admonished the Bankruptcy Court that plan confirmation will be reversed where "the bankruptcy court erred in failing to make specific findings."    ECF 420 (Appellate Decision) at 11; *see also*, at 12 ("the Bankruptcy Court made no specific, affirmative findings of fact sufficient to support its determination that…").

**IV.    THE COURT IS PERMITTED TO MAKE WRITTEN FINDINGS WITHOUT READING FINDINGS ORALLY INTO THE RECORD**

Notably, the District Court's 2021 appellate decision criticized the 2020 plan confirmation findings and conclusions based on what was written (or not written) therein, and not about what was "voiced" orally at the hearing.    Nonetheless, the recurring theme of MET's Objection is that the Court never orally voiced its findings and conclusions.    For the reasons discussed below, MET's objection is meritless.

MET objects that the Proposed ASFFCL "bears little resemblance to what he Court ***actually said*** on May 26 [2026]." ECF 1163 (Obj.) 6:20-21 (emphasis added). The Court should overrule MET's objection because it should be clear from the record and history of this case that the Court intended for the written proposed findings – with opportunity for MET to object to the

drafts – to constitute the actual findings and that the Court was not making findings orally at the hearing. In fact,  completely contrary to MET's argument the rule on findings specifically states that findings may be made in writing after the hearing instead of orally at the hearing: "The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or memorandum of decision filed by the court." FED.R.CIV.P. 52(a)(1) (as incorporated by FED.R.BANKR.P. 7052); *see also*, FED.R.BANKR.P. 9014(c)(1) (incorporating Rule 7052 in contested matters).

At the hearing on May 26, 2026, the Court instructed Debtor's counsel to prepare findings of fact and conclusions of law for all three matters set for hearing that day between Debtor and MET, i.e., plan, contract, and preferential transfer adversary proceeding. ECF 1154 (5/26/2026 Hg Tr.) 13:19-20 and 28:6-7 and 39:4-5. The Court rightly anticipated that there would be many findings of fact and conclusions of law to draft, "because there's no doubt there's going to be a lot of findings." ECF 1154 (5/26/2026 Hg Tr.) 40:1-2.

The Court took issue with MET's allegations that the Court had acted like a "rubber stamp" and allegedly wholly adopted the Debtor's proposed findings, reiterating that "I always ask for parties of either side who prevails to find the fact and conclusions of law. It's not a rubber stamp… Most judges do that." ECF 1154 (5/26/2026 Hg Tr.) 7:15-19. As the prevailing party, Debtor would prepare the proposed findings, and if MET had objections, the Court would consider them. ECF 1154 (5/26/2026 Hg Tr.) 7:20-23.

The Court also stated: "I totally agree with the arguments made by the Debtor." ECF 1154 (5/26/2026 Hg Tr.) 7:24-25. True, as MET points out, the Court made this statement at the time in the hearing when the Court was making its ruling on the adversary proceeding [ECF 1163 (Obj.) 11:20-21], but, contrary to MET's allegation, Debtor did not misrepresent the record in this regard [ECF 1163 (Obj.) 11:15, 11:25] because, considering that the Court ruled for Debtor and against MET on all of the other matters set for hearing that day, Debtor believes that the Court's statement, "I totally agree with the arguments made by the Debtor," ECF 1154 (5/26/2026 Hg Tr.) 7:24-25, applies equally to the issues on the Plan and the Contract.

The scenario is essentially the same as the parties experienced four years ago in August 2022. At the August 10, 2022, hearing, the Court specifically stated that it was not going point-by-point on the record at the hearing, was not making its findings and conclusions on the record, and instead instructed the Debtor to prepare the proposed FFCL to be thorough, and that the Court generally agreed with the Debtor's analysis and all of the Debtor's arguments. 8/10/22 Hr Tr 118:10- 119:7. The Court did not need to go through every single one of the numerous issues and sub-issues on the record at the hearing because all these issues were addressed in the parties' pleadings, and it would have been a waste of time to go over every issue at the hearing and also contrary to the Court's instruction that the FFCL are not being made on the record of the hearing. 8/10/22 Hr Tr 118:24- 119:7.

Although the Debtor believes it to be unnecessary, if MET's objection is that the Court "never voiced" [ECF 1163 (Obj.) 7:2] the findings orally at a hearing, and that based on "brief, tentative oral remarks… the Proposed ASFFCL does not memorialize the Court's reasoning, and instead manufactures a record the hearing does not contain," [ECF 1163 (Obj.) 9:10-12] then Debtor respectfully suggests that the Court order MET's counsel to personally appear at a further hearing to be present in the Courtroom while the Court "voices" the ASFFCL orally into the record. However, Debtor believes that the record in this case is more than the oral statements at hearings and includes declarations and written pleadings that form an important part of the record, and it is primarily on the written record (well ordered and fully participated in by MET, including in the drafting of and objection to proposed ASFFCl) that for the basis of the Court's decision here.

**V.    THE PROPOSED ASFFCL REFLECT DEBTOR'S POSITION AND INCLUDE ARGUMENTS MADE IN THE WRITTEN BRIEFS BECAUSE THE COURT AGREED WITH DEBTOR'S PRESENTATION OF THE CASE**

The Proposed ASFFCL prepared by the Debtor as the prevailing party were written based in large part on this statement by the Court at the hearing: "I totally agree with the arguments

made by the Debtor." ECF 1154 (5/26/2026 Hg Tr.) 7:24-25. This echoed the Court's position from the prior hearing on plan confirmation on August 10, 2026: "I generally agree with your analysis of the case."   8/10/22 Hr Tr 118:14-15. "I generally agree with your arguments." 8/10/22 Hr Tr 119:7.

The Debtor was careful to provide a docket entry citation or a transcript citation for all of the evidence cited in the proposed ASFFCL.  For all of the areas in the proposed ASFFCL without citation, practically all of those statements, positions, and case law citations were taken directly from the Debtor's remand briefs or remand reply briefs because the Court had stated that it agreed with the Debtor's analysis and arguments.  ECF 1154 (5/26/2026 Hg Tr.) 7:24-25.  If Debtor is wrong, then the Court will consider MET's objections, and presumably correct the proposed ASFFCL rather than wholly adopting or rubber stamping them, as this is precisely the procedure that the Court ordered.  ECF 1154 (5/26/2026 Hg Tr.) 7:13-25.

It is critically important that all of the arguments in the briefs be included in the ASFFCL because of MET's anticipated appeal and the history of appeals in this case, as discussed in Section II above.  MET has already stated that it will appeal, and, presumably, MET will include "all of its objections on confirmation of the plan, including the objections it noted on the record [and]… reserves the right to raise any and all such objections and any further objections to the form and substance of the proposed findings… in any subsequent appeal." ECF 1163 (Obj.) 22:15-20.  MET's objections and issues for appeal would therefore include, *inter alia*, MET's arguments about "Staleness, Feasibility, and Best Interest Objections," which MET raised in its opposition papers and again in the present Objection.  ECF 1163 (Obj.) 10:14-26 and 15:1-16:25.  Accordingly, the Proposed ASFFCL must address these issues, objections, and arguments raised by MET.

Debtor has never disputed MET's right to appeal. However, it is disappointing and grossly unfair that MET wishes to appeal these issues but at the same time attempt to eliminate any and all of the Court's findings, conclusions, and analysis on the issues. *See*, ECF 1163 (Obj.) ("Findings that overrule objections the Court left expressly unresolved are not the Court's

8

determinations and should not be entered.").   MET has a right to appeal, but MET does not have a right to sabotage the ASFFCL in anticipation of its appeal.  If MET did not want these issues to be part of the ASFFCL, then MET should not have made those arguments part of MET's briefing on remand.  The Court overruled all of these objections by MET based on the written briefs between the parties, and the arguments, facts, and law from those briefs are incorporated in the written Proposed ASFFCL. The fact that the Court did not waste time at the hearing by indulging MET's counsel's desire to orally re-argue the same points that MET already made in writing, Debtor refuted in writing, and the Court overruled, does not mean the Court did not consider and overrule them, which is now properly being incorporated in written Proposed ASFFCL pursuant to Rule 52(a)(1) of the Federal Rules of Civil Procedure.

### VI.   INCLUSION OF SECTION VIII OF THE PROPOSED ASFFCL RELATED TO THE DRAFTING PROCESS IS APPROPRIATE

MET has objected that the "adoption" of proposed findings and conclusions are flawed. ECF 1163 (Obj.) 7:3-11.  MET's objection is meritless and should be overruled because here the Court has provided a process to permit objections and briefing, not merely adopting Debtor's draft.  ECF 1154 (5/26/2026 Hg Tr.) 7:20-23.  Accordingly, the Proposed ASFFCL should include a discussion of the objection and drafting process as set forth in Section VIII of the Proposed ASFFCL.

Contrary to MET's objection that "Section VIII of the Proposed ASFFCL does not address any element of confirmation… or any factual dispute relevant to confirmation," [ECF 1163 (Obj.) 12:1-11], this has been a central argument of MET's appeals in an attempt to reverse plan confirmation for years and is still a present dispute.  MET raised this issue of the Court having "largely adopted the Debtor's draft FFCL… taken verbatim from Debtor's 97-page proposed findings…" [ECF 1143 (MET Remand Brief) 6:20-22].  Moreover, it was MET – not Debtor – that put the appellate arguments into the record by filing MET's request for judicial notice and attaching the parties' joint District Court appeals brief, as well as Debtor's Ninth Circuit appeal brief.  ECF 1144 (MET RJN)  30-68 and 109-150.  It was MET on appeal that

alleged: "A significant majority of the Findings were never stated by the Bankruptcy Court during the Confirmation Hearing, but rather were taken verbatim from Debtor's 97-page proposed findings of fact and conclusions of law… MET timely appealed the Findings and the Confirmation Order…" ECF 1144 (MET RJN) 126:9-13 (from MET's District Court appeal brief).  In response, so that the Court could have the benefit of the complete Ninth Circuit appeal briefing on the Plan, and not just MET's selection of those briefs, Debtor presented its request for judicial notice. ECF 1148 (Debtor RJN) 4-99 and 101-150.  On appeal to the Ninth Circuit, again MET argued that "the Bankruptcy Court… largely adopted [Debtor's] FFCL. A significant majority of the FFCL were never stated by the Bankruptcy Court during the Confirmation Hearing but rather were taken verbatim from [Debtor's] 97-page proposed findings…" ECF 1148 (Debtor RJN) 30.  MET made the FFCL drafting procedures an issue on appeal, alleging in MET's Ninth Circuit plan brief: "The Bankruptcy Court abused its discretion by rubber-stamping a Plan (and [Debtor] drafted FFCL) that clearly did not meet the requirements of 11 U.S.C. § 1129, as modified by 11 U.S.C. § 1191." ECF 1148 (Debtor RJN) 12.  MET also raised the issue in its body of its contract remand brief: "the Court confirmed the Plan and largely adopted the Debtor's draft FFCL… A significant majority of the FFCL were never stated by the Court during the Confirmation Hearing but rather were taken verbatim from Debtor's 97-page proposed findings of fact and conclusions of law." ECF 1143 (MET Contract Remand Brief) 6:19-22.  Clearly, the issue of the drafting of the FFCL and now the ASFFCL are implicated in the briefing before this Court, incorporated by the RJNs (submitted first by MET and then, in response, by Debtor), raised again by MET in the briefing, and still a live issue of dispute as shown by this ongoing argument between the parties. The Court even discussed the issue at the hearing on May 26, 2026.  ECF 1154 (5/26/2026 Hg Tr.) 7:7-25.  Therefore, Section VIII of the Proposed ASFFCL is appropriate, necessary, and germane to confirmation of the Plan in anticipation of MET's continued and ongoing efforts to reverse on appeal using this very issue.

///

///

**VII.    INCLUSION OF THE MODERN COMPOSITION LAW ANALYSIS IS APPROPRIATE AND CRITICALLY NECESSARY TO THE ASFFCL**

MET objects that the Court never articulated the "Modern Composition Law" analysis during the hearing on May 26, 2026, and, therefore, it should not be part of the ASFFCL.  MET is wrong, as explained in greater detail immediately below, because the modern composition law analysis is necessary to confirm the Plan, which is precisely why Debtor's remand brief included so much analysis on this point, and if the Court disagreed with this analysis, the Plan could not be confirmed. By confirming the Plan, the Court must necessarily agree with the modern composition law analysis and include that analysis in the ASFFCL.

At the prior plan confirmation hearing on August 10, 2022, the Court had stated: "I think that Mr. Fritz [Debtor's counsel] was absolutely right in writing what Chapter Sub V is all about."  8/10/22 Hr Tr 109:11-12.  On appeal in 2024, the District Court *sua sponte* raised its own issue on the interpretation of the key issue in Subchapter V of what "fair and equitable" means under §1191(c), requiring Debtor to engage in a deep and complex analysis of "fair and equitable" under business composition law that has been largely dormant since enactment of Bankruptcy Code in 1978, and which is the lynchpin of confirming the Debtor's Plan in this case.  Once again, the Court has agreed with Debtor's position. ECF 1154 (5/26/2026 Hg Tr.) 7:24-25.    If here and now the Court disagrees with Debtor's position on modern composition law, then here and now is the place for the Court to strike or modify that discussion from the Proposed ASFFCL.  (Debtor will note – as it noted to the Ninth Circuit, to this Court in its remand briefing, and in the Proposed ASFFCL – that MET has never had a cogent response or alternative argument against Debtor's modern composition law analysis, which supports the conclusion that Debtor is correct.) *See*, ECF 1158 (Proposed ASFFCL) 25:20- 27:6 (§V.E).

**VIII.    INCLUSION OF §1191(C)(2)(B)    AND "ALLOCATION THEORY" DISCUSSIONS ARE APPROPRIATE IN THE ASFFCL**

MET objects that the Court never discussed §1191(c)(2)(B) at the hearing and, furthermore, that the District Court's remand was not directed to that issue, and, thus, this is

"pure post-hoc drafting" by Debtor.  ECF 1163 (Obj.) 11:1-14.  MET is wrong, and MET's objection should be overruled.

As already discussed above, the Proposed ASFFCL are not limited to what was orally "voiced" (as MET puts it) at the hearing but include the arguments, facts, law, and discussion set forth in Debtor's written briefs.  The §1191(c)(2)(B) discussion was not post-hoc drafting by Debtor because it was included in Debtor's remand brief.  *See*, ECF 1136 (Brief) 22:2- 23:3. This discussion is directed towards the issue raised by the District Court on remand because §1191(c)(2)(A) and §1191(c)(2)(B) are written in the alternative, and §1191(c)(2)(B) does not involve the complication of "all" projected disposable income that the District Court identified in §1191(c)(2)(A), and, therefore, the Plan's §1191(c)(2)(B) provision provides an alternate ground for "fair and equitable" treatment under the Plan in answer to the District Court's ruling on §1191(c)(2). *See*, ECF 1136 (Brief) 22:2- 23:3.

Similarly, the Proposed ASFFCL's discussion of "allocation theory" and unfair discrimination [ECF 1148 (Proposed ASFFCL) 31-37] is appropriate for the same reasons that it was discussed in Debtor's remand briefs. ECF 1136 (Debtor Plan Remand Brief) 23:4- 25:21; ECF 1146 (Debtor Plan Remand Reply) 14:1- 16:22. Therefore, MET's arguments on this point should also be overruled ECF 1163 (Obj.) 13:27- 14:27.

**IX.    THE PROPOSED ASFFCL ARE CONSISTENT WITH THE DISTRICT COURT MANDATE AND DO NOT RESINTATE THE SAME LEGAL ERROR**

Section V.F of the Proposed ASFFCL [ECF 1158 (Proposed ASFFCL) 27-28] already adequately respond to MET's objection that the ruling violates the District Court's mandate. ECF 1163 (Obj.) 12-14.  No mandate is being violated or disregarded.  MET plays semantics by attempting to splice the Proposed ASFFCL on words such as "permits" and "discretionary" to argue that the Bankruptcy  Court is defying the mandate of what the District Court's Decision requires for interpreting "fair and equitable" for §1191(c).  MET is wrong.  The Proposed ASFFCL speak to the requirement of the mandate: "The appellate mandate on remand permits

and *requires* this Court to determine how the Plan is "fair and equitable" in light of the Decision, and the ASFFCL addresses the issue as a matter of applying the facts to the law." ECF 1158 (Proposed ASFFCL) 27:25-27 (emphasis added).  Debtor acknowledges that the District Court's interpretation of §1191(c) permits a court to consider property beyond the text of §1191(c) because of the word "includes," and, thus, requires a court consider that possibility of additional property in determining what is fair and equitable.  *See*, ECF 1158 (Proposed ASFFCL) 6:25 ("*could* require") (emphasis added) and 11:14-15 ("The District Court's interpretation of §1191(c) is that "fair and equitable" *can include* (but is not required to include) more than what the text of §1191(c) provides.") (emphasis added).  The Proposed ASFFCL discusses at length the history of "fair and equitable" and the facts of this case to examine whether more property is required for the Plan to be "fair and equitable," and, after engaging in that analysis, concludes that nothing more is required here. ECF 1158 (Proposed ASFFCL) 11-29.  Contrary to MET's argument, there is no "error" by confirming the Plan "relabeled as 'discretion,'" and, certainly, it is not based "on the same reasoning," [ECF 1163 (Obj.) 13:24-25[, as this reasoning did not exist at the plan confirmation in 2022 because this issue was only first raised by the District Court *sua sponte* in its 2024 Decision, and, thus, this reasoning raised only for the first time in Debtor's Ninth Circuit appellate briefs in 2025.

### X.      AMENDED ASSUMPTION ORDER UPON REMAND

#### A. Findings Under the Inherent Fairness Standard

As with the Plan above, MET again is taking the incorrect position that findings of fact and conclusions of law must be made orally at the hearing by the Court.  ECF 1163 (Obj.) 17:7-10 ("at the May 26 remand hearing… the Court did not make any findings… Instead… the Court stated only: "… I'd like you [to] prepare a finding of fact and conclusions of law as to that.").

As with Debtor's position above regarding the Plan, Debtor believes that the record in this case is more than the oral statements at hearings and includes declarations and written pleadings that form an important part of the record, and it is primarily on the written record (well-ordered and fully participated in by MET) that for the basis of the Court's decision here.

Furthermore, the Court is permitted to make written findings instead of oral findings at a hearing. FED.R.CIV.P. 52(a)(1).

**B.  The Amended Assumption Order Properly Relies on Confirmation Findings**

MET's objection that the proposed contract assumption order "impermissibly relies on confirmation findings" [ECF 1163 (Obj.) 19:14-25] is meritless.  The District Court remanded the 2022 plan order on a limited issue concerning §§1191(b) and (c) that has no bearing on the Plan's findings and conclusions related to contract assumption issues.

The District Court ruled that the Bankruptcy Court applied the wrong standard in 2022, the District Court identified the correct standard as the "inherent fairness" test and remanded to have the Bankruptcy Court apply the facts in the record to the inherent fairness test and see if the Contract should be assumed.  The District Court did not rule that Debtor's assumption of the Contract could not or cannot meet the inherent fairness standard.  What MET fundamentally refuses to acknowledge (and likely knows for a fact but cannot admit because it is fatal to MET's position) is that the record set at the hearings in 2022 established the grounds for assuming the Contract on an inherent fairness test.  The proposed amended contract order and the Proposed ASFFCL apply the facts in the record to the law and produce the analysis to assume the Contract under the inherent fairness test.

**C. The Court and Proposed Amended Contract Order Do Not Ignore MET's Arguments**

MET's objection that the Court and proposed order "ignore MET"s arguments concerning the lack of evidence to satisfy the insider's burden," [ECF 1163 (Obj.) 20:11-12] is meritless because the amended order and Proposed ASFFCL are replete with citations to the record in support of assuming the Contract.

/ / /

/ / /

/ / /

/ / /

14

## XI.    THE STAY OF THE AMENDED ORDERS UPON REMAND

Debtor does not object to MET's separate orders for stay pending appeal.

Dated: July 28, 2026           LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By:    _/s/ John-Patrick M. Fritz_____
RON BENDER
JOHN-PATRICK M. FRITZ
Attorneys for Chapter 11 Debtor in Possession

15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

**A true and correct** copy of the foregoing document **Reply On Plan Findings And Orders** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 28, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 28, 2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the `document is filed.
☐  Service information continued on attached page

**Honorable Barry Russell**
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 28, 2026  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 28, 2026 | J. Klassi | /s/ J. Klassi |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1

- .
- **Todd M Arnold    tma@lnbyg.com**
- **Ron Bender    rb@lnbyg.com**
- **Thomas E Butler    butlert@whiteandwilliams.com,
  sullivann@whiteandwilliams.com;millnamowm@whiteandwilliams.com;panchavatis@whiteandwilliams.com**
- **Robert Carrasco    rmc@lnbyg.com, rmc@lnbyg.com**
- **Oscar Estrada    oestrada@ttc.lacounty.gov**
- **Theodore W Frank    frank@psmlawyers.com,
  knarfdet@gmail.com;navarro@parkermillsllp.com**
- **John-Patrick M Fritz    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com**
- **Michael S Greger    mgreger@allenmatkins.com, kpreston@allenmatkins.com**
- **Brian T Harvey    bharvey@buchalter.com,
  docket@buchalter.com;dbodkin@buchalter.com;pjolley@buchalter.com**
- **Gregory Kent Jones (TR)    gjones@sycr.com,
  smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com**
- **Raffi Khatchadourian    raffi@hemar-rousso.com**
- **Tinho Mang    tmang@marshackhays.com,
  tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com**
- **Ron Maroko    ron.maroko@usdoj.gov**
- **Juliet Y. Oh    jyo@lnbyg.com, jyo@lnbyb.com**
- **Carmela Pagay    ctp@lnbyg.com**
- **Yvonne Ramirez-Browning    yvonne@browninglawgroup.com,
  veronica@browninglawgroup.com**
- **Kurt Ramlo    RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email**
- **Gregory M Salvato    gsalvato@salvatoboufadel.com,
  calendar@salvatolawoffices.com;jboufadel@salvatoboufadel.com;gsalvato@ecf.inforuptcy.com**
- **James R Selth    jselth@yahoo.com,
  jselth@yahoo.com,maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com**
- **Zev Shechtman    Zev.Shechtman@saul.com,
  Zev.Shechtman@ecf.courtdrive.com;hannah.richmond@saul.com;LitigationDocketing@saul.com;Shelly.Guise@saul.com;Isaiah.Bribiesca@saul.com**
- **Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com**
- **Randye B Soref    rsoref@polsinelli.com,
  ccripe@polsinelli.com;ladocketing@polsinelli.com**
- **Heidi J Sorvino    sorvinoh@whiteandwilliams.com,
  millnamowm@whiteandwilliams.com;sullivann@whiteandwilliams.com;panchavatis@whiteandwilliams.com;butlert@whiteandwilliams.com**
- **Alan Stomel    alan.stomel@gmail.com, astomel@yahoo.com**
- **Annie Y Stoops    annie.stoops@afslaw.com, yvonne.li@afslaw.com**
- **Nicole Sullivan    sullivann@whiteandwilliams.com,
  vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com**
- **Derrick Talerico    dtalerico@wztslaw.com,
  maraki@wztlfirm.com,sfritz@wztlfirm.com,admin@wztlfirm.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com**
- **David Wood    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com**
- **Roye Zur    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com**